1 | Fred W. Schwinn (SBN 225575)
  | CONSUMER LAW CENTER, INC.
2 | 12 South First Street, Suite 1014
  | San Jose, California 95113-2418
3 | Telephone Number: (408) 294-6100
  | Facsimile Number: (408) 294-6190
4 | Email Address: fred.schwinn@sjconsumerlaw.com

5 | Attorney for Plaintiff
  | JO ANNE GRAFF

ORIGINAL FILED
08 FEB 12 PM 3:44
RICHARD W. WIEKING

E-FILING

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

JO ANNE GRAFF,

    Plaintiff,

v.

HUNT & HENRIQUES, a general partnership, MICHAEL SCOTT HUNT, individually and in his official capacity, and JANALIE ANN HENRIQUES, individually and in her official capacity,

    Defendants.

Case No. 008-00908 JF PVT

COMPLAINT

DEMAND FOR JURY TRIAL

15 United States Code § 1692 *et seq.*

    Plaintiff, JO ANNE GRAFF (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

    1.    This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

    2.    According to 15 U.S.C. § 1692:

    a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices

-1-
COMPLAINT

        contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b.   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c.   Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d.   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e.   It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

5.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

6.   This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara

1 County.

## V. PARTIES

7. Plaintiff, JO ANNE GRAFF (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

8. Plaintiff is informed and believes, and thereon alleges that Defendant, HUNT & HENRIQUES (hereinafter "H&H"), is or was at all relevant times, a general partnership engaged in the business of collecting debts in this state with its principal place of business located at: 151 Bernal Road, Suite 8, San Jose, California 95119-1306. H&H may be served as follows: Hunt & Henriques, c/o Michael Scott Hunt, General Partner, 151 Bernal Road, Suite 8, San Jose, California 95119-1306 and as follows: Hunt & Henriques, c/o Janalie Ann Henriques, General Partner, 151 Bernal Road, Suite 8, San Jose, California 95119-1306 . The principal business of H&H is the collection of debts using the mails and telephone, and H&H regularly attempts to collect debts alleged to be due another. H&H is a law firm and a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9. Defendant, MICHAEL SCOTT HUNT (hereinafter "HUNT"), is a natural person and licensed attorney in the state of California. HUNT may be served at his current business address at: Michael Scott Hunt, Hunt & Henriques, 151 Bernal Road, Suite 8, San Jose, California 95119-1306. HUNT is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10. Defendant, JANALIE ANN HENRIQUES (hereinafter "HENRIQUES"), is a natural person and licensed attorney in the state of California. HENRIQUES may be served at her current business address at: Janalie Ann Henriques, Hunt & Henriques, 151 Bernal Road, Suite 8, San Jose, California 95119-1306. HENRIQUES is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further

1  qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

12. On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, namely a consumer credit card account issued by CitiBank (South Dakota), N.A., and bearing the account number XXXX-XXXX-XXXX-9621 (hereinafter "the debt"). The financial obligation owed to CitiBank (South Dakota), N.A., by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. Sometime thereafter, on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

14. Thereafter, Defendants sent a collection letter dated February 12, 2007 (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. A true and accurate copy of the collection letter dated February 12, 2007, from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

16. The collection letter dated February 12, 2007 (Exhibit "1") was Defendants' first written notice initially addressed to Plaintiff in connection with collecting the debt owed to CitiBank (South Dakota), N.A.

17. The collection letter dated February 12, 2007 (Exhibit "1"), was mailed in an envelope on which a postage meter imprint dated February 13, 2007, was printed.

18. Plaintiff is informed and believes, and thereon alleges that Defendants deposited the envelope containing the February 12, 2007, collection letter (Exhibit "1") in the United States Mail on or about February 13, 2007.

19. The collection letter dated February 12, 2007 (Exhibit "1") bears a signature believed to be that of Defendant, HENRIQUES.

20. The collection letter dated February 12, 2007 (Exhibit "1") represented or implied that Plaintiff's account had been reviewed by HENRIQUES.

