TOMIO B. NARITA (SBN 156576)
ROBIN M. BOWEN (SBN 230309)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
rbowen@snllp.com

Attorneys for Defendants
Hunt & Henriques, Michael Scott Hunt
and Janalie Ann Henriques

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JO ANNE GRAFF,<br><br>                Plaintiff,<br><br>        vs.<br><br>HUNT & HENRIQUES, a general partnership, MICHAEL SCOTT HUNT, individually and in his official capacity, and JANALIE ANN HENRIQUES, individually and in her official capacity,<br><br>                Defendants. | CASE NO.: C08 00908 JF (PVT)<br><br>**ANSWER** |

1  Defendants HUNT & HENRIQUES ("H&H"), MICHAEL SCOTT HUNT

2  ("Hunt") and JANALIE ANN HENRIQUES ("Henriques"), (collectively,

3  "Defendants") hereby submit the following Answer to the Complaint filed in this

4  action by plaintiff JO ANNE GRAFF ("Plaintiff"):

5  1.    In answering Paragraph 1 of the Complaint, Defendants aver that the

6  contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. is self-

7  explanatory.  Except as herein admitted, the remaining allegations of Paragraph 1 are

8  denied.

9  2.    In answering Paragraph 2 of the Complaint, Defendants aver that the

10  contents of 15 U.S.C. §§ 1692(a) through (e) are self-explanatory.  Except as herein

11  admitted, the remaining allegations of Paragraph 2 are denied.

12  3.    In answering Paragraph 3 of the Complaint, Defendants admit that

13  Plaintiff alleges that jurisdiction of this Court arises under 15 U.S.C § 1692k(d), 28

14  U.S.C. § 1337.  Except as herein admitted, the remaining allegations of Paragraph 3

15  are denied.

16  4.    Denied.

17  5.    In answering Paragraph 5 of the Complaint, Defendants admit that

18  Plaintiff alleges that venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

19  Defendants further admit that they transact business in the Northern District of

20  California.  Except as herein admitted, the remaining allegations of Paragraph 5 are

21  denied.

22  6.    In answering Paragraph 6 of the Complaint, Defendants admit that

23  Plaintiff alleges that this lawsuit should be assigned to the San Jose Division of this

24  Court.  Except as herein admitted, the remaining allegations of Paragraph 6 are

25  denied.

26  7.    In answering Paragraph 7 of the Complaint, Defendants admit, on

27  information and belief, that Plaintiff is a natural person residing in Santa Clara

28  County, California.  Defendants lack sufficient knowledge to form a belief as to

1    whether Plaintiff's financial obligation at issue was incurred primarily for personal,

2    family or household purposes, and therefore can neither admit nor deny whether

3    Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3).  On that

4    basis, Defendants deny the allegations.  Except as herein admitted, the remaining

5    allegations of Paragraph 7 are denied.

6        8.    In answering Paragraph 8 of the complaint, Defendants admit that H&H

7    is a general partnership with a principal place of business located at 151 Bernal

8    Road, Suite 8, San Jose, California 95119-1306 and that it has, at times, acted as a

9    debt collector as defined by 15 U.S.C. § 1692a(6); that it uses the mail and telephone

10   to conduct its business; and that it has, at times, attempted to collect debts that are

11   due to others.  Except as herein admitted, the remaining allegations of Paragraph 8

12   are denied.

13       9.    In answering Paragraph 9 of the Complaint, Defendants admit that Hunt

14   is a natural person and an attorney licensed in the State of California.  Except as

15   herein admitted, the remaining allegations of Paragraph 9 are denied.

16       10.   In answering Paragraph 10 of the Complaint, Defendants admit that

17   Henriques is a natural person and an attorney licensed in the State of California.

18   Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

19       11.   Denied.

20       12.   In answering Paragraph 12 of the Complaint, Defendants admit, on

21   information and belief, that Plaintiff incurred a financial obligation through the use

22   of a credit card account which was issued by Citibank (South Dakota), N.A.  under

23   an account number ending in "9621."  Defendants lack sufficient knowledge to form

24   a belief as to the remaining allegations of Paragraph 12 of the Complaint and on that

25   basis, deny them.

26       13.   Admitted.

27       14.   In answering Paragraph 14 of the Complaint, Defendants admit that

28   H&H sent a letter to Plaintiff dated February 12, 2007, the contents of which are self-

explanatory.  Defendants lack sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use and can neither admit nor deny whether the letter H&H sent qualifies as a "communication" as defined by 15 U.S.C. § 1692a(2).  On that basis, Defendants deny the allegation.  Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15.    In answering Paragraph 15 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated February 12, 2007, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16.    In answering Paragraph 16 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated February 12, 2007, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 16 are denied.

