Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
JO ANNE GRAFF

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JO ANNE GRAFF,<br><br>             Plaintiff,<br><br>v.<br><br>HUNT & HENRIQUES, a general partnership, MICHAEL SCOTT HUNT, individually and in his official capacity, and JANALIE ANNE HENRIQUES, individually and in her official capacity,<br><br>             Defendants. | Case No.  C08-00908-JF-PVT<br><br>**JOINT CASE MANAGEMENT STATEMENT AND FEDERAL RULE OF CIVIL PROCEDURE 26(f) DISCOVERY PLAN**<br><br>Date:         June 13, 2008<br>Time:        10:30 a.m.<br>Judge:       Honorable Jeremy Fogel<br>Courtroom: 3, 5th Floor<br>Place:        280 South First Street<br>                  San Jose, California |

The parties in the above-entitled action hereby submit this Joint Case Management Statement and Federal Rule of Civil Procedure 26(f) Discovery Plan for the initial case management conference to be conducted in this matter on June 13, 2008, at 10:30 a.m. The parties jointly request that the Court enter a Case Management Order in this case, based on the parties discovery plan outlined in this document, without a Case Management Conference.

**1.    Jurisdiction and Service**

The basis for the Court's subject matter jurisdiction is federal question jurisdiction. No parties remain to be served.

**2.    Statement of Facts**

**a.    Plaintiff's Statement**

This case is brought by an individual consumer to address Defendants' violations of the Fair

-1-

1  Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The violations stem
2  from Defendants' communications attempting to collect a consumer debt from Plaintiff.
3  Correspondence between the parties has been attached to the Complaint as exhibits.

4  Generally, Plaintiff is a consumer who owes a financial obligation which was assigned or
5  otherwise transferred to Defendants for collection from Plaintiff. Thereafter, Defendants began a
6  debt collection campaign using collection letters. After receiving Defendants' initial collection
7  letter, Plaintiff's counsel sent a letter of representation to Defendants. After receiving Plaintiff's
8  counsel's representation letter, and acknowledging said receipt by sending a subsequent collection
9  letter to Plaintiff's counsel, Defendants continued to communicate with Plaintiff in an attempt to
10 collect the debt through the use of a collection letter sent directly to Plaintiff.

11 **b.    Defendants' Statement**

12 Defendants deny that they have violated the law. They have filed an Answer which details
13 their denials and affirmative defenses. Significantly, Defendants communicated directly with
14 Plaintiff's present counsel, Fred Schwinn, concerning the debt, but Mr. Schwinn failed to respond
15 to that communication within a reasonable time. After Mr. Schwinn failed to respond, Defendants
16 were justified in attempting to contact Plaintiff directly. Thus, Mr. Schwinn is a material witness
17 in this case in support of the Defendants. A threshold issue in this case is whether Mr. Schwinn can
18 continue to represent plaintiff under these circumstances.

19 **3.    Legal Issues**

20 The principal legal issues which the parties dispute:

21     1.    Whether Defendants continued to communicate directly with Plaintiff
22         regarding the collection of the debt owed to Citibank (South Dakota), N.A.,
23         after they knew that Plaintiff was represented by an attorney with respect to
24         the debt, in violation of 15 U.S.C. § 1692c(a)(2);

25     2.    Whether Defendants falsely represented or implied that attorney HUNT had
26         reviewed Plaintiff's file when HUNT had not done so, in violation of 15
27         U.S.C. §§ 1692e(3) and 1692e(10);

28     3.    Whether Defendants falsely represented or implied that attorney

-2-

HENRIQUES had reviewed Plaintiff's file when HENRIQUES had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

4. Whether Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

5. Whether Defendants misrepresented the true source or nature of the collection communications, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

6. Whether Mr. Schwinn failed to respond to Defendants' communications concerning the debt within a reasonable time;

7. Whether Mr. Schwinn can continue to represent Plaintiff in this case when he is a material witness for the defense; and

8. Whether Plaintiff's alleged claims are have legal or factual support and whether they are barred by the affirmative defenses asserted by Defendants.

**4.    Motions**

There are no motions pending at this time. Plaintiff will file a motion or motions for summary judgment or partial summary judgment. Defendants will likely file a motion to disqualify Mr. Schwinn as counsel in this action. Defendants also plan to file a motion for summary judgment or partial summary judgment.

