1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   JO ANNE GRAFF
6

7

8              IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                        SAN JOSE DIVISION

10
   JO ANNE GRAFF,                          Case No.  C08-00908-JF-PVT
11
                        Plaintiff,
12                                         MOTION FOR PARTIAL SUMMARY
   v.                                      JUDGMENT AGAINST DEFENDANT,
13                                         HUNT & HENRIQUES
   HUNT & HENRIQUES, a general partnership,
14 MICHAEL SCOTT HUNT, individually and    Date:        August 15, 2008
   in his official capacity, and JANALIE ANN  Time:        9:00 a.m.
15 HENRIQUES, individually and in her official  Judge:       Honorable Jeremy Fogel
   capacity,,                              Courtroom:   Courtroom 3, 5th Floor
16                                         Place:       280 South First Street
                        Defendants.                     San Jose, California
17

18         COMES NOW the Plaintiff, JO ANNE GRAFF, by and through her attorney Fred W.

19 Schwinn of the Consumer Law Center, Inc., and pursuant to Fed. R. Civ. P. 56 and Civil L.R. 7-2,

20 hereby moves this Court for an Order: 1) declaring that the collection activities of  Defendant,

21 HUNT & HENRIQUES, violated the Fair Debt Collection Practices Act,  15 U.S.C. § 1692c(a)(2);

22 2) awarding Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C.

23 § 1692k(a)(2)(A); 3) awarding Plaintiff the costs of this action and reasonable attorneys fees

24 pursuant to 15 U.S.C. § 1692k(a)(3);  and 4) awarding Plaintiff such other and further relief as may

25 be just and proper..  In support of her Motion, Plaintiff states as follows:

26         1.    No material issues of fact are in dispute concerning Defendants' liability,

27 therefore, Plaintiff is entitled to summary judgment as a matter of law.

28         2.    Plaintiff further refers the Court to her Memorandum of Points and

1  Authorities in Support filed simultaneously herewith.

2

3                                        CONSUMER LAW CENTER, INC.

4

5                                   By: /s/ Fred W. Schwinn
                                        Fred W. Schwinn, Esq.
6                                        Attorney for Plaintiff
                                        JO ANNE GRAFF

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   JO ANNE GRAFF
6

7

8              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                       SAN JOSE DIVISION

10 JO ANNE GRAFF,                          Case No.  C08-00908-JF-PVT

11                        Plaintiff,

12 v.                                      **NOTICE OF MOTION FOR
                                           PARTIAL SUMMARY JUDGMENT
13 HUNT & HENRIQUES, a general partnership, AGAINST DEFENDANT, HUNT &
   MICHAEL SCOTT HUNT, individually and in HENRIQUES**
14 his official capacity, and JANALIE ANN
   HENRIQUES, individually and in her official Date:      August 15, 2008
15 capacity,                               Time:      9:00 a.m.
                                           Judge:     Honorable Jeremy Fogel
16                        Defendants.      Courtroom: Courtroom 3, 5th Floor
                                           Place:     280 South First Street
17                                                    San Jose, California

18 TO:  ALL DEFENDANTS AND THEIR COUNSEL OF RECORD:

19         PLEASE TAKE NOTICE that on August 15, 2008, at 9:00 a.m., or as soon thereafter as this

20 matter may be heard, in Courtroom 3 of the United States District Court located at 280 South First

21 Street, San Jose, California, before the Honorable Jeremy Fogel, United States District Judge,

22 Plaintiff, JO ANNE GRAFF ("Movant"), will move the Court for an Order: 1) declaring that the

23 collection activities of Defendant, HUNT & HENRIQUES, violated the Fair Debt Collection

24 Practices Act,  15 U.S.C. § 1692c(a)(2);  2) awarding Plaintiff statutory damages in an amount not

25 exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); 3) awarding Plaintiff the costs of this

26 action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3);  and 4) awarding Plaintiff

27 such other and further relief as may be just and proper.

28         This motion is made pursuant to Fed. R. Civ. P. 56 and Civil L.R. 7-2 on the grounds that
                                           -1-

1   there no material issues of fact in dispute concerning Defendant's liability, therefore, Movant is

2   entitled to summary judgment as a matter of law.

3          This motion is based on this Notice, the Motion for Partial Summary Judgment Against

4   Defendant, Hunt & Henriques, the Memorandum of Points and Authorities in Support of Motion for

5   Partial Summary Judgment Against Defendant, Hunt & Henriques, the Declaration of Jo Anne Graff

6   in Support of Motion for Partial Summary Judgment Against Defendant, Hunt & Henriques, and

7   such other evidence, argument, and authorities which may be presented at or prior to the hearing

8   before this Court on this Motion, and such other and further matters of which this Court may take

9   judicial notice.

10         Please govern yourself accordingly.

11

12                                              CONSUMER LAW CENTER, INC.

13

14   Dated: June 6, 2008                        By: /s/ Fred W. Schwinn
                                                    Fred W. Schwinn, Esq.
15                                                  Attorney for Plaintiff
                                                    JO ANNE GRAFF
16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT          Case No.  C08-00908-JF-PVT

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   JO ANNE GRAFF

6

7

8          **IN THE UNITED STATES DISTRICT COURT**
           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                    **SAN JOSE DIVISION**

10  JO ANNE GRAFF,                                    Case No.  C08-00908-JF-PVT

11                           Plaintiff,

12  v.                                                **MEMORANDUM OF POINTS AND**
                                                      **AUTHORITIES IN SUPPORT OF**
13  HUNT & HENRIQUES, a general partnership,          **MOTION FOR PARTIAL SUMMARY**
    MICHAEL SCOTT HUNT, individually and              **JUDGMENT AGAINST DEFENDANT,**
14  in his official capacity, and JANALIE ANN         **HUNT & HENRIQUES**
    HENRIQUES, individually and in her official
15  capacity,                                         Date:        August 15, 2008
                                                      Time:        9:00 a.m.
16                           Defendants.              Judge:       Honorable Jeremy Fogel
                                                      Courtroom:   Courtroom 3, 5th Floor
17                                                    Place:       280 South First Street
                                                                   San Jose, California
18
            COMES NOW the Plaintiff, JO ANNE GRAFF, by and through her attorney Fred W.
19
    Schwinn of the Consumer Law Center, Inc., and hereby submits her Memorandum of Points and
20
    Authorities in Support of Motion for Partial Summary Judgment filed herein.
21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES                          Case No.  C08-00908-JF-PVT

1

# TABLE OF CONTENTS

2  TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

3  TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

4  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5  PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6  FACTS OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

