Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
JO ANNE GRAFF

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| JO ANNE GRAFF, | Case No. C08-00908-JF-PVT |
| Plaintiff, | |
| v. | **NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA ISSUED TO PLAINTIFF'S COUNSEL AND FOR PROTECTIVE ORDER** |
| HUNT & HENRIQUES, a general partnership, MICHAEL SCOTT HUNT, individually and in his official capacity, and JANALIE ANN HENRIQUES, individually and in her official capacity, | |
| Defendants. | Date: July 29, 2008<br>Time: 10:00 a.m.<br>Judge: Honorable Patricia V. Trumbull<br>Courtroom: 5, 4th Floor<br>Place: 280 South First Street<br>San Jose, California |

TO:  ALL DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 29, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5 of the United States District Court, located at 280 South First Street, San Jose, California, before the Honorable Patricia V. Trumbull, United States Magistrate Judge, Plaintiff, JO ANNE GRAFF ("Movant"), will move the Court for an Order quashing the deposition Subpoena issued to Plaintiff's Counsel and for a protective order pursuant to rule 26(c) of the Federal Rules of Civil Procedure upon the grounds that deposing Plaintiff's counsel is irrelevant, burdensome and oppressive.

This motion is based upon this <u>Notice of Motion and Motion to Quash Deposition Subpoena Issued to Plaintiff's Counsel and for Protective Order</u>, the <u>Declaration of Fred W. Schwinn in</u>

1  <u>Support of Motion to Quash Deposition Subpoena Issued to Plaintiff's Counsel and for Protective</u>

2  <u>Order</u>, filed herewith, and such other evidence, argument, and authorities which may be presented

3  at or prior to the hearing before this Court on this Motion, and such other and further matters of

4  which this Court may take judicial notice.

5       Please govern yourself accordingly.

6                        CONSUMER LAW CENTER, INC.

7

8  Dated:  June 23, 2008                   By: /s/ Fred W. Schwinn

                                      Fred W. Schwinn, Esq.

9                                        Attorney for Plaintiff

10                                        JO ANNE GRAFF

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
JO ANNE GRAFF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JO ANNE GRAFF,<br><br>                     Plaintiff,<br><br>v.<br><br>HUNT & HENRIQUES, a general partnership, MICHAEL SCOTT HUNT, individually and in his official capacity, and JANALIE ANN HENRIQUES, individually and in her official capacity,<br><br>                     Defendants. | Case No. C08-00908-JF-PVT<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA ISSUED TO PLAINTIFF'S COUNSEL AND FOR PROTECTIVE ORDER**<br><br>Date:          July 29, 2008<br>Time:          10:00 a.m.<br>Judge:        Honorable Patricia V. Trumbull<br>Courtroom:  Courtroom 5, 4th Floor<br>Place:         280 South First Street<br>                   San Jose, California |

COMES NOW the Plaintiff, JO ANNE GRAFF, by and through counsel Fred W. Schwinn

of the Consumer Law Center, Inc., and hereby submits her Memorandum of Points and Authorities

in Support of Motion to Quash Deposition Subpoena Issued to Plaintiff's Counsel and for Protective

Order filed herein.

## I. INTRODUCTION

This case was brought by JO ANNE GRAFF (hereinafter "Plaintiff") against a debt

collection law firm, HUNT & HENRIQUES, (hereinafter "H&H") and two of its partner attorneys,

MICHAEL SCOTT HUNT, (hereinafter "HUNT") and JANALIE ANN HENRIQUES (hereinafter

"HENRIQUES"), (hereinafter collectively referred to as "Defendants").  Plaintiff alleges various

1   violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. (hereinafter

2   "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3   Plaintiff seeks statutory damages, attorney fees and costs under the FDCPA.

4               **II.  PROCEDURAL HISTORY**

5               On February 12, 2008, Plaintiff filed a Complaint in this action against Defendants.[1]

6   Thereafter, Defendants filed their Answer on April 5, 2008.[2]   During the Case Management

7   Conference on June 13, 2008, Defendants' counsel, Mr. Narita, indicated that he wished to depose

8   Plaintiff's counsel, Mr. Schwinn[3].   Mr. Narita gave no indication as to the substance of the

9   deposition or the reason for choosing to depose Plaintiff's counsel.  On or about June 17, 2008,

10  Defendants served a deposition Subpoena on Plaintiff's counsel.[4]   On June 24, 2008, Plaintiff's

11  Motion for Protective Order was filed herein.   This Memorandum of Points and Authorities is

12  submitted in support thereof.