21. Plaintiff is informed and believes, and thereon alleges that HENRIQUES did

-4-
COMPLAINT

1 not conduct a professional review of Plaintiff's account before sending the collection letter dated February 12, 2007 (Exhibit "1") to Plaintiff.  See *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

22. Plaintiff is informed and believes, and thereon alleges that the collection letter dated February 12, 2007 (Exhibit "1") misrepresented the role and involvement of legal counsel.

23. Plaintiff is informed and believes, and thereon alleges that the collection letter dated February 12, 2007 (Exhibit "1") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

24. On or about February 19, 2007, Plaintiff's counsel, Fred W. Schwinn of the Consumer Law Center, Inc., sent a letter to Defendants via facsimile which stated in relevant part:

> Please be advised that the consumer debtor in the matter referenced above has retained the services of the Consumer Law Center, Inc., to assist in the matter of debt relief. The purpose of this letter is two-fold. First, I wish to provide you with written notice in your capacity as a creditor, collection agent, or collection attorney that this consumer debtor, now our client, is in fact and in law **REPRESENTED BY AN ATTORNEY.** As a result of this notice, and pursuant to Section 1692(b)(6) of Title 15 of the United States Code and Section 1788.14(c) of the California Civil Code, you are to immediately terminate any further direct or indirect contacts with our client. Please note that such prohibited contacts include, but are not limited to, all forms of communication by letter, phone, fax, email or any other means. This also includes any contact directly or indirectly with any employer, family member, friend, or other creditor of our client.

25. A true and accurate copy of Plaintiff's counsel's February 19, 2007, representation letter is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

26. A Memory Transmission Report attached as the last page of Exhibit "2" verifies that the 4 page document was transmitted to facsimile machine 362-2229 on February 19, 2007, and that said transmission was completed and that all pages were received and that the Memory Transmission Report was generated which confirmed said transmission and receipt.

27. Plaintiff is informed and believes, and thereon alleges that Defendants had actual knowledge that Plaintiff was represented by an attorney with regard to the debt owed to Citibank (South Dakota), N.A., on February 19, 2007.

28. On or about March 26, 2007, HUNT sent a collection letter to Fred W.

-5-
COMPLAINT

1  Schwinn which acknowledged Plaintiff's Counsel's representation of Plaintiff with regard to the
2  debt owed to Citibank (South Dakota), N.A.

3      29.     A true and accurate copy of the collection letter from HUNT to Plaintiff's
4  Counsel is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

5      30.     The collection letter dated March 26, 2007 (Exhibit "3") bears a signature
6  believed to be that of Defendant, HUNT.

7      31.     The collection letter dated March 26, 2007 (Exhibit "3") represented or
8  implied that Plaintiff's account had been reviewed by HUNT.

9      32.     Plaintiff is informed and believes, and thereon alleges that HUNT did not
10  conduct a professional review of Plaintiff's account before sending the collection letter dated March
11  26, 2007 (Exhibit "3") to Plaintiff's counsel. See *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993)
12  and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

13      33.     Plaintiff is informed and believes, and thereon alleges that the collection letter
14  dated March 26, 2007 (Exhibit "3") misrepresented the role and involvement of legal counsel.

15      34.     Plaintiff is informed and believes, and thereon alleges that the collection letter
16  dated March 26, 2007 (Exhibit "3") misrepresented the true source or nature of the communication
17  thereby making false statements in an attempt to collect a debt.

18      35.     After receiving Plaintiff's counsel's letter notifying Defendants of Plaintiff's
19  representation by an attorney (Exhibit "2"), Defendants continued to communicate directly with
20  Plaintiff in an attempt to collect the debt.

21      36.     Thereafter, Defendants sent a collection letter dated July 13, 2007 (Exhibit
22  "4"), directly to Plaintiff which is a "communication" in an attempt to collect a debt as that term is
23  defined by 15 U.S.C. § 1692a(2).

24      37.     A true and accurate copy of the July 13, 2007, collection letter from
25  Defendants to Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated
26  herein.

27      38.     The collection letter dated July 13, 2007 (Exhibit "4"), was mailed in an
28  envelope on which a postage meter imprint dated July 13, 2007, was printed.

39. Plaintiff is informed and believes, and thereon alleges that Defendants deposited the envelope containing the July 13, 2007, collection letter (Exhibit "4") in the United States Mail on or about July 13, 2007.