17.    In answering Paragraph 17 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated February 12, 2007, the contents of which are self-explanatory.  Defendants admit, on information and belief, that the postage meter stamp on the envelope containing that letter was dated February 13, 2007.  Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

18.    In answering Paragraph 18 of the Complaint,  Defendants admit that H&H's letter dated February 12, 2007 was deposited in the United States Mail on or about February 13, 2007.  Except as herein admitted the remaining allegations of Paragraph 18 are denied.

19.    In answering Paragraph 19 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated February 12, 2007, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

1      20.     In answering Paragraph 20 of the Complaint, Defendants admit that
2  H&H sent a letter to Plaintiff dated February 12, 2007, the contents of which are self-
3  explanatory.  Except as herein admitted, the remaining allegations of Paragraph 22
4  are denied.

5      21.     Denied.

6      22.     Denied.

7      23.     Denied.

8      24.     In answering Paragraph 24 of the Complaint, Defendants admit that
9  Plaintiff's counsel, Fred W. Schwinn, sent a letter dated February 19, 2007 to H&H
10  via facsimile, the contents of which are self-explanatory.  Except as herein admitted,
11  the remaining allegations of Paragraph 24 are denied.

12      25.     In answering Paragraph 25 of the Complaint, Defendants admit that
13  Plaintiff's counsel, Fred W. Schwinn, sent a letter dated February 19, 2007 to H&H
14  via facsimile, the contents of which are self-explanatory.  Except as herein admitted,
15  the remaining allegations of Paragraph 25 are denied.

16      26.     In answering Paragraph 26 of the Complaint, Defendants admit that
17  Plaintiff's counsel, Fred W. Schwinn, sent a letter dated February 19, 2007 to H&H
18  via facsimile, the contents of which are self-explanatory.  Defendants presently lack
19  sufficient knowledge to form a belief as to whether the facsimile "transmission was
20  completed" and "all pages were received" on February 19, 2007 and on that basis,
21  deny the allegations.  Except as herein admitted, the remaining allegations of
22  Paragraph 26 are denied.

23      27.     In answering Paragraph 27 of the Complaint, Defendants admit that
24  Plaintiff's counsel, Fred W. Schwinn, sent a letter dated February 19, 2007 to H&H
25  via facsimile, the contents of which are self-explanatory.  Except as herein admitted,
26  the remaining allegations of Paragraph 27 are denied.

27      28.     In answering Paragraph 28 of the Complaint, Defendants admit that
28  Hunt sent a letter to Fred W. Schwinn dated March 26, 2007, the contents of which

1  are self-explanatory.  Except as herein admitted, the remaining allegations of
2  Paragraph 28 are denied.

3      29.    In answering Paragraph 29 of the Complaint, Defendants admit that
4  Hunt sent a letter to Fred W. Schwinn dated March 26, 2007, the contents of which
5  are self-explanatory.  Except as herein admitted, the remaining allegations of
6  Paragraph 29 are denied.

7      30.    In answering Paragraph 30 of the Complaint, Defendants admit that
8  Hunt sent a letter to Fred W. Schwinn dated March 26, 2007, the contents of which
9  are self-explanatory.  Except as herein admitted, the remaining allegations of
10  Paragraph 30 are denied.

11      31.    In answering Paragraph 31 of the Complaint, Defendants admit that
12  Hunt sent a letter to Fred W. Schwinn dated March 26, 2007, the contents of which
13  are self-explanatory.  Except as herein admitted, the remaining allegations of
14  Paragraph 31 are denied.

15      32.    Denied.
16      33.    Denied.
17      34.    Denied.
18      35.    Denied.

19      36.    In answering Paragraph 36 of the Complaint, Defendants admit that
20  H&H sent a letter to Plaintiff dated July 13, 2007, the contents of which are self-
21  explanatory.  Defendants lack sufficient knowledge to form a belief as to whether the
22  financial obligation at issue was incurred primarily for personal, family or household
23  use and can neither admit nor deny whether the letter H&H sent qualifies as a
24  "communication" as defined by 15 U.S.C. § 1692a(2).  On that basis, Defendants
25  deny the allegation.    Except as herein admitted, the remaining allegations of
26  Paragraph 36 are denied.

27      37.    In answering Paragraph 37 of the Complaint, Defendants admit that
28  H&H sent a letter to Plaintiff dated July 13, 2007, the contents of which are self-

explanatory.  Except as herein admitted, the remaining allegations of Paragraph 37 are denied.