**5.    Amendment of Pleadings**

At this time, Plaintiff does not anticipate amending the Complaint. Plaintiff reserves the right to seek leave of the Court to file an amended Complaint should Plaintiff discover additional facts or claims. Defendants request that the Court establish a deadline of 30 days after the date of the Case Management Conference for any party to add claims or new parties.

**6.    Evidence Preservation**

Plaintiff will propose a protective order to govern production of confidential material in the litigation.

Defendants have directed its relevant employees to preserve all documents, in paper or electronic form, related to the subject matter if this case.

**7.   Disclosures**

    **a.   Plaintiff's Statement**

Plaintiff served formal written disclosures on May 23, 2008, as required by Fed. R. Civ. P. 26(a)(1).

    **b.   Defendants' Statement**

Defendants' served their initial disclosures on May 23, 2008.

**8.   Discovery**

**Plaintiff's Discovery:**  Plaintiff will serve Interrogatories, Requests for Production of Documents and Requests for Admission shortly. At this time and without the benefit of Defendants' initial disclosures, Plaintiff anticipates that she may require up to 10 depositions in this matter.

**Defendants' Discovery:**

Defendants will conduct all written discovery and depositions discovery pursuant to the Federal Rules of Civil Procedure.

**9.   Class Actions**

This case is not a class action. Plaintiff reserves the right to seek leave of the Court to file an amended Complaint containing class allegations.

**10.   Related Cases**

The parties are not aware of any related cases at this time.

**11.   Relief**

    **a.   Plaintiff's Statement**

Plaintiff requests that this Court:

    a.   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(3), and 1692e(10);

    b.   Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.   Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3); and

    d.   Award Plaintiff such other and further relief as may be just and proper.

      **b.**    **Defendants' Statement**

Defendants will ask that the Court enter judgment for Defendants on all claims. Defendants reserve the right to seek appropriate sanctions, including an award of the costs and attorneys' fees they have incurred in this action.

**12.**    **Settlement and ADR**

On May 22, 2008, the parties filed a <u>Notice of Need for ADR Phone Conference</u>.

**13.**    **Consent to Magistrate Judge for All Purposes**

Parties have not consented to proceed before a Magistrate Judge for all purposes.

**14.**    **Other References**

None at this time.

**15.**    **Narrowing of Issues**

The Parties anticipate that resolution of motions may narrow the issues for determination.

**16.**    **Expedited Schedule**

The parties do not believe that an expedited schedule is necessary.

**17.**    **Scheduling**

| | |
|---|---|
| Initial Case Management Conference | June 13, 2008 |
| Close of Fact Discovery | December 31, 2008 |
| Fed. R. Civ. P. 26(a)(3) Disclosures | January 14, 2009 |
| Last Day to File Dispositive Motions | February 4, 2009 |
| Opposition to Dispositive Motions | February 18, 2009 |
| Replies to Dispositive Motions | February 25, 2009 |
| Hearing on Dispositive Motions | March 19, 2009, at 9:00 a.m. |
| Final Pre-Trial Conference | March 26, 2009, at 11:00 a.m. |
| Trial | April 16, 2009, at 9:00 a.m. |

**18.**    **Trial**

The parties anticipate that the action can be ready for trial in April 2009.

Estimated length of trial is 2-3 days.

///

**19.    Disclosure of Non-Party Interested Entities or Persons**

    **a.    Plaintiff's Statement**

Pursuant to Civil L.R. 3-16, Plaintiff states, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

    i.    Jo Anne Graff, an individual residing in Palo Alto, California.

    **b.    Defendants' Statement**

Pursuant to Civil L.R. 3-16, the Defendants state that on information and belief, other than the named parties, no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

**20.    Other Matters**

None at this time.

Dated: May 23, 2008

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
Attorney for Plaintiff
JO ANNE GRAFF

Dated: May 23, 2008

/s/ Tomio B. Narita
Tomio B. Narita, Esq.
Attorney for Defendants
HUNT & HENRIQUES, MICHAEL SCOTT HUNT and JANALIE ANN HENRIQUES