7  STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8  SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

9  STATEMENT OF QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10 ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11          A.    THE "LEAST SOPHISTICATED CONSUMER" STANDARD IS USED
                TO ANALYZE VIOLATIONS OF THE FDCPA  . . . . . . . . . . . . . . . . . . . . . . 5
12
13          B.    UNDER THE STRICT LIABILITY STANDARD OF THE FDCPA,
                PLAINTIFF HAS PLED NUMEROUS VIOLATIONS OF THE ACT, AS
                SEEN FROM THE PERSPECTIVE OF THE "LEAST SOPHISTICATED
14              CONSUMER" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15                1.    DEFENDANT H&H CONTINUED TO COMMUNICATE
                       DIRECTLY WITH PLAINTIFF IN AN ATTEMPT TO COLLECT
16                     THE DEBT DESPITE KNOWING THAT PLAINTIFF WAS
                       REPRESENTED BY AN ATTORNEY, IN VIOLATION OF 15
17                     U.S.C. § 1692c(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18          C.    THIS COURT SHOULD AWARD PLAINTIFF THE MAXIMUM
                STATUTORY DAMAGE AMOUNT OF $1,000 UNDER THE FDCPA . . . . . . 9
19
            D.    PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES AND
20              COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

21 CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

<u>CASES</u>

3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986). . . . 3, 4

4

*Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

5

*Baker v. G.C. Services*, 677 F.2d 775 (9th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8

6

*Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993) . . . . . . . . . . . . . . . . . . . 6, 8

7

*Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . 4

8

*Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

9

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). . . . . . . . . . . 4

10

*Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

11

*De Coito v. Unifund Corp.*, 2004 U.S. Dist. LEXIS 23729 (D. Haw. January 4, 2004) . . . . . . . . 7

12

*EEOC v. Farmer Bros. Co.*, 31 F.3d 891 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

13

*Goins v. JBC & Associates, P.C.*, 352 F. Supp. 2d 262 (D. Conn. 2005) . . . . . . . . . . . . . . . . . . 9

14

*Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15

*Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031 (W.D. Wis. 2002) . . . . . . 8

16

*Herbert v. Monterey Financial Services*, 863 F. Supp. 76 (D. Conn. 1994) . . . . . . . . . . . . . . . . 9

17

*Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18

19

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

20

*Perez v. Perkiss*, 742 F. Supp. 883 (D. Del. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

21

*Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

22

*Pipiles v. Credit Bureau*, Inc., 886 F.2d 22 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

23

*Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997) . . . . . . . . . . 8

24

*Rieber v. Kovelman (In re Kovelman),* 1995 U.S. App. LEXIS 8487
(9th Cir. April 6, 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

25

*Riveria v. MAB Collections*, 682 F. Supp. 174 (W.D.N.Y. 1988). . . . . . . . . . . . . . . . . . . . . . . 6, 9

26

*Romine v. Diversified Collection Servs.*, 155 F.3d 1142 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . 7

27

28

1    *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

2    *Schneider v. TRW, Inc.,* 938 F.3d 986 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

3    *Stockton Wire Products, Inc. v. K-Lath Corp.,* 440 F.2d 782 (9th Cir. 1971). . . . . . . . . . . . . . . . 3

4    *Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319 (E.D. Mich. 1992) . . . . . . . . . . . . 6

5    *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222 (9th Cir. 1988) . . . . . . . . . . . . . . . . . 6

6    *Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997) . . . . . . . . . . . . 6, 8

7    *Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8    *Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

9    *Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100 (D. Conn. Sept. 15, 1989) . . . . . . . . . . . . . 8

10   *Turner v. Cook*, 362 F.3d 1219 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

11   *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n,*
     809 F.2d 626 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
12
     *United States. v. National Financial Services*, 98 F.3d 131 (4th Cir. 1996) . . . . . . . . . . . . . . . . 6
13
     *United States v. Trans Continental Affiliates,*
14   1997 U.S. Dist. LEXIS 388 (N.D. Cal. January 8, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15   *Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

16   *Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . 10

17
                                         **STATUTES**
18
     15 U.S.C. § 1692(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7
19
     15 U.S.C. § 1692d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
20
     15 U.S.C. § 1692c(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
21
     15 U.S.C. § 1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
22
     15 U.S.C. § 1692f . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
23
     15 U.S.C. § 1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
24

25                                        **RULES**

26   Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

27   Fed. R. Civ. P. 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28

# I. INTRODUCTION

This case was brought by JO ANNE GRAFF (hereinafter "Plaintiff") against a debt collection law firm, HUNT & HENRIQUES, (hereinafter "H&H") and two of its partner attorneys, MICHAEL SCOTT HUNT, (hereinafter "HUNT") and JANALIE ANN HENRIQUES (hereinafter "HENRIQUES"), (hereinafter collectively referred to as "Defendants").  Plaintiff alleges various violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff seeks statutory damages, attorney fees and costs under the FDCPA.

This case arises out of communications sent from Defendants to Plaintiff in an attempt to collect a consumer debt.  The debt being collected was used for personal, family or household purposes.  In her complaint, Plaintiff alleges, among other claims, that Defendants continued to communicate directly with Plaintiff in an attempt to collect the debt after they knew that Plaintiff was represented by an attorney with respect to the debt being collected.  Plaintiff hereby moves for partial summary judgment on this claim for violation of 15 U.S.C. § 1692c(a)(2).

# II. PROCEDURAL HISTORY

On February 12, 2008, Plaintiff filed a Complaint in this action against Defendants.[1] Thereafter, Defendants filed their Answer on April 5, 2008.[2]  On June 5, 2008, Plaintiff's Motion for Partial Summary Judgment was filed herein.  This Memorandum of Points and Authorities is submitted in support thereof.

# III. FACTS OF THE CASE

Plaintiff, JO ANNE GRAFF, is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).[3]

Defendant, HUNT & HENRIQUES, is a general partnership engaged in the business of collecting

---

[1]  Doc. 1.

[2]  Doc. 4.

[3]  <u>Complaint</u> (Doc. 1) ¶¶ 7 and 47; <u>Declaration of Jo Anne Graff in Support of Motion for Summary Judgment</u> (hereinafter "<u>Graff Declaration</u>") ¶¶ 3 and 4.

1    consumer debts.[4]

2        On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation for personal,

3    family or household purposes, namely a consumer credit card account issued by CitiBank (South

4    Dakota), N.A., which is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).[5]

5    Sometime thereafter, the debt was sold, assigned or otherwise transferred to Defendants for

6    collection from Plaintiff.[6]

7        Thereafter, Defendants sent a collection letter to Plaintiff which was dated February 12,

8    2007.[7] This was Defendants' first written notice initially addressed to Plaintiff in connection with

9    collecting the debt owed to CitiBank (South Dakota), N.A.[8]

10        On or about February 19, 2007, Plaintiff's counsel, Fred W. Schwinn of the Consumer Law

11    Center, Inc., sent a letter to Defendants via facsimile which stated in relevant part:

12        Please be advised that the consumer debtor in the matter referenced above has
       retained the services of the Consumer Law Cente,r Inc., to assist in the matter of debt
13        relief. The purpose of this letter is two-fold. First, I wish to provide you with
       written notice in your capacity as a creditor, collection agent, or collection attorney
14        that this consumer debtor, now our client, is in fact and in law **REPRESENTED BY
       AN ATTORNEY.** As a result of this notice, and pursuant to Section 1692(b)(6) of
15        Title 15 of the United State Code and Section 1788.14(c) of the California Civil
       Code, you are to immediately terminate any further direct or indirect contacts with
16        our client. Please note that such prohibited contacts include, but are not limited to,
       all forms of communication by letter, phone, fax, email or any other means. This
17        also includes any contact directly or indirectly with any employer, family member,
       friend, or other creditor of our client.[9]

18

19        Thereafter on March 26, 2007, Defendant, HUNT, sent a collection letter to Fred W.

20

21        [4] Complaint (Doc. 1) ¶¶ 8 and 48; Answer (Doc. 4) ¶¶ 8 and 48.