13              **III.  FACTS OF THE CASE**

14              Defendants sent a collection letter to Plaintiff to attempt to collect a debt which was dated

15  February 12, 2007.[5]   This was Defendants' first written notice initially addressed to Plaintiff in

16  connection with collecting the debt owed to CitiBank (South Dakota), N.A.[6]

17              On or about February 19, 2007, Plaintiff's counsel, Fred W. Schwinn of the Consumer Law

18  Center, Inc., sent a letter to Defendants via facsimile which stated in relevant part:

19              Please be advised that the consumer debtor in the matter referenced above has
            retained the services of the Consumer Law Cente,r Inc., to assist in the matter of debt
20          relief.   The purpose of this letter is two-fold.   First, I wish to provide you with

21          _____

22          [1]  Doc. 1.

23          [2]  Doc. 4.

24          [3]  Declaration of Fred W. Schwinn in Support of Motion to Quash Deposition of Plaintiff's
        Center and for Protective Order ("Schwinn Declaration") at ¶3.

25

26          [4]  Schwinn Declaration at ¶4.

27          [5]  Complaint (Doc. 1) ¶ 14; Answer (Doc. 4) ¶ 14.

28          [6]  Complaint (Doc. 1) ¶ 16; Answer (Doc. 4) ¶ 16.

written notice in your capacity as a creditor, collection agent, or collection attorney that this consumer debtor, now our client, is in fact and in law **REPRESENTED BY AN ATTORNEY.** As a result of this notice, and pursuant to Section 1692(b)(6) of Title 15 of the United State Code and Section 1788.14(c) of the California Civil Code, you are to immediately terminate any further direct or indirect contacts with our client. Please note that such prohibited contacts include, but are not limited to, all forms of communication by letter, phone, fax, email or any other means. This also includes any contact directly or indirectly with any employer, family member, friend, or other creditor of our client.[7]

Thereafter on March 26, 2007, Defendant, HUNT, sent a letter to Fred W. Schwinn which acknowledged Plaintiff's Counsel's representation of Plaintiff with regard to the debt owed to CitiBank (South Dakota), N.A.[8] However, despite the fact that Defendants acknowledged that Plaintiff was represented by counsel, they continued to communicate directly with Plaintiff in an attempt to collect the debt. On or about July 13, 2007, Defendants sent a collection letter directly to Plaintiff in an attempt to collect the debt owed to CitiBank (South Dakota), N.A.[9]

## IV. SUMMARY OF ARGUMENT

A.    Plaintiff's Counsel is Presumptively Entitled to a Protective Order.

B.    Defendants Have Not Made the Required Showing to Compel the Deposition of Plaintiff's Counsel

       1.    Defendants have not shown that Plaintiff's counsel has information that is relevant and non privileged.

       2.    Defendants have not shown that the information sought is crucial to preparation of the case.

       3.    Defendants have not shown that no other means exist to obtain the information they seek.

## V. STATEMENT OF QUESTIONS PRESENTED

Have Defendants made the required showing to compel the deposition of Plaintiff's counsel?

/ / /

---

[7] <u>Complaint</u> (Doc. 1) ¶ 24; <u>Answer</u> (Doc. 4) ¶ 24.

[8] <u>Complaint</u> (Doc. 1) ¶¶ 28, 30 and 31; <u>Answer</u> (Doc. 4) ¶¶ 28, 30 and 31.

[9] <u>Complaint</u> (Doc. 1) ¶¶ 36 and 40; <u>Answer</u> (Doc. 4) ¶¶ 36 and 40.