40. The collection letter dated July 13, 2007 (Exhibit "4") is unsigned, but bears the names of Defendants, HUNT and HENRIQUES, on the signature line.

41. The collection letter dated July 13, 2007 (Exhibit "4") represented or implied that Plaintiff's account had been reviewed by HUNT and HENRIQUES.

42. Plaintiff is informed and believes, and thereon alleges that neither HUNT nor HENRIQUES conducted a professional review of Plaintiff's account before sending the collection letter dated July 13, 2007 (Exhibit "4") directly to Plaintiff. See *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

43. Plaintiff is informed and believes, and thereon alleges that the collection letter dated July 13, 2007 (Exhibit "4") misrepresented the role and involvement of legal counsel.

44. Plaintiff is informed and believes, and thereon alleges that the collection letter dated July 13, 2007 (Exhibit "4") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

46. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 44 above.

47. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

48. Defendant, H&H, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

49. Defendant, HUNT, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

50. Defendant, HENRIQUES, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

51. The financial obligation owed to CitiBank (South Dakota), N.A., by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

52. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

   a. Defendants continued to communicate directly with Plaintiff in an attempt to collect the debt owed to Citibank (South Dakota), N.A., after they knew that Plaintiff was represented by an attorney with respect to the debt, in violation of 15 U.S.C. § 1692c(a)(2);

   b. Defendants falsely represented or implied that attorney HUNT had reviewed Plaintiff's file when HUNT had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

   c. Defendants falsely represented or implied that attorney HENRIQUES had reviewed Plaintiff's file when HENRIQUES had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

   d. Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10); and

   e. Defendants misrepresented the true source or nature of the collection communications, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).

53. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

54. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(3) and 1692e(10);

c. Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3); and

e. Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
Attorney for Plaintiff
JO ANNE GRAFF

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JO ANNE GRAFF, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

# HUNT & HENRIQUES
ATTORNEYS AT LAW
151 BERNAL ROAD, SUITE 8
SAN JOSE, CALIFORNIA 95119-1306

MICHAEL S. HUNT
JANALIE HENRIQUES

AREA CODE 408
TELEPHONE 362-2270
FACSIMILE 362-2299

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

February 12, 2007

RE:   CITIBANK (SOUTH DAKOTA) N.A.   Account Number: 5466160018089621
       Balance as of February 12, 2007: $6,031.79

Dear JO A GRAFF:

Our client, CITIBANK (SOUTH DAKOTA) N.A., has engaged this law firm to make demand for payment in full on your account referenced above. Your account is in default and has been closed, and formal demand is now being made for the entire outstanding balance. As of the date of this letter, your total debt is $6,031.79. This amount may increase because of interest.

If you want to resolve this matter without a lawsuit, you must pay the outstanding balance stated above to satisfy your account.

Our client considers this to be a serious matter. A legal proceeding is a matter of public record. If a lawsuit is filed, the local court could enter a judgment against you for the entire balance of your account plus, to the extent provided in your account agreement and permitted by law, attorney's fees, court costs and interest. If a judgment is entered against you, it may appear on your credit record for up to seven (7) years and may affect your ability to obtain credit, employment and/or housing.

**Federal law gives you 30 days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute the validity of the debt, or any part of it, within that period, we will assume that the debt is valid. If you dispute the debt, or any part of it, in writing - by mailing a notice to this firm to that effect on or before the 30th day following the date you receive this letter - we will obtain and mail to you proof (verification) of the debt. And if, within the same period, you request in writing the name and address of the original creditor (if different from our client), we will furnish you with that information too. Upon receipt of you written dispute, all efforts to collect this debt will be suspended until we mail any required information to you. Our client will wait until sufficient time has elapsed for this firm to be able to receive a written notice of dispute from you - even if you mail it on the 30th day following the date you receive this letter - before authorizing us to file suit against you to collect this debt.**

*Additional important disclosures continued on reverse...*



EXHIBIT 1

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

---

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP (1-877-382-4357) or www.ftc.gov.

This communication is from a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose.

You may contact us toll free at 1-800-680-2426.