38.    In answering Paragraph 38 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated July 13, 2007, the contents of which are self-explanatory.  Defendants admit, on information and belief, that the postage meter stamp on the envelope containing that letter was dated July 13, 2007.  Except as herein admitted, the remaining allegations of Paragraph 38 are denied.

39.    In answering Paragraph 39 of the Complaint,  Defendants admit that H&H's letter dated July 13, 2007 was deposited in the United States Mail on or about July 13, 2007.  Except as herein admitted the remaining allegations of Paragraph 39 are denied.

40.    In answering Paragraph 40 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated July 13, 2007, the contents of which are self-explanatory.   Except as herein admitted the remaining allegations of Paragraph 40 are denied.

41.    In answering Paragraph 41 of the Complaint, Defendants admit that H&H sent a letter to Plaintiff dated July 13, 2007, the contents of which are self-explanatory.   Except as herein admitted the remaining allegations of Paragraph 41 are denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    In answering Paragraph 45 of the Complaint, Defendants admit that Plaintiff purports to bring her first claim for relief pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.  Except as herein admitted, the remaining allegations of Paragraph 45 are denied.

46.    Defendants incorporate by reference paragraphs 1 through 45 above as if fully stated herein.

47.     In answering Paragraph 47 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) and on that basis, deny the allegations.  Except as herein admitted, the remaining allegations of Paragraph 47 are denied.

48.     In answering Paragraph 48 of the Complaint, Defendants admit that H&H has, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692s(6). Except as herein admitted, the remaining allegations of Paragraph 48 are denied.

49.     Denied.

50.     Denied.

51.     In answering Paragraph 51 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5) and on that basis, deny the allegation.  Except as herein admitted, the remaining allegations of Paragraph 51 are denied.

52.     Denied.

53.     Denied.

54.     Denied.

//

//

//

//

//

//

//

# AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (No Wilful Conduct)

Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendants.

## SEVENTH  AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the debt.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE

### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants.  The liability, if any exists, of all Defendants and/or any responsible parties, named or unnamed, should be

1  apportioned according to their relative degrees of fault, and the liability of these
2  Defendants should be reduced accordingly.

3

4  **TENTH AFFIRMATIVE DEFENSE**
5  **(Supervening Cause)**

6   The causes of action in the Complaint are barred, in whole or in part, to the
7  extent that any injury or loss sustained was caused by intervening or supervening
8  events over which Defendant had or have no control.

9

10  **ELEVENTH AFFIRMATIVE DEFENSE**
11  **(Equitable Indemnity)**

12   To the extent that Plaintiff has suffered any damage as a result of any alleged
13  act or omission of Defendants, which Defendants deny, Defendants are entitled to
14  equitable indemnity according to comparative fault from other persons and/or entities
15  causing or contributing to such damages, if any.

16

17  **TWELFTH AFFIRMATIVE DEFENSE**
18  **(Setoff)**

19   To the extent that Plaintiff has suffered any damage as a result of any alleged
20  act or omission of Defendants, which Defendants deny, Defendants are, on
21  information and belief, entitled to a setoff in the amount Plaintiff owes on her unpaid
22  account, including any recoverable interest and attorneys' fees.

23

24  **THIRTEENTH AFFIRMATIVE DEFENSE**
25  **(No Communications)**

26   Any alleged communication that was made to Plaintiff's counsel is not
27  actionable under the FDCPA.

28

1

2

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

3          Defendants' alleged conduct and communications in attempting to collect a

4    debt is entitled to protection under the First Amendment of the Constitution of the

5    United States.  Plaintiff's proposed interpretation of the provisions of the FDCPA

6    must be rejected as they would place an unreasonable restraint upon the exercise of

7    Defendants' rights, thereby raising serious constitutional issues.

8

9

10          WHEREFORE, Defendants request judgment as follows:

11          1.    That Plaintiff take nothing by the Complaint, which should be dismissed

12    with prejudice.

13          2.    That Defendants recover from Plaintiff costs according to proof.

14          3.    That Defendants recover attorneys' fees according to proof.

15          4.    That the Court orders such other further reasonable relief as the Court may

16    deem just and proper.

17

18    DATED: April 5, 2008              SIMMONDS & NARITA LLP

19                                      TOMIO B. NARITA
                                        ROBIN M. BOWEN

20

21

22                          By:    /s/  Tomio B. Narita
                                   _____
23                                 Tomio B. Narita
                                   Attorneys for Defendants
24                                 Hunt & Henriques, Michael Scott Hunt
                                   and Janalie Ann Henriques

25

26

27

28