22        [5] Graff Declaration ¶ 4.

23        [6] Complaint (Doc. 1) ¶ 13; Answer (Doc. 4) ¶ 13; Graff Declaration ¶ 5.

24        [7] Complaint (Doc. 1) ¶ 14; Answer (Doc. 4) ¶ 14; Graff Declaration ¶ 6.

25        [8] Complaint (Doc. 1) ¶ 16; Answer (Doc. 4) ¶ 16; Graff Declaration ¶ 7.

26
       [9] Complaint (Doc. 1) ¶ 24; Answer (Doc. 4) ¶ 24; Graff Declaration ¶¶ 8, 9 and 10;
27    Declaration of Fred W. Schwinn in Support of Motion for Summary Judgment (hereinafter
       "Schwinn Declaration") ¶ 3.
28

MEMORANDUM OF POINTS AND AUTHORITIES  -2-         Case No. C08-00908-JF-PVT

1  Schwinn which acknowledged Plaintiff's Counsel's representation of Plaintiff with regard to the

2  debt owed to CitiBank (South Dakota), N.A.[10]    However, despite the fact that Defendants

3  acknowledged Plaintiff's counsel, they continued to communicate directly with Plaintiff in an

4  attempt to collect the debt.  On or about July 13, 2007, Defendants sent a collection letter directly

5  to Plaintiff in an attempt to collect the debt owed to CitiBank (South Dakota), N.A.[11]

6                          **IV.  STANDARD OF REVIEW**

7          The standard of review for a motion for summary judgment is that the moving party is

8  entitled to summary judgment when the evidence shows that there is no genuine issue of material

9  fact, and that the moving party is entitled to judgment as a matter of law.[12]    The Court must

10  determine "whether there is the need for a trial–whether, in other words, there are any genuine

11  factual issues that properly can be resolved only by a finder of fact because they may reasonably be

12  resolved in favor of either party."[13]  "Only disputes over facts that might affect the outcome of the

13  suit under governing law will . . . preclude summary judgment."[14]  When the record taken as a whole

14  would not persuade a rational trier of fact to find for the nonmoving party, there is no genuine issue

15  for trial.[15]    In some cases, the evidence of the opposing party is so weak as to "fail[] to raise a

16  material issue of fact.[16]

17

18          [10] <u>Complaint</u> (Doc. 1) ¶¶ 28, 30 and 31; <u>Answer</u> (Doc. 4) ¶¶ 28, 30 and 31; <u>Graff Declaration</u>

19  ¶¶ 12 and 13; <u>Schwinn Declaration</u> ¶ 4.

20          [11] <u>Complaint</u> (Doc. 1) ¶¶ 36 and 40; <u>Answer</u> (Doc. 4) ¶¶ 36 and 40; <u>Graff Declaration</u> ¶¶ 14

21  and 15..

22          [12] Fed. R. Civ. P. 56(c); *Stockton Wire Products, Inc. v. K-Lath Corp.,* 440 F.2d 782 (9th Cir.

    1971).

23          [13] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L. Ed. 2d

24  202, 212 (1986).

25          [14] *Id*. at 248.

26          [15] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348,

27  1356, 89 L. Ed. 2d 538 (1986).

28          [16] *EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 906 (9th Cir. 1994).

1    The movant must carry this burden of "identifying those parts of the record that indicate the

2  absence of a genuine issue of material fact."[17]  Once this burden is met, the non-movant is required

3  to "come forward with specific facts showing that there is a genuine issue for trial" as to elements

4  essential to the non-movant's claim.[18]  The non-movant must show more than "some metaphysical

5  doubt as to the material facts;"[19] he or she must "set forth specific facts showing that there is a

6  genuine issue for trial." [20]

7    The Court must resolve all disputed facts and weigh all evidence "in the light most favorable

8  to the nonmoving party."[21]  However, the nonmoving party may not rely upon mere allegations or

9  denials contained in its pleadings or briefs, but must come forward with specific facts showing the

10  presence of a genuine issue for trial.[22]  As noted above, the requirement that a "genuine" issue of fact

11  must be present has been interpreted to mean that the evidence is such that a reasonable trier of fact

12  could return a verdict for the nonmoving party.[23]  Summary judgment is more than a "disfavored

13  procedural shortcut," it is an important procedure "designed to 'secure the just, speedy and

14  inexpensive determination of every action.' Fed. R. Civ. P. 1."[24]  One of the principal purposes of

15  the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and

16  the rule should be interpreted in a way that allows it to accomplish this purpose.[25]

---

18    [17] *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1048 (9th Cir. 1995).

19    [18] *Schneider v. TRW, Inc.,* 938 F.3d 986, 991 (9th Cir. 1990).

20    [19] *Matsushita Elec. Indus. Co.,* 475 U.S. at 586

21    [20] Fed. R. Civ. P. 56(e).

22    [21] *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n,* 809 F.2d 626, 630-31
23  (9th Cir. 1987).

24    [22] *Rieber v. Kovelman (In re Kovelman),* 1995 U.S. App. LEXIS 8487 at *2 (9th Cir. April
25  6, 1995).

26    [23] *Anderson*, 477 U.S. at 248

27    [24] *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

28    [25] *Id.*, at 323-324.

---

**V. SUMMARY OF ARGUMENT**

A.    The "Least Sophisticated Consumer" Standard Is Used to Analyze Violations of the FDCPA.

B.    Under the Strict Liability Standard of the FDCPA, Plaintiff Has Pled Numerous Violations of the Act, as Seen from the Perspective of the "Least Sophisticated Consumer."

C.    Defendant, H&H, Continued to Communicate Directly with Plaintiff in an Attempt to Collect the Debt Despite Knowing That Plaintiff Was Represented by an Attorney, in Violation of 15 U.S.C. § 1692c(a)(2).

D.    This Court Should Award Plaintiff the Maximum Statutory Damage Amount of $1,000 Under the FDCPA.

E.    Plaintiff Has a Statutory Right to Attorney's Fees and Costs.

**VI. STATEMENT OF QUESTIONS PRESENTED**

Have Defendants violated the Fair Debt Collection Practices Act? If so, what is the amount of statutory damages that should be awarded to Plaintiff?

**VII. ARGUMENT**

**A.    THE "LEAST SOPHISTICATED CONSUMER" STANDARD IS USED TO ANALYZE VIOLATIONS OF THE FDCPA**

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors."[26] The statute is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt.[27] The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.[28] The FDCPA also requires the debt collector to provide the consumer with a notice of his or her validation rights.[29]

---

[26] 15 U.S.C. § 1692(e).

[27] *Baker v. G.C. Services*, 677 F.2d 775, 777 (9th Cir. 1982).

[28] 15 U.S.C. §§ 1692d, 1692e, and 1692f.

[29] 15 U.S.C. § 1692g.