1

## VI. ARGUMENT

2

### A. Plaintiff's Counsel is Presumptively Entitled to a Protective Order.

3

It is a well-established principle that litigation counsel are presumptively entitled to a

4

protective order against being deposed by an adversary.[10]  The law in California is in accord.[11]  To

5

rebut the presumption, the party seeking the deposition must convince the court of <u>all</u> of the

6

following:  1) opposing counsel has information that is relevant and non-privileged, and 2) the

7

information sought is crucial to preparation of the case, and 3) <u>no</u> means exist to obtain the

8

information other than to depose opposing counsel.[12]  A protective order is proper if any of the

9

above criteria are lacking.[13]

10

_____

11

    [10] *American Casualty Co. v. Krieger*, 160 F.R.D. 582, 588 (S.D. Cal. 1995) ("There are good

12

reasons to require the party seeking to depose another party's attorney to bear the burden of
establishing the propriety and need for the deposition."); *Massachusetts Mut. Life Ins. Co. v. Cerf*,

13

177 F.R.D. 472, 478-479 (N.D. Cal. 1998) (J. Infante) ("[While] there is no express prohibition
against the taking of attorney depositions . . . [c]ourts, however, have cautioned that attorney

14

depositions should be allowed **only** where the discovery sought cannot be obtained from another
source.") (emphasis added);  *Wall v. Leavitt*, 2007 U.S. Dist. LEXIS 89953 (E.D. Cal. Nov. 29,

15

2007) ("Although the Federal Rules of Civil Procedure do not explicitly preclude the deposition of
a party's attorney, the cases discourage it to the extent that such a discovery request often gives the

16

opposing party good cause for a protective order.");  *Eaton v. Siemens*, 2007 U.S. Dist. LEXIS

17

58621 (E.D. Cal. Aug. 10, 2007) ("The standard to depose opposing counsel sets [a] high bar");
*Nocal, Inc. v. Sabercat Ventures, Inc.*, 2004 U.S. Dist. LEXIS 26974 (N.D. Cal. Nov. 15, 2004) (J.

18

Larson) *citing Hickman v. Taylor*, 329 U.S. 495, 513, 91 L. Ed. 451, 67 S. Ct. 385 (1947) ("The
Supreme Court of the United States alluded to a presumption that trial counsel should not be forced

19

to testify because doing so compromises the standards of the legal profession.").

20

    [11] *Carehouse Convalescent Hospital v. Superior Court*, 143 Cal. App. 4th 1558, 1562 (Cal.

21

App. 4th Dist. 2006). ("Depositions of opposing counsel are presumptively improper, severely
restricted, and require 'extremely' good cause—a high standard.");  *Spectra-Physics, Inc. v.*

22

*Superior Court*, 198 Cal. App. 3d 1487, 1494 (Cal. App. 6th Dist. 1988), *citing Fireman's Fund Ins.*

23

*Co. v. Superior Court*, 72 Cal. App. 3d 786, 790 (Cal. App. Xth Dist. 1977) ("[The] practice of
taking the deposition of opposing counsel should be severely restricted, and permitted only upon

24

showing of extremely good cause . . . .");  *Trade Center Properties, Inc. v. Superior Court of San*
*Francisco*, 185 Cal. App. 2d 409, 411 (Cal. App. 1st Dist. 1960) ("Lacking strong elements of good

25

cause, it would seem an abuse of discretion for the trial court to refuse an order that the deposition

26

not be taken.").

27

    [12] *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

28

    [13] *Boughton v. Cotter Corp.*, 65 F.3d 823, 829 (10th Cir. 1995).

_____

1    **B. Defendants Have Not Made the Required Showing to Compel the Deposition of
     Plaintiff's Counsel.**

2

3        In *Shelton v. American Motors Corp.*, the court "view[ed] the increasing practice of taking

4    opposing counsel's deposition as a negative development in the area of litigation, and one that

5    should be employed only in limited circumstances."[14]  Taking the deposition of opposing counsel

6    not only disrupts the adversarial system and lowers the standards of the profession, but it also adds

7    to the already burdensome time and costs of litigation.  It is not hard to imagine additional pretrial

8    delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral

9    issues raised by the attorney's testimony.[15]  As such, the burden is placed on the party seeking the

10   deposition to demonstrate the propriety and need for the discovery sought.  The *Shelton* three part

11   test protects against the ills of deposing opposing counsel in a pending case where it could

12   potentially lead to the disclosure of the attorney's litigation strategy in that case.[16]  In the case at bar,

13   Defendants have not made even one of the required showings, and as such this court should quash

14   the deposition Subpoena of Plaintiff's counsel and issue a protective order.