Very truly yours,

Michael S. Hunt
Janalie Henriques
HUNT & HENRIQUES

---

X0700502

HUNT & HENRIQUES
ATTORNEYS AT LAW
151 Bernal Road, Suite 8
San Jose, California 95119-1306

ADDRESS SERVICE REQUESTED

U.S. POSTAGE
$00.39
SAN JOSE, CA 95119
FEB 13 2007 00390 013600
FP0593588 JMC01 001D1EC4

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

94306+2377 0053

**Consumer Law Center, Inc.**
12 South First Street, Suite 416
San Jose, CA 95113-2404
(408) 294-6100
Fax: (408) 294-6190

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: 408-362-2299

To:             Hunt & Henriques
From:           Fred W. Schwinn
Client/Matter:  Jo Anne Graff-5466-1600-1808-9621
Date:           February 19, 2007

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Letter | 2 |
|  |  |
|  |  |

COMMENTS:
Original will NOT follow.

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US
IMMEDIATELY AT (408) 294-6100.



EXHIBIT 2

<div style="text-align:center">

**CONSUMER LAW CENTER, INC.**
12 South First Street, Suite 416
San Jose, CA 95113-2404

</div>

Fred W. Schwinn
fred.schwinn@sjconsumerlaw.com

(408) 294-6100
Fax (408) 294-6190

Via Fax to: 408-362-2299

February 19, 2007

Hunt & Henriques
161 Bernal Road, Suite 8
San Jose, CA 95119-1306

In the Matter of:    Jo Anne Graff
                     210 El Carmelo Avenue
                     Palo Alto, CA 94306-2377

Your Account or File No(s).: 5466-1600-1808-9621

Dear Sir or Madam:

I have attached a copy of your most recent correspondence for your reference. Please be advised that the consumer debtor in the matter referenced above has retained the services of the Consumer Law Center, Inc., to assist in the matter of debt relief. The purpose of this letter is two-fold. First, I wish to provide you with written notice in your capacity as a creditor, collection agent, or collection attorney that this consumer debtor, now our client, is in fact and in law REPRESENTED BY AN ATTORNEY. As a result of this notice, and pursuant to Sections 1692b(6) and 1692c(a)(2) of Title 15 of the United States Code and Section 1788.14(c) of the California Civil Code, you are to immediately terminate any further direct or indirect contacts with our client. Please note that such prohibited contacts include, but are not limited to, all forms of communication by letter, phone, fax, email or any other means. This also includes any contact directly or indirectly with any employer, family member, friend, or other creditor of our client.

Second, this letter is intended to dissuade your firm from filing a lawsuit against our client and reducing the amount that is allegedly owed to a judgment. Should you choose to file a lawsuit against our client in this matter, please be advised that I have reviewed with our client the list of California exemptions provided by the Judicial Counsel of California and I have determined that our client owns no property that could be subject to attachment or levy. Furthermore, our client is disabled and unemployed. Our client is therefore "judgement proof." Should you decide to reduce the amount allegedly owed to a judgment, it will remain uncollectible.

Upon receipt of this letter, any future direct or indirect contacts with our client will result in our office filing a claim against you under the Federal Fair Debt Collection Act, the California Civil Code, and any other available and applicable state or federal laws. If it becomes necessary to file any and all such claims, then please be advised and take due notice that our client will be seeking actual damages, statutory damages, court costs, and our reasonable attorney fees based on our hourly

rate of $ 300.00. You are also hereby placed on notice that if unlawful and illegal conduct persists or is egregious, then our client will also seek an award of punitive damages as may be determined at the discretion of the Court.

Based on the foregoing, any further communications concerning our client and/or the subject debt must be directed to the Consumer Law Center, Inc. Be advised that any request for information will be addressed in a reasonable time period.

Until advised otherwise, you should mark this matter as "disputed." I anticipate your cooperation herein.

Very Truly Yours,

Fred W. Schwinn, Esq.