The United States Court of Appeals for the Ninth Circuit has held that whether a communication or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated consumer."[30]  The "least sophisticated consumer" standard is objective—not subjective.[31]  Courts determine whether the "least sophisticated consumer" would be misled or deceived by the statements made in a collection letter as a matter of law.[32]

"The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."[33]  "While protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care."[34]

"As the FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for the plaintiff."[35]  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."[36]  Furthermore, the

---

[30]  *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988);  *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996).

[31]  *Swanson*, 869 F.2d at 1227.

[32]  *Wade*, 87 F.3d at 1100;  *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1977);  *Swanson*, 896 F.2d at 1225-26.

[33]  *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

[34]  *United States v. National Financial Services*, 98 F.3d 131, 136 (4th Cir. 1996) (citations omitted);  *see also Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996);  *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993);  *Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985);  *Graziano v. Harrison*, 950 F.2d 107, 111 (3rd Cir. 1991);  *Avila v. Rubin*, 84 F.3d 222, 226-27 (7th Cir. 1996) ("the standard is low, close to the bottom of the sophistication meter").

[35]  *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990);  *see also Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992);  *Riveria v. MAB Collections*, 682 F. Supp. 174, 178-9 (W.D.N.Y. 1988).

[36]  *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2nd Cir. 1996);  *see also Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997);  *Bentley*, 6 F.3d at 62;  *Clomon*, 988 F.2d at 1318.

---

1    question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant

2    to the FDCPA.[37]

3    It is important to note that by protecting consumers from abusive, deceptive and unfair

4    collection practices, the FDCPA insures that those debt collectors who refrain from using abusive

5    debt collection practices are not competitively disadvantaged.[38]  Moreover, the FDCPA further

6    insures that regardless of whether a consumer owes a debt, he or she will be treated in a reasonable

7    and civil manner.[39]

8    Accordingly, Plaintiff asserts that whether or not Defendants violated the FDCPA must be

9    evaluated from the standpoint of the "least sophisticated consumer."

10   **B.    UNDER THE STRICT LIABILITY STANDARD OF THE FDCPA, PLAINTIFF HAS**

11   **PLED NUMEROUS VIOLATIONS OF THE ACT, AS SEEN FROM THE PERSPECTIVE OF THE "LEAST SOPHISTICATED CONSUMER"**

12   To establish a violation of the FDCPA, one need only show that: (1) Plaintiff is a consumer,

13   (2) Plaintiff has been the object of collection activity arising from a consumer debt, (3) Defendant

14   collecting the "debt" is a "debt collector" as defined in the FDCPA, and (4) Defendant has engaged

15   in any act or omission in violation of the prohibitions or requirements of the FDCPA.[40]  Plaintiff has

16   pleaded and Defendants have admitted that Defendant, H&H, is a debt collector.  Further, Plaintiff

17   is able to show that she is a consumer and the debt which Defendants were attempting to collect is

18   a consumer debt.  The remainder of this memorandum will show that the last element is also

19   satisfied as a matter of law.

20   Because the FDCPA is a strict liability statute, proof of one violation is sufficient to defeat

21

22

23   [37] *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker*, 677 F.2d at 777.

24   [38] 15 U.S.C. § 1692(e).

25   [39] *Baker*, 677 F.2d at 777.

26   [40] *Turner v. Cook*, 362 F.3d 1219, 1227-1228 (9th Cir. 2004); *Romine v. Diversified*

27   *Collection Servs.*, 155 F.3d 1142, 1145 (9th Cir. 1998); *De Coito v. Unifund Corp.*, 2004 U.S. Dist.
     LEXIS 23729 at *8 (D. Haw. January 4, 2004); *United States v. Trans Continental Affiliates*, 1997

28   U.S. Dist. LEXIS 388 at *8 (N.D. Cal. January 8, 1997).

1   a motion to dismiss and support summary judgment for a Plaintiff.[41]  In light of this strict liability

2   standard, a consumer need not show intentional conduct by the debt collector in order to be entitled

3   to damages,[42] and there are no unimportant violations.[43]  Further, no proof of deception or actual

4   damages is required to obtain statutory remedies.[44]

5       **1.    DEFENDANT, H&H, CONTINUED TO COMMUNICATE DIRECTLY
           WITH PLAINTIFF IN AN ATTEMPT TO COLLECT THE DEBT
6          DESPITE KNOWING THAT PLAINTIFF WAS REPRESENTED BY
           AN ATTORNEY, IN VIOLATION OF 15 U.S.C. § 1692c(a)(2).**

7   15 U.S.C. § 1692c(a)(2) provides:

8   (a)  Without the prior consent of the consumer given directly to the debt collector or
    the express permission of a court of competent jurisdiction, a debt collector may not
9   communicate with a consumer in connection with the collection of any debt--
                                            . . .
10  (2)  if the debt collector knows the consumer is represented by an attorney with
11  respect to such debt and has knowledge of, or can readily ascertain, such attorney's
    name and address, unless the attorney fails to respond within a reasonable period of
12  time to a communication from the debt collector or unless the attorney consents to
    direct communication with the consumer . . .

13

14      As described above, Defendant, H&H, communicated directly with Plaintiff by sending her

15  a collection dunning letter after acknowledging that Plaintiff was represented by an attorney with

16  respect to the debt being collected.  H&H had "knowledge of" and was able to "readily ascertain"

17  Plaintiff's counsel's address, as evidenced by the communication sent to Plaintiff's counsel by

18  Defendants on March 26, 2007.  Further, Plaintiff's counsel did not fail to respond to any

19

20  _____

21  [41] *See Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031, 1046-47 (W.D.
    Wis. 2002) ("One false or misleading statement in a collection letter renders the entire
22  communication false or misleading and constitutes one violation"); *See also Cacace*, 775 F. Supp.
    at 505; *Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100, *4 (D. Conn. Sept. 15, 1989); *Picht v.
23  Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001);  *Bentley*, 6 F.3d at 62.

24  [42] *See Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613 (D. Nev. 1997).
    *See also Russell*, 74 F.3d at 36 ("Because the Act imposes strict liability, a consumer need not show
25  intentional conduct by the debt collector to be entitled to damages.").

26  [43] *Bentley*, 6 F.3d at 63 (no non-actionable violations of FDCPA); *Taylor*, 103 F.3d at 1234
27  (failure "to comply with any provision of the FDCPA" leads to liability).

28  [44] *Baker*, 677 F.2d at 780.

1   communication from H&H and Plaintiff's counsel did not consent to Defendants' direct

2   communication with Plaintiff.[45]  Therefore, Defendant, H&H, has violated the Fair Debt Collection

3   Practices Act, 15 U.S.C. § 1692c(a)(2).[46]  As such, Plaintiff is entitled to summary judgment on this

4   issue.