15   1. Defendants Have Not Shown That Plaintiff's Counsel Has Information That Is Relevant and Non-

16   Privileged.

17       To meet the first condition of the test, Defendants must show that there is some relevant,

18   non-privileged information to be had by taking Plaintiff's counsel's deposition.  Quite frankly,

19   Defendants have failed to do so as *they have provided no indication what information they are*

20   *seeking*.  Even though Plaintiff's counsel attempted to informally meet and confer with Defendants'

21   counsel after being served with the deposition subpoena, no information on the scope or subject

22   matter of the proposed deposition has been forthcoming.[17]  This deposition request is at best, a

23

24       [14] *Shelton*, 805 F.2d at 1327.

25       [15] *Id.*

26       [16] *Parnida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730

27       [17] Schwinn Declaration at ¶5.

28

---

MEMORANDUM OF POINTS AND AUTHORITIES - 5 -                    Case No.  C08-00908-JF-PVT

1   fishing expedition, and at worst, an intimidation tactic.  The Court should not countenance such

2   behavior.  Allowing such a deposition would interfere with the quality of Plaintiff's representation.

3   "[Plaintiff's] counsel should be free to devote his . . . time and efforts to preparing the client's case

4   without fear of being interrogated by his . . . opponent."[18]  Because Defendants fail to meet this

5   condition, the Court should quash the deposition Subpoena and issue a protective order

6   2.  Defendants Have Not Shown That the Information Sought Is Crucial to Preparation of the Case.

7       Even if Defendants could show that whatever information they seek is relevant and non-

8   privileged, they would also must show that said information is crucial to preparation of their case.

9   As stated above, Defendants have given no indication of the subject or scope of the information they

10  seek.  Any information that is crucial to the preparation of their case should be easy to articulate and

11  define.  As Defendants have failed to do so, the Court should quash the deposition Subpoena and

12  issue a protective order.

13  3.  Defendants Have Not Shown That No Other Means Exist to Obtain the Information They Seek.

14      The practice of deposing opposing counsel is so disfavored that the Court should deny a

15  deposition request regarding crucial, relevant, non-privileged information unless no other means

16  exist to obtain the information.  "Discovery was hardly intended to enable a learned profession to

17  perform its functions . . . on wits borrowed from the adversary."[19]  Because Defendants have refused

18  to provide even a hint as to what information they seek and why, Plaintiff can only speculate that

19  there must be other reason for deposing her legal counsel — an improper reason.  Plaintiff cannot

20  think of any relevant piece of information that Defendants obtain from her counsel that is not

21  currently within Defendants' collection file or within Defendants' own knowledge.  Regardless of

22  any speculation by Plaintiff, the burden rests squarely on Defendants to make a evidentiary showing.

23  Because Defendants have failed to do so, the Court should quash the deposition Subpoena and issue

24  a protective order.

25  / / /

26  _____

27      [18]  *Shelton*, 805 F.2d at 1327.

28      [19]  *Id.*, at 1327, *quoting Hickman v. Taylor*, 329 U.S. 495, 516 (1947).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VIII.  CONCLUSION**

Because Defendants have failed to show even <u>one</u> of the three elements which are all necessary for a Court to order the deposition of Plaintiff's counsel, Plaintiff respectfully requests that the Court quash the deposition Subpoena of Plaintiff's counsel and issue a protective order.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
        Fred W. Schwinn, Esq.
        Attorney for Plaintiff
        JO ANNE GRAFF

---

1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California  95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Plaintiff
    JO ANNE GRAFF
6