MEMORY TRANSMISSION REPORT

TIME : 02-19-'07 12:31
FAX NO.1 : 408-294-6190
NAME : Consumer Law Center

| | | |
|---|---|---|
| FILE NO. | : | 103 |
| DATE | : | 02.19 12:26 |
| TO | : | ☎ 3622299 |
| DOCUMENT PAGES | : | 5 |
| START TIME | : | 02.19 12:27 |
| END TIME | : | 02.19 12:31 |
| PAGES SENT | : | 5 |
| STATUS | : | OK |

*** SUCCESSFUL TX NOTICE ***

Consumer Law Center, Inc.
12 South First Street, Suite 416
San Jose, CA 95113-2404
(408) 294-6100
Fax: (408) 294-6190

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: 408-362-2299

To: Hunt & Henriques
From: Fred W. Schwinn
Client/Matter: Jo Anne Graff-5466-1600-1808-9621
Date: February 19, 2007

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Letter | 2 |

COMMENTS:
Original will NOT follow.

*The information contained in this facsimile message is information protected by attorney client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (408) 294-6100.

**HUNT & HENRIQUES**
ATTORNEYS AT LAW
151 BERNAL ROAD, SUITE 8
SAN JOSE, CA 95119-1306

MICHAEL S. HUNT
JANALIE HENRIQUES

AREA CODE 408
TELEPHONE 362-2270
FACSIMILE 362-2299

March 26, 2007

Attn: Fred W. Schwinn, Esq.
Consumer Law Center
12 South First Street, Suite #416
San Jose, CA 95113-2404

**RE: JO A GRAFF**
**CITIBANK(SOUTH DAKOTA)N.A. ACCT NO: 5466160018089621**

Dear Mr. Schwinn:

Your recent correspondence has been forwarded to me for response.

Pursuant to your client's request, I am providing you with the following account documents:

1. Account statements from: 02/28/2006 to 01/31/2007

Please advise within ten days if you are authorized to accept service of process on behalf of Ms. Gresham. If we have not heard from you within ten days of the date of this letter, litigation will proceed and service will be attempted on your client directly.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND ALL INFORMATION OBTAINED WILL BE USED TO COLLECT THE DEBT.

Yours truly,

Michael S. Hunt
HUNT & HENRIQUES

EXHIBIT 3

# HUNT & HENRIQUES
### ATTORNEYS AT LAW
151 BERNAL ROAD, SUITE 8
SAN JOSE, CALIFORNIA 95119-1306

MICHAEL S. HUNT
JANALIE HENRIQUES

AREA CODE 408
TELEPHONE 362-2270
FACSIMILE 362-2299

July 13, 2007

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

Re:   CITIBANK (SOUTH DAKOTA) N.A. v.
      JO A GRAFF
      Case # 107CV084095
      Date of Judgment: July 9, 2007
      Amount of Judgment: $6,251.79

Dear JO A GRAFF,

The court has entered judgment against you and in favor of our client in the amount of $6,251.79. The judgment will remain valid for 10 years from the date it was entered and it can be renewed for an additional period of time. Judgments accrue interest at the rate of 10% per annum. The judgment is a public record and may be reported to the credit reporting companies and may be included on your credit report until the judgment expires.

We are in the process of recording an abstract of judgment which may create a lien on transactions involving real property such as your purchase, refinance or sale of real property. The abstract also remains valid for 10 years.

Now that judgment has been entered, our client has instructed us to attempt to collect the judgment. Wage garnishments and bank levies are legal remedies that we may attempt to use to collect the balance due under the judgment. If we use these remedies, additional costs will be incurred. We may request that the court add the costs to your judgment.

Our client is still willing to settle the debt. Please call us or email us to find out about settlement options. You can telephone us toll free at: 1 (800) 496-5048. Our email address is: Settlements@HuntHenriques.com. We look forward to hearing from you.

This firm is a debt collector and any information obtained may be used for the purpose of collecting the debt.

Very truly yours,

Michael S. Hunt
Janalie Henriques
HUNT & HENRIQUES
Attorneys at Law
X0700502


EXHIBIT 4

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

HUNT & HENRIQUES
ATTORNEYS AT LAW
151 Bernal Road, Suite 8
San Jose, California 95119-1306

ADDRESS SERVICE REQUESTED

U.S. POSTAGE
$00.41
SAN JOSE, CA 95119
JUL 13 2007  00410 042722
FP0593588  JMC01 02F65606

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

9430652377 C053