5   **C.    THIS COURT SHOULD AWARD PLAINTIFF THE MAXIMUM STATUTORY
           DAMAGE AMOUNT OF $1,000 UNDER THE FDCPA**

6

7          The maximum statutory damage award available under the Federal FDCPA is a modest

8   $1,000.  Courts have therefore awarded the maximum amount even when the violations found were

9   less numerous and egregious than those herein.  For example, in *Riviera v. M.A.B.*,[47] the court

10  awarded the maximum $1,000 because the validation notice appeared on the back of the letter, in

11  relatively small print, with no reference to it on the front of the letter.  Thus, even though the notice

12  was accurate, the court determined a $1,000 award was appropriate.  Furthermore, in *Tolentino v.*

13  *Friedman*,[48] the Seventh Circuit upheld the maximum statutory award of $1,000 despite finding that

14  only one provision of the FDCPA had been proven.  In that case the debt collector had included a

15  disclosure required 15 U.S.C. § 1692e(11) in its initial notice, but had failed to include it in a

16  subsequent notice.  The present case involves a more egregious violation of the FDCPA than either

17  of these cases, as it involves direct attorney contact with a consumer known to be represented by

18  counsel.  Thus, the violation herein is more meaningful than in those cases, and therefore the Court

19  should award the maximum amount of statutory damages under 15 U.S.C. § 1692k(a)(2)(A), which

20  is $1,000.

21  _____

22      [45]  Schwinn Declaration ¶¶ 5, 6 and 7.

23      [46]  *Herbert v. Monterey Financial Services*, 863 F. Supp. 76, 79 (D. Conn. 1994) (Debt
    collector defendant violated 15 U.S.C. 1692c(a)(2) by sending a collection letter to the consumer-
24  plaintiff 5 days after receiving learning the consumer was represented by an attorney.);  *Goins v.
    JBC & Associates, P.C.*, 352 F. Supp. 2d 262 (D. Conn. 2005) (Debt collector defendant violated
25  15 U.S.C. § 1692c(a)(2) by contacting consumer plaintiff regarding a debt despite having knowledge
    that plaintiff was represented with regard to the debt).
26

27      [47]  682 F. Supp. 174 (W.D.N.Y. 1988).

28      [48]  46 F.3d 645 (7th Cir. 1995).

_____

MEMORANDUM OF POINTS AND AUTHORITIES   -9-                Case No. C08-00908-JF-PVT

1    **D.      PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES AND COSTS.**

2         The federal FDCPA directs the Court to award attorney's fees to a prevailing consumer. 15

3    U.S.C. § 1692k(a)(3).  A number of cases decided under 15 U.S.C. § 1692k have held that an award

4    of attorney's fees and costs is required if the plaintiff prevails.[49]   The Court should award the

5    Plaintiff her reasonable attorney's fees and costs incurred in this matter.

6                                   **VIII.  CONCLUSION**

7         For the reasons set forth above, Plaintiff, as a matter of law, is entitled to partial summary

8    judgment: 1) declaring that Defendant H&H's collection activities violated the Fair Debt Collection

9    Practices Act,  15 U.S.C. § 1692c(a)(2);  2) awarding Plaintiff statutory damages in an amount not

10   exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); 3) awarding Plaintiff the costs of this

11   action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and 4) awarding Plaintiff

12   such other and further relief as may be just and proper.

13        This Motion for Partial Summary Judgment only addresses Plaintiff's claim for violation of

14   15 U.S.C. § 1692c(a)(2).  Plaintiff hereby reserves all other claims made in this case.

15

16                                   CONSUMER LAW CENTER, INC.

17

18                                   By: /s/ Fred W. Schwinn
                                          Fred W. Schwinn, Esq.
                                          Attorney for Plaintiff
19                                        JO ANNE GRAFF

20

21

22

23

24        [49]  *See, e.g. Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) (holding
     it was an abuse of discretion not to award attorney's fees following a stipulated judgment in the
25   amount of $100; and directing the court to award fees sufficient to compensate the attorney for the
     time spent on the case in order to encourage enforcement of the FDCPA); *Pipiles v. Credit Bureau*,
26   Inc., 886 F.2d 22 (2d Cir. 1989) (directing trial court to award fees on remand despite the lack of
     actual or statutory damages because Plaintiff had demonstrated that Defendant violated the FDCPA);
27   *Perez v. Perkiss*, 742 F. Supp. 883 (D. Del. 1990) (awarding Plaintiffs' legal services attorneys
     $10,110 after a half-day jury trial in which Plaintiff was awarded $1,200 in damages).
28

1    Fred W. Schwinn (SBN 225575)
     CONSUMER LAW CENTER, INC.
2    12 South First Street, Suite 1014
     San Jose, California  95113-2418
3    Telephone Number: (408) 294-6100
     Facsimile Number: (408) 294-6190
4    Email Address: fred.schwinn@sjconsumerlaw.com

5    Attorney for Plaintiff
     JO ANNE GRAFF
6

7

8                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                            SAN JOSE DIVISION

10   JO ANNE GRAFF,                        Case No.  C08-00908-JF-PVT

11                          Plaintiff,     **DECLARATION OF JO ANNE
                                           GRAFF IN SUPPORT OF MOTION
12   v.                                    FOR PARTIAL SUMMARY
                                           JUDGMENT**
13   HUNT & HENRIQUES, a general partnership,
     MICHAEL SCOTT HUNT, individually and in   [Fed. R. Civ. P. 56 ]
14   his official capacity, and JANALIE ANN
     HENRIQUES, individually and in her official   Date:       August 15, 2008
15   capacity,                                 Time:       9:00 a.m.
                                               Judge:      Honorable Jeremy Fogel
16                          Defendant.         Courtroom:  Courtroom 3, 5th Floor
                                               Place:      280 South First Street
17                                                         San Jose, California

18

19           I, Jo Anne Graff, declare under penalty of perjury, under the laws of the United States, 28

20   U.S.C. § 1746, that the following statements are true:

21           1.      I am the Plaintiff in the above captioned case.

22           2.      I have personal knowledge of the following facts, and if called as a witness,

23   I could and would competently testify thereto.

24           3.      I am a natural person residing in Santa Clara County, California.

25           4.      On a date unknown to me, I incurred a financial obligation for personal,

26   family or household use, namely a consumer credit card account issued by CitiBank (South Dakota),

27   N.A., bearing the account number XXXX-XXXX-XXXX-9621 (hereinafter "the debt").

28           5.      Sometime thereafter, on a date unknown to me, the debt was consigned,

                                              -1-

     DECLARATION OF JO ANNE GRAFF                              Case No. C08-00908-JF-PVT

1    placed or otherwise transferred to Defendants for collection.

2            6.      Thereafter, Defendants sent a collection letter dated February 12, 2007

3    (Exhibit "1") to me.  A true and accurate copy of the collection letter dated February 12, 2007, from

4    Defendants is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

5            7.      The collection letter dated February 12, 2007 (Exhibit "1") was Defendants'

6    first written notice that I received from Defendants in connection with collection the debt owed to

7    CitiBank (South Dakota), N.A.

8            8.      On or about February 19, 2007, my attorney, Fred W. Schwinn of the

9    Consumer Law Center, Inc., sent a letter to Defendants via facsimile which stated in relevant part:

10           Please be advised that the consumer debtor in the matter referenced above has
             retained the services of the Consumer Law Center, Inc., to assist in the matter of debt
11           relief.  The purpose of this letter is two-fold.  First, I wish to provide you with
             written notice in your capacity as a creditor, collection agent, or collection attorney
12           that this consumer debtor, now our client, is in fact and in law **REPRESENTED BY
             AN ATTORNEY.**  As a result of this notice, and pursuant to Section 1692(b)(6) of
13           Title 15 of the United States Code and Section 1788.14(c) of the California Civil
             Code, you are to immediately terminate any further direct or indirect contacts with
14           our client.  Please note that such prohibited contacts include, but are not limited to,
             all forms of communication by letter, phone, fax, email or any other means.  This
15           also includes any contact directly or indirectly with any employer, family member,
             friend, or other creditor of our client.