7

8                   IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                            SAN JOSE DIVISION

10  JO ANNE GRAFF,                              Case No.  C08-00908-JF-PVT

11                            Plaintiff,        **DECLARATION OF FRED W.
                                                SCHWINN IN SUPPORT OF MOTION**
12  v.                                          **TO QUASH DEPOSITION
                                                SUBPOENA ISSUED TO**
13  HUNT & HENRIQUES, a general partnership,    **PLAINTIFF'S COUNSEL AND FOR
    MICHAEL SCOTT HUNT, individually and in     PROTECTIVE ORDER**
14  his official capacity, and JANALIE ANN
    HENRIQUES, individually and in her official [Fed. R. Civ. P. 26(c)]
15  capacity,
                                                Date:        July 29, 2008
16                            Defendants.       Time:        10:00 a.m.
                                                Judge:       Honorable Patricia V.
17                                                           Trumbull
                                                Courtroom:   Courtroom 5, 4th Floor
18                                              Place:       280 South First Street
                                                             San Jose, California
19

20          I, Fred W. Schwinn, declare under penalty of perjury, under the laws of the United States,

21  28 U.S.C. § 1746, that the following statements are true:

22          1.      I am an attorney at law duly licensed to practice before all the courts of the

23  State of California and am a shareholder in the law firm Consumer Law Center, Inc., attorneys of

24  record for Plaintiff, JO ANNE GRAFF (hereinafter referred to as "Plaintiff").

25          2.      I have personal knowledge of the following facts, and if called as a witness,

26  I could and would competently testify thereto.

27          3.      During the Case Management Conference in the above captioned matter on

28  June 13, 2008, Defendants' counsel, Mr. Narita, indicated that he wished to take my deposition.  Mr.

                                            -1-

1    Narita did not elaborate as to the subject or scope of such deposition.

2            4.      On June 17, 2008, Defendants served me with a Deposition Subpoena. A true

3    and accurate copy of the Deposition Subpoena is attached hereto as Exhibit "A."

4            5.      On June 18, 2008, in an email to Mr. Narita, I inquired as to the subject and

5    scope of the deposition, and indicated that barring a satisfactory response, I would file a motion for

6    a protective order. As of the date of this declaration, I have not receive a reply to this email. A true

7    and accurate copy of the email correspondence between myself and Mr. Narita is attached hereto

8    as Exhibit "B."

9            Executed at San Jose, California on June 23, 2008.

10                                                   /s/ Fred W. Schwinn
                                                     Fred W. Schwinn (SBN 225575)
11                                                   CONSUMER LAW CENTER, INC.
                                                     12 South First Street, Suite 1014
12                                                   San Jose, California  95113-2418
                                                     Telephone Number: (408) 294-6100
13                                                   Facsimile Number: (408) 294-6190
                                                     Email Address:
14                                                   fred.schwinn@sjconsumerlaw.com

15                                                   Attorney for Plaintiff
                                                     JO ANNE GRAFF

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

JO ANNE GRAFF,

V.

HUNT & HENRIQUES, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C08 00908 JF (PVT)

TO:

Fred W. Schwinn, Consumer Law Center,
12 S. First St., Suite 1014, San Jose, CA 95113

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Tooker & Antz, 350 Sansome St., Suite 700, San Francisco, California 94104 | June 27, 2008 10:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    counsel for Defendants | DATE    June 13, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Tomio B. Narita, Simmonds & Narita LLP, 44 Montgomery St., Suite 3010, San Francisco, CA 94104

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction --- which may include lost earnings and reasonable attorney's fees --- on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises -- or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person -- except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1 | TOMIO B. NARITA (SBN 156576)
ROBIN M. BOWEN (SBN 230309)
2 | SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
3 | San Francisco, CA 94104-4816
Telephone: (415) 283-1000
4 | Facsimile:  (415) 352-2625
tnarita@snllp.com
5 | rbowen@snllp.com

6 | Attorneys for Defendants
Hunt & Henriques, Michael Scott Hunt
7 | and Janalie Ann Henriques

8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | SAN JOSE DIVISION

12 | JO ANNE GRAFF,                      )   CASE NO.: C08 00908 JF (PVT)
                                       )
13 |                                    )
         Plaintiff,                     )
14 |                                    )   **DEFENDANT HUNT &**
                                       )   **HENRIQUES NOTICE OF**
15 |     vs.                            )   **DEPOSITION OF FRED W.**
                                       )   **SCHWINN**
16 |                                    )
17 | HUNT & HENRIQUES, a general        )
partnership, MICHAEL SCOTT             )
18 | HUNT, individually and in his       )
official capacity, and JANALIE ANN     )
19 | HENRIQUES, individually and in her  )
official capacity,                     )
20 |                                    )
         Defendants.                    )
21 | _____    )