16

17           9.      A true and accurate copy of my attorney's February 19, 2007, representation

18   letter is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

19           10.     A _Memory Transmission Report_ attached as the last page of Exhibit "2"

20   verifies that the 4 page document was transmitted to facsimile machine 362-2229 on February 19,

21   2007, and that said transmission was completed and that all pages were received and that the

22   _Memory Transmission Report_ was generated which confirmed said transmission and receipt.

23           11.     Defendants had actual knowledge that I was represented by an attorney with

24   regard to the debt owed to Citibank (South Dakota), N.A., on February 19, 2007.

25           12.     On or about March 26, 2007, Defendants sent a collection letter to my

26   attorney, Fred W. Schwinn, which acknowledged my counsel's representation with regard to the

27   debt owed to Citibank (South Dakota), N.A.

28           13.     A true and accurate copy of the collection letter, without attachments, from

                                              -2-

DECLARATION OF JO ANNE GRAFF                              Case No. C08-00908-JF-PVT

1  Defendants to my attorney is attached hereto, marked Exhibit "3," and by this reference is

2  incorporated herein.

3          14.    After receiving my attorney's letter notifying Defendants that I was

4  represented by an attorney (Exhibit "2"), Defendants continued to communicate directly with me

5  in an attempt to collect the debt.

6          15.    Thereafter, Defendants sent a collection letter dated July 13, 2007 (Exhibit

7  "4"), directly to me.  A true and accurate copy of the July 13, 2007, collection letter from

8  Defendants to me is attached hereto, marked Exhibit "4," and by this reference is incorporated

9  herein.

10       Executed at San Jose, California on June 3, 2008.

11

12

13                                 Jo Anne Graff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JO ANNE GRAFF                        Case No. C08-00908-JF-PVT

HUNT & HENRIQUES
ATTORNEYS AT LAW
151 BERNAL ROAD, SUITE 8
SAN JOSE, CALIFORNIA 95119-1306

MICHAEL S. HUNT
JANALIE HENRIQUES

AREA CODE 408
TELEPHONE 362-2270
FACSIMILE 362-2299

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

February 12, 2007

RE:    CITIBANK (SOUTH DAKOTA) N.A.  Account Number: 5466160018089621
       Balance as of February 12, 2007: $6,031.79

Dear JO A GRAFF:

Our client, CITIBANK (SOUTH DAKOTA) N.A., has engaged this law firm to make demand for payment in full on your account referenced above. Your account is in default and has been closed, and formal demand is now being made for the entire outstanding balance. As of the date of this letter, your total debt is $6,031.79. This amount may increase because of interest.

If you want to resolve this matter without a lawsuit, you must pay the outstanding balance stated above to satisfy your account.

Our client considers this to be a serious matter. A legal proceeding is a matter of public record. If a lawsuit is filed, the local court could enter a judgment against you for the entire balance of your account plus, to the extent provided in your account agreement and permitted by law, attorney's fees, court costs and interest. If a judgment is entered against you, it may appear on your credit record for up to seven (7) years and may affect your ability to obtain credit, employment and/or housing.

**Federal law gives you 30 days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute the validity of the debt, or any part of it, within that period, we will assume that the debt is valid. If you dispute the debt, or any part of it, in writing - by mailing a notice to this firm to that effect on or before the 30th day following the date you receive this letter - we will obtain and mail to you proof (verification) of the debt. And if, within the same period, you request in writing the name and address of the original creditor (if different from our client), we will furnish you with that information too. Upon receipt of you written dispute, all efforts to collect this debt will be suspended until we mail any required information to you. Our client will wait until sufficient time has elapsed for this firm to be able to receive a written notice of dispute from you - even if you mail it on the 30th day following the date you receive this letter - before authorizing us to file suit against you to collect this debt.**

*Additional important disclosures continued on reverse...*

EXHIBIT
1

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

—————————

**The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP (1-877-382-4357) or www.ftc.gov.**

This communication is from a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose.

You may contact us toll free at 1-800-680-2426.

Very truly yours,

Michael S. Hunt
Janalie Henriques
HUNT & HENRIQUES

—————————

X0700502

U.S. POSTAGE
$00.39

SAN JOSE, CA 95119
FEB 13 2007 00390 013600
FP0593588 JMG01 001D1EC4

HUNT & HENRIQUES
ATTORNEYS AT LAW
151 Bernal Road, Suite 8
San Jose, California 95119-1306

ADDRESS SERVICE REQUESTED

94306+2377 C053

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

# Consumer Law Center, Inc.
12 South First Street, Suite 416
San Jose, CA 95113-2404
(408) 294-6100
Fax: (408) 294-6190

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: 408-362-2299

To:            Hunt & Henriques
From:          Fred W. Schwinn
Client/Matter: Jo Anne Graff-5466-1600-1808-9621
Date:          February 19, 2007

| DOCUMENTS | NUMBER OF PAGES* |
|-----------|------------------|
| Letter    | 2                |
|           |                  |
|           |                  |

COMMENTS:
Original will NOT follow.

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US
IMMEDIATELY AT (408) 294-6100.



EXHIBIT
2

# CONSUMER LAW CENTER, INC.
## 12 South First Street, Suite 416
### San Jose, CA  95113-2404

Fred W. Schwinn
fred.schwinn@sjconsumerlaw.com

(408) 294-6100
Fax (408) 294-6190

Via Fax to: 408-362-2299

February 19, 2007

Hunt & Henriques
161 Bernal Road, Suite 8
San Jose, CA 95119-1306

In the Matter of:      Jo Anne Graff
                       210 El Carmelo Avenue
                       Palo Alto, CA  94306-2377

Your Account or File No(s).: 5466-1600-1808-9621

Dear Sir or Madam:

I have attached a copy of your most recent correspondence for your reference.  Please be advised that the consumer debtor in the matter referenced above has retained the services of the Consumer Law Center, Inc., to assist in the matter of debt relief.  The purpose of this letter is two-fold.  First, I wish to provide you with written notice in your capacity as a creditor, collection agent, or collection attorney that this consumer debtor, now our client, is in fact and in law REPRESENTED BY AN ATTORNEY.  As a result of this notice, and pursuant to Sections 1692b(6) and 1692c(a)(2) of Title 15 of the United States Code and Section 1788.14(c) of the California Civil Code, you are to immediately terminate any further direct or indirect contacts with our client.  Please note that such prohibited contacts include, but are not limited to, all forms of communication by letter, phone, fax, email or any other means.  This also includes any contact directly or indirectly with any employer, family member, friend, or other creditor of our client.