22

23

24

25

26

27

28

GRAFF V. HUNT & HENRIQUES ET AL. (CASE NO. C08 00908JF (PVT))
NOTICE OF DEPOSITION OF FRED W. SCHWINN

1    TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

3    Procedure and the subpoena attached hereto as **Exhibit A**, defendant Hunt &

4    Henriques, through its counsel, will take the oral deposition of Fred W. Schwinn,

5    whose address is known by Plaintiff.  The deposition will take place on June 27, 2008

6    at 10:30 a.m. at the office of Tooker & Antz, 350 Sansome Street, Suite 700, San

7    Francisco, California 94104.  The deposition will be taken before a notary public or

8    other officer authorized to administer oaths and will be recorded stenographically and

9    may be recorded by video tape.

10

11

12   DATED: June 13, 2008                  SIMMONDS & NARITA LLP
                                           TOMIO B. NARITA
                                           ROBIN M. BOWEN

13

14

15                            By: _____
                                  Tomio B. Narita
16                                Attorneys for Defendants
                                  Hunt & Henriques, Michael Scott Hunt
17                                and Janalie Ann Henriques

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

JO ANNE GRAFF,

**SUBPOENA IN A CIVIL CASE**

V.

HUNT & HENRIQUES, et al.

Case Number:[1] C08 00908 JF (PVT)

TO:

Fred W. Schwinn, Consumer Law Center,
12 S. First St., Suite 1014, San Jose, CA 95113

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Tooker & Antz, 350 Sansome St., Suite 700, San Francisco, California 94104 | June 27, 2008 10:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* counsel for Defendants | June 13, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Tomio B. Narita, Simmonds & Narita LLP, 44 Montgomery St., Suite 3010, San Francisco, CA 94104

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Fred Schwinn

**From:**   Fred Schwinn
**Sent:**   Wednesday, June 18, 2008 9:41 AM
**To:**     Tomio Narita
**Cc:**     Raeon Roulston
**Subject:** RE: Graff v. Hunt & Henriques - depositions

Mr. Narita:

Our client's deposition is fine.

With regard to my deposition notice, please tell me what information you hope to gain by taking my deposition that you cannot get from some other source or your client. Unless you have a satisfactory response, we will seek a protective order.

Fred W. Schwinn
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, CA 95113-2418
Phone (408) 294-6100 x111
Fax (408) 294-6190
fred.schwinn@sjconsumerlaw.com

Notice: This message, and any attached file, is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. The information herein may also be protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail and delete all copies of the original message. Thank you.

**From:** Tomio Narita [mailto:tnarita@snllp.com]
**Sent:** Tuesday, June 17, 2008 5:53 PM
**To:** Fred Schwinn
**Cc:** Tomio Narita
**Subject:** FW: Graff v. Hunt & Henriques - depositions

Fred:

I have not heard back from you on whether this date works for you and your client, so I am assuming that the depositions will go forward as noticed. Please advise if you have a contrary understanding.



EXHIBIT

B

6/23/2008

Tomio

**From:** Tomio Narita
**Sent:** Friday, June 13, 2008 2:58 PM
**To:** Tomio Narita; Fred W. Schwinn Esq. (fred.schwinn@sjconsumerlaw.com)
**Subject:** RE: Graff v. Hunt & Henriques - depositions

Fred:

Please see attached.

Tomio

**From:** Tomio Narita
**Sent:** Friday, June 13, 2008 11:07 AM
**To:** Fred W. Schwinn Esq. (fred.schwinn@sjconsumerlaw.com)
**Cc:** Tomio Narita
**Subject:** Graff v. Hunt & Henriques - depositions

Fred:

Today I will be sending a notice of deposition for your deposition, and the deposition of your client for June 27th.  Let me know if that date presents a conflict.  If so, please provide me with three other available dates that work.

Tomio B. Narita
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, California  94104
Direct line (415) 283.1010
Mobile (415) 519.6093
Main Line (415) 283.1000
Fax (415) 352.2625
email:  tnarita@snllp.com
www.snllp.com