Second, this letter is intended to dissuade your firm from filing a lawsuit against our client and reducing the amount that is allegedly owed to a judgment.  Should you choose to file a lawsuit against our client in this matter, please be advised that I have reviewed with our client the list of California exemptions provided by the Judicial Counsel of California and I have determined that our client owns no property that could be subject to attachment or levy.  Furthermore, our client is disabled and unemployed.  Our client is therefore "judgement proof."  Should you decide to reduce the amount allegedly owed to a judgment, it will remain uncollectible.

Upon receipt of this letter, any future direct or indirect contacts with our client will result in our office filing a claim against you under the Federal Fair Debt Collection Act, the California Civil Code, and any other available and applicable state or federal laws.  If it becomes necessary to file any and all such claims, then please be advised and take due notice that our client will be seeking actual damages, statutory damages, court costs, and our reasonable attorney fees based on our hourly

rate of $ 300.00.  You are also hereby placed on notice that if unlawful and illegal conduct persists or is egregious, then our client will also seek an award of punitive damages as may be determined at the discretion of the Court.

Based on the foregoing, any further communications concerning our client and/or the subject debt must be directed to the Consumer Law Center, Inc.  Be advised that any request for information will be addressed in a reasonable time period.

Until advised otherwise, you should mark this matter as "disputed."  I anticipate your cooperation herein.

Very Truly Yours,

Fred W. Schwinn, Esq.

MEMORY TRANSMISSION REPORT

TIME : 02-19-'07 12:31
FAX NO.1 : 408-294-6190
NAME : Consumer Law Center

| | | |
|---|---|---|
| FILE NO. | : | 103 |
| DATE | : | 02.19 12:26 |
| TO | : | 8 3622299 |
| DOCUMENT PAGES | : | 5 |
| START TIME | : | 02.19 12:27 |
| END TIME | : | 02.19 12:31 |
| PAGES SENT | : | 5 |
| STATUS | : | OK |

*** SUCCESSFUL TX NOTICE ***

Consumer Law Center, Inc.
12 South First Street, Suite 416
San Jose, CA 95113-2404
(408) 294-6100
Fax (408) 294-6190

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: 408-362-2299

To: Hunt & Henriques
From: Fred W. Schwinn
Client/Matter: Jo Anne Graff-5466-1600-1808-9621
Date: February 19, 2007

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Letter | 2 |

COMMENTS:
Original will NOT follow.

*The information contained in this facsimile message is information protected by attorney client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (408) 294-6100.

# HUNT & HENRIQUES
### ATTORNEYS AT LAW
151 BERNAL ROAD, SUITE 8
SAN JOSE, CA 95119-1306

MICHAEL S. HUNT
JANALIE HENRIQUES

AREA CODE 408
TELEPHONE 362-2270
FACSIMILE 362-2299

March 26, 2007

Attn: Fred W. Schwinn, Esq.
      Consumer Law Center
      12 South First Street, Suite #416
      San Jose, CA 95113-2404

   **RE: JO A GRAFF**
   **CITIBANK(SOUTH DAKOTA)N.A. ACCT NO: 5466160018089621**

Dear Mr. Schwinn:

Your recent correspondence has been forwarded to me for response.

Pursuant to your client's request, I am providing you with the following account documents:

   1.  Account statements from: 02/28/2006 to 01/31/2007

Please advise within ten days if you are authorized to accept service of process on behalf of Ms. Gresham.  If we have not heard from you within ten days of the date of this letter, litigation will proceed and service will be attempted on your client directly.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND ALL INFORMATION OBTAINED WILL BE USED TO COLLECT THE DEBT.

Yours truly,

Michael S. Hunt
HUNT & HENRIQUES

EXHIBIT
3

# HUNT & HENRIQUES
### ATTORNEYS AT LAW
151 BERNAL ROAD, SUITE 8
### SAN JOSE, CALIFORNIA 95119-1306

MICHAEL S. HUNT
JANALIE HENRIQUES

AREA CODE 408
TELEPHONE 362-2270
FACSIMILE 362-2299

July 13, 2007

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

Re:     CITIBANK (SOUTH DAKOTA) N.A. v.
        JO A GRAFF
        Case # 107CV084095
        Date of Judgment: July 9, 2007
        Amount of Judgment: $6,251.79

Dear JO A GRAFF,

The court has entered judgment against you and in favor of our client in the amount of $6,251.79. The judgment will remain valid for 10 years from the date it was entered and it can be renewed for an additional period of time. Judgments accrue interest at the rate of 10% per annum. The judgment is a public record and may be reported to the credit reporting companies and may be included on your credit report until the judgment expires.

We are in the process of recording an abstract of judgment which may create a lien on transactions involving real property such as your purchase, refinance or sale of real property. The abstract also remains valid for 10 years.

Now that judgment has been entered, our client has instructed us to attempt to collect the judgment. Wage garnishments and bank levies are legal remedies that we may attempt to use to collect the balance due under the judgment. If we use these remedies, additional costs will be incurred. We may request that the court add the costs to your judgment.

Our client is still willing to settle the debt. Please call us or email us to find out about settlement options. You can telephone us toll free at: 1 (800) 496-5048. Our email address is: Settlements@HuntHenriques.com. We look forward to hearing from you.

This firm is a debt collector and any information obtained may be used for the purpose of collecting the debt.

Very truly yours,

Michael S. Hunt
Janalie Henriques
HUNT & HENRIQUES
Attorneys at Law
X0700502



EXHIBIT
4

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

U.S. POSTAGE
$00.41

SAN JOSE, CA 95119

JUL 13 2007 00410 042722
FP0593588 JMC01 02F:656061

HUNT & HENRIQUES
ATTORNEYS AT LAW
151 Bernal Road, Suite 8
San Jose, California 95119-1306

ADDRESS SERVICE REQUESTED

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

9430652377 C053

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   JO ANNE GRAFF

6

7

8              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                      SAN JOSE DIVISION

10 JO ANNE GRAFF,                          Case No. C08-00908-JF-PVT

11                        Plaintiff,       DECLARATION OF FRED W.
                                           SCHWINN IN SUPPORT OF MOTION
12 v.                                      FOR PARTIAL SUMMARY
                                           JUDGMENT
13 HUNT & HENRIQUES, a general partnership,
   MICHAEL SCOTT HUNT, individually and in [Fed. R. Civ. P. 56(e)]
14 his official capacity, and JANALIE ANN
   HENRIQUES, individually and in her official Date:      August 15, 2008
15 capacity,                               Time:       9:00 a.m.
                                           Judge:      Honorable Jeremy Fogel
16                        Defendants.      Courtroom:  Courtroom 3, 5th Floor
                                           Place:      280 South First Street
17                                                     San Jose, California

18

19          I, Fred W. Schwinn, declare under penalty of perjury, under the laws of the United States,

20 28 U.S.C. § 1746, that the following statements are true:

21          1.      I am an attorney at law duly licensed to practice before all the courts of the

22 State of California and am a shareholder in the law firm Consumer Law Center, Inc., attorneys of

23 record for Plaintiff, JO ANNE GRAFF (hereinafter referred to as "Plaintiff").

24          2.      I have personal knowledge of the following facts, and if called as a witness,

25 I could and would competently testify thereto.

26          3.      On February 19, 2007, I sent a letter to Defendants via facsimile transmission.

27 A true and accurate copy of the letter and Memory Transmission Report are attached hereto, marked

28 Exhibit "2," and by this reference is incorporated herein.

                                          -1-

1        4.    On or about March 27, 2007, I received a letter from Defendants via first-class

2    mail. A true and accurate copy of the letter, without attachments, that I received from Defendants

3    is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

4        5.    Defendants' letter (Exhibit "3") was the only correspondence that I ever

5    received from Defendants regarding Plaintiff or her debt.

6        6.    At no time did I ever speak by telephone or otherwise with Defendants

7    regarding Plaintiff or her debt.

8        7.    At no time did I consent to Defendants directly contacting Plaintiff regarding

9    her debt or otherwise.

10

11        Executed at San Jose, California on June 6, 2008.

12        /s/ Fred W. Schwinn

    Fred W. Schwinn (SBN 225575)

13        CONSUMER LAW CENTER, INC.

    12 South First Street, Suite 1014

14        San Jose, California  95113-2418

    Telephone Number: (408) 294-6100

15        Facsimile Number: (408) 294-6190

    Email Address:

16        fred.schwinn@sjconsumerlaw.com

    Attorney for Plaintiff

17        JO ANNE GRAFF

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF FRED W. SCHWINN     Case No. C08-00908-JF-PVT

# Consumer Law Center, Inc.

12 South First Street, Suite 416
San Jose, CA 95113-2404
(408) 294-6100
Fax: (408) 294-6190

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: 408-362-2299

To:            Hunt & Henriques
From:          Fred W. Schwinn
Client/Matter: Jo Anne Graff-5466-1600-1808-9621
Date:          February 19, 2007

| DOCUMENTS | NUMBER OF PAGES* |
|-----------|------------------|
| Letter    | 2                |
|           |                  |
|           |                  |

COMMENTS:
Original will NOT follow.

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE <u>ALL</u> PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (408) 294-6100.



EXHIBIT
2

# CONSUMER LAW CENTER, INC.
## 12 South First Street, Suite 416
## San Jose, CA 95113-2404

Fred W. Schwinn
fred.schwinn@sjconsumerlaw.com

(408) 294-6100
Fax (408) 294-6190

Via Fax to: 408-362-2299

February 19, 2007

Hunt & Henriques
161 Bernal Road, Suite 8
San Jose, CA 95119-1306

In the Matter of:      Jo Anne Graff
                       210 El Carmelo Avenue
                       Palo Alto, CA 94306-2377

Your Account or File No(s).: 5466-1600-1808-9621

Dear Sir or Madam:

I have attached a copy of your most recent correspondence for your reference. Please be advised that the consumer debtor in the matter referenced above has retained the services of the Consumer Law Center, Inc., to assist in the matter of debt relief. The purpose of this letter is two-fold. First, I wish to provide you with written notice in your capacity as a creditor, collection agent, or collection attorney that this consumer debtor, now our client, is in fact and in law REPRESENTED BY AN ATTORNEY. As a result of this notice, and pursuant to Sections 1692b(6) and 1692c(a)(2) of Title 15 of the United States Code and Section 1788.14(c) of the California Civil Code, you are to immediately terminate any further direct or indirect contacts with our client. Please note that such prohibited contacts include, but are not limited to, all forms of communication by letter, phone, fax, email or any other means. This also includes any contact directly or indirectly with any employer, family member, friend, or other creditor of our client.

Second, this letter is intended to dissuade your firm from filing a lawsuit against our client and reducing the amount that is allegedly owed to a judgment. Should you choose to file a lawsuit against our client in this matter, please be advised that I have reviewed with our client the list of California exemptions provided by the Judicial Counsel of California and I have determined that our client owns no property that could be subject to attachment or levy. Furthermore, our client is disabled and unemployed. Our client is therefore "judgement proof." Should you decide to reduce the amount allegedly owed to a judgment, it will remain uncollectible.

Upon receipt of this letter, any future direct or indirect contacts with our client will result in our office filing a claim against you under the Federal Fair Debt Collection Act, the California Civil Code, and any other available and applicable state or federal laws. If it becomes necessary to file any and all such claims, then please be advised and take due notice that our client will be seeking actual damages, statutory damages, court costs, and our reasonable attorney fees based on our hourly

rate of $ 300.00. You are also hereby placed on notice that if unlawful and illegal conduct persists or is egregious, then our client will also seek an award of punitive damages as may be determined at the discretion of the Court.

Based on the foregoing, any further communications concerning our client and/or the subject debt must be directed to the Consumer Law Center, Inc. Be advised that any request for information will be addressed in a reasonable time period.

Until advised otherwise, you should mark this matter as "disputed." I anticipate your cooperation herein.

Very Truly Yours,

Fred W. Schwinn, Esq.

MEMORY TRANSMISSION REPORT

| | |
|---|---|
| TIME | :02-19-'07 12:31 |
| FAX NO.1 | :408-294-6190 |
| NAME | :Consumer Law Center |

| | | |
|---|---|---|
| FILE NO. | : | 103 |
| DATE | : | 02.19 12:26 |
| TO | : | 8 3622299 |
| DOCUMENT PAGES | : | 5 |
| START TIME | : | 02.19 12:27 |
| END TIME | : | 02.19 12:31 |
| PAGES SENT | : | 5 |
| STATUS | : | OK |

*** SUCCESSFUL TX NOTICE ***

Consumer Law Center, Inc.
12 South First Street, Suite 416
San Jose, CA 95113-2404
(408) 294-6100
Fax: (408) 294-6190

FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: 408-362-2299

To: Hunt & Henriques
From: Fred W. Schwinn
Client/Matter: Jo Anne Graff-5466-1600-1808-9621
Date: February 19, 2007

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Letter | 2 |

COMMENTS:
Original will NOT follow.

*The information contained in this facsimile message is information protected by attorney client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (408) 294-6100.

# HUNT & HENRIQUES
### ATTORNEYS AT LAW

MICHAEL S. HUNT
JANALIE HENRIQUES

151 BERNAL ROAD, SUITE 8
SAN JOSE, CA 95119-1306

AREA CODE 408
TELEPHONE 362-2270
FACSIMILE 362-2299

March 26, 2007

Attn: Fred W. Schwinn, Esq.
    Consumer Law Center
    12 South First Street, Suite #416
    San Jose, CA 95113-2404

### RE: JO A GRAFF
### CITIBANK(SOUTH DAKOTA)N.A. ACCT NO: 5466160018089621

Dear Mr. Schwinn:

Your recent correspondence has been forwarded to me for response.

Pursuant to your client's request, I am providing you with the following account documents:

1. Account statements from: 02/28/2006 to 01/31/2007

Please advise within ten days if you are authorized to accept service of process on behalf of Ms. Gresham. If we have not heard from you within ten days of the date of this letter, litigation will proceed and service will be attempted on your client directly.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND ALL INFORMATION OBTAINED WILL BE USED TO COLLECT THE DEBT.

Yours truly,

Michael S. Hunt
HUNT & HENRIQUES

**EXHIBIT**
**3**