TOMIO B. NARITA (SBN 156576)
ROBIN M. BOWEN (SBN 230309)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
rbowen@snllp.com

Attorneys for Defendants
Hunt & Henriques, Michael Scott Hunt
and Janalie Ann Henriques

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JO ANNE GRAFF,<br><br>Plaintiff,<br><br>vs.<br><br>HUNT & HENRIQUES, a general partnership, MICHAEL SCOTT HUNT, individually and in his official capacity, and JANALIE ANN HENRIQUES, individually and in her official capacity,<br><br>Defendants. | CASE NO.: C08 00908 JF (PVT)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEPOSITION SUBPOENA OF FRED W. SCHWINN**<br><br>Date:   July 29, 2008<br>Time:   10:00 a.m.<br>Ctrm:   5, Fourth Floor<br><br>Honorable Patricia V. Trumbull |

I.    **<u>INTRODUCTION</u>**

Plaintiff Jo Anne Graff ("Graff") alleges that Defendants contacted her directly when she was allegedly represented by counsel, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). By this motion, Graff seeks to quash a subpoena issued by Defendants which seeks the deposition of her counsel, Fred W. Schwinn ("Mr. Schwinn"). There is no basis for quashing the subpoena, however, since Mr. Schwinn is a key fact witness in this case.

Although Graff claims that Defendants contacted her improperly, the record shows that Defendants only did so after her alleged counsel, Mr. Schwinn, failed to respond. Defendants wrote to Mr. Schwinn, provided the information he had requested, and asked if he was authorized to accept service of the collection complaint they were about to file against Graff. Mr. Schwinn admits that he received Defendants' letter, but he never responded. Defendants reasonably concluded that Mr. Schwinn did not represent Graff with respect to the collection litigation, and they proceeded accordingly.

To prevail on her FDCPA claim, Graff bears the burden of proving that Mr. Schwinn did not "fail[] to respond" to Defendants' correspondence within a reasonable period of time.[1] Given the undisputed record, Defendants believe they will prevail on this issue as a matter of law, based upon solely upon the admitted exchange of correspondence. However, Graff has filed a motion for summary judgment, and this Court may conclude there is an issue of fact with respect Mr. Schwinn's failure to respond.

To defend this action, Defendants must be permitted to depose Mr. Schwinn to develop a full record. They are entitled to discover when he was retained, the scope of his engagement, the communications between him and Graff concerning the Defendants and the debt, the reasons for his failure to respond to Defendants' communications, and the nature of his participation in the events giving rise to this

---

[1] *See* 15 U.S.C. § 1692c(a)(2)

action.  By asserting an FDCPA claim which turns upon the scope and circumstances of Mr. Schwinn's representation, Graff has put all of these points at issue.  Mr. Schwinn is the only witness with personal knowledge of the reasons for his failure to respond to Defendants' letter.  The subpoena is proper, and the Court should deny the motion.

## II.    PROCEDURAL AND FACTUAL HISTORY

After Graff failed to make her minimum payments on her credit card, Citibank (South Dakota) N.A. closed her account and engaged the law firm of Hunt & Henriques ("H&H") to collect the balance due.  *See* Declaration of Michael S. Hunt ("Hunt Decl.") at ¶ 2.  H&H sent Graff a letter dated February 12, 2007, requesting payment and informing her of her right to request verification of the debt.  *Id*. at ¶ 3, Exh. A.  On February 19, 2007, Schwinn sent H&H a letter stating that he had been retained by Graff "to assist in the matter of debt relief" and for the purpose of dissuading them from filing suit against her.  *Id*. at ¶ 4, Exh. B.

On March 26, 2007, H&H sent Schwinn a letter providing him with the information he had requested about Graff's debt, and asking Mr. Schwinn if he would accept service of process on her behalf.  The letter states, in pertinent part,

> Please advise within ten days if you are authorized to accept service of process on behalf of Ms. [Graff].[2]  If we have not heard from you within ten days of the date of this letter, litigation will proceed and service will be attempted on your client directly.

*Id*. at ¶ 5, Exh. C.  Although the letter requested a response from Mr. Schwinn within ten days, H&H waited almost two months before taking further action, yet they never heard from him again.  *Id*.  This fact is undisputed, as Mr. Schwinn does not claim he wrote any response to the March 26, 2007 letter, and he has already testified that he never contacted Defendants by telephone.  *See* Declaration of Fred W. Schwinn In Support of Motion For Partial Summary Judgment, Docket 11-5, ¶ 6.  Given Mr.

---

[2] H&H's letter mistakenly refers to Graff as "Ms. Gresham," another H&H debtor represented by Mr. Schwinn.  Mr. Schwinn also filed a nearly identical lawsuit against Defendants in this Court on behalf of Ms. Gresham, which was later dismissed.

1  Schwinn's failure to respond, Defendants reasonably concluded that Mr. Schwinn

2  did not represent Graff with respect to the litigation, and on May 15, 2007, Graff was

3  served with the summons and complaint in the underlying collection action.  Hunt

4  Decl. at ¶ 6, Exh. D.

5      Schwinn never made an appearance on behalf of Graff in the collection action,

6  and he never called Defendants regarding that case.  *Id*. at ¶ 7.  Since Graff never

7  responded to the complaint, the Santa Clara County Superior Court entered judgment

8  against her on July 9, 2007.  *Id.* at ¶ 7, Exh. E.  On July 13, 2007, H&H notified

9  Graff that a default had been entered against her.  *Id.*  at ¶ 8, Exh. F.  Once again,

10  neither Graff nor Mr. Schwinn responded to this letter.

11      Instead, Graff and Mr. Schwinn waited six months, and then filed the present

12  action in this Court against Defendants on February 12, 2008.  Graff claims that

13  H&H's July 13, 2007 letter violated section 1692c(a)(2) of the FDCPA because it

14  was sent directly to Graff instead of to Mr. Schwinn, her alleged counsel.  *See*

15  Complaint at ¶ 36.[3]

16      Mr. Schwinn is a material witness in this case.  The case turns on whether he

17  failed to respond to Defendants' March 26, 2007 letter within a reasonable time.

18  Indeed, Mr. Schwinn has already submitted a declaration in support of Graff's

19  pending motion for summary judgment on this key issue.  Defendants are entitled to

20  depose Mr. Schwinn because he was a direct participant in the activity that Graff

21  alleges gives rise to liability.  Mr. Schwinn alone has personal knowledge of the

22  circumstances surrounding his failure to respond to Defendants' letter, and this

23

24

25      [3] Section 1692c(a)(2) states: "[A] debt collector may not communicate with a
consumer in connection with the collection of any debt – if the debt collector knows the

26  consumer is represented by an attorney with respect to such debt and has knowledge of,
or can readily ascertain, such attorney's name and address, **unless the attorney fails to**

27  **respond within a reasonable period of time to a communication from the debt
collector** or unless the attorney consents to direct communication with the consumer."

28  *See* 15 U.S.C. § 1692c(a)(2) (emphasis added).

information could prove essential to the resolution of the action.  The deposition should be allowed.

## III.  ARGUMENT

### A.    Legal Standards Governing Motions To Quash And Requests For Protective Orders

The party seeking a protective order pursuant to Rule 26(c) of the Federal Rule of Civil Procedure bears the burden of demonstrating good cause exists to limit discovery.  *See* Fed. R. Civ. Proc. 26(c) ("The court may, **for good cause**, issue an order to protect a party or person…") (emphasis added));  *Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 352 (D. N.J. 1990) ("The plaintiffs, as the parties seeking the protective order to preclude their attorneys' depositions, bear the burden under Rule 26(c), Fed. R. Civ. P., of demonstrating good cause to preclude or limit the testimony.").

There is no express prohibition on taking the deposition of opposing counsel. Federal courts have repeatedly held that depositions of opposing counsel are proper in certain circumstances, like those present here.  *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) ("the Federal Rules of Civil Procedure do not specifically prohibit the taking of opposing counsel's deposition");  *Mass. Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472,478 (N.D. Cal. 1998) ("there is no express prohibition against the taking of attorney depositions");  *Am. Cas. Co. Of Reading, Penn. v. Krieger*, 160 F.R.D. 582, 588 (S.D. Cal. 1995) ("…there *are* circumstances under which the deposition of a party's attorney will be both necessary and appropriate").

Although Graff claims that "[i]t is a well-established principle that litigation counsel are presumptively entitled to a protective order against being deposed by an adversary" (*see* Motion to Quash (Docket 13-2) at 4:3-4), the cases she cites do not stand for this broad proposition.  Rather, the party seeking the deposition of opposing counsel need only show that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant

1   and nonprivileged; and (3) the information is crucial to the preparation of the case."

2   *Shelton*, 805 F.2d at 1327 (citations omitted).  Defendants have met this burden.

**B.    Defendants Have Met Their Burden Establishing Need For Opposing Counsel's Deposition**

Defendants have no other means to obtain the information they seek, other than to take Mr. Schwinn's deposition.  Only Mr. Schwinn knows the reasons for his failure to respond to H&H's March 26, 2007 letter.  Even if another person learned of the reasons for his failure to respond (such as Graff) testimony on the issue from another witness would be hearsay.  Mr. Schwinn is the only witness with direct, personal knowledge of the reasons why he failed to respond, and the only witness who can give competent, admissible testimony on those reasons.

The information sought is directly relevant to Graff's section 1692c(a)(2) claim and Defendants' affirmative defenses to that claim.  To succeed on her claim, Graff bears the burden of establishing that Mr. Schwinn did not "fail[] to respond within a reasonable period of time" to Defendants' March 26, 2007 letter.  *See* 15 U.S.C. § 1692c(a)(2).   While the Defendants believe that, given the undisputed record,  they can win on this issue as a matter of law, the Court may conclude that a factual dispute exists on this question.  Defendants are entitled to conduct discovery to determine why Mr. Schwinn failed to respond to the letter, and whether that failure was reasonable under the circumstances.

In addition, the Defendants have asserted the affirmative defense of unclean hands in this case.  They are entitled to take the deposition to investigate whether Mr. Schwinn and Graff intentionally failed to respond to H&H's letter in an attempt to fabricate the alleged FDCPA claim asserted in this action.

The information Defendants seek is non-privileged.  By asserting this claim and by offering Mr. Schwinn as a witness in support of her pending motion for summary judgment, Graff has waived any claim of privilege on the issue.  In addition, if Mr. Schwinn and Graff colluded in attempt to manufacture an FDCPA claim against Defendants, the information sought would not be privileged.

1    The discovery sought is crucial to Defendants' case. Defendants believe they

2  acted lawfully in communicating with Graff directly concerning the litigation after

3  Mr. Schwinn failed to respond. However, Defendants are entitled to establish a full

4  record of all the facts and circumstances bearing on Mr. Schwinn's failure to respond

5  to their letter. Since Mr. Schwinn alone has knowledge of the reasons for his failure

6  to respond, his testimony will be crucial on this point. Mr. Schwinn's testimony is

7  also required to support Defendants' affirmative defenses, including their defense of

8  unclean hands.

9    The subpoena issued to Mr. Schwinn is appropriate and should not be

10  quashed. The information the Defendants seek is within his exclusive control, is

11  non-privileged and relevant, and is crucial. Schwinn is a key factual witness, and the

12  case may turn on his testimony.

13    **C.    A Blanket Advance Protective Order Is Not Appropriate Here**

14    Graff has not established good cause for the issuance of a blanket protective

15  order barring Mr. Schwinn's deposition in advance and in its entirety. She provides

16  no basis for seeking a protective order in advance of the deposition, rather than

17  utilizing standard methods for objecting to particular questions at the time they are

18  asked. In fact, Graff indicates that she has "no indication of the subject or scope of

19  the information [Defendants] seek." Motion to Quash at 6:9-10. Since she purports

20  to be wholly unaware of the reasons why the deposition is being sought, Graff cannot

21  reasonably claim the information sought is so sensitive as to justify a blanket,

22  advance protective order. If, at his deposition, Mr. Schwinn believes a question is

23  improper, he may object to it, and if he believes that his answer will reveal privileged

24  information, and that the privilege has not been waived, he may refuse to answer.

25    Graff relies heavily on *Shelton v. American Motors Corporation*, 805 F.2d

26  1323, but that case does not help her. In *Shelton*, opposing counsel was not a fact

27  witness with firsthand knowledge of the events allegedly giving rise to liability, like

28  Mr. Schwinn is here. Courts have repeatedly permitted a party to depose opposing

counsel when the "attorney is a fact witness, such as an 'actor or a viewer.'" *Am. Cas. Co. Of Reading, Penn. v. Krieger*, 160 F.R.D. at 588 (deposition allowed where attorneys were "witnesses to, and participants in, events and communications regarding" the circumstances giving rise to liability); *see also Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 352 (D. N.J. 1990) ("In cases where the attorney's conduct itself is the basis of a claim or defense, there is little doubt that the attorney may be examined as any other witness."). Given that Mr. Schwinn is a key fact witness with exclusive knowledge of events upon which the Complaint is based, *Shelton* is distinguishable.

The *Shelton* plaintiff sought the deposition in order to bypass the discovery process and gain the benefit of the opposing counsel's work product. That court held the deposition was improper because "counsel's task in preparing for trial would be much easier if he could dispense with interrogatories, document requests, and depositions of lay persons, and simply depose opposing counsel in an attempt to identify the information that opposing counsel has decided is relevant and important to his legal theories and strategy." *Id.* Here, by contrast, Defendants seek information concerning Schwinn's involvement in the very events allegedly giving rise to the claim asserted by Graff, not his work-product developed in preparation for this litigation.

Since Defendants had not allegedly violated the FDCPA before Mr. Schwinn failed to respond to their March 26, 2007 letter, the deposition could not reasonably reveal Mr. Schwinn's work product or litigation strategy for this case unless, of course, Mr. Schwinn was already planning how to set up Defendants so he could file this case. If Mr. Schwinn and Graff purposely failed to respond to H&H's letter in an effort to manufacture an alleged violation of the FDCPA, then his testimony will be directly relevant to affirmative defense of unclean hands.

IV.    **CONCLUSION**

Mr. Schwinn is a key fact witness in this case.  He may not avoid submitting to discovery simply because he represents the Plaintiff.   The discovery sought is not available from any other source, is highly relevant, is non-privileged, and is crucial to the case.  The motion should be denied.

DATED: July 8, 2008                    SIMMONDS & NARITA LLP
                                       TOMIO B. NARITA
                                       ROBIN M. BOWEN


                            By:    /s/  Robin M. Bowen
                                   Robin M. Bowen
                                   Attorneys for Defendants
                                   Hunt & Henriques, Michael Scott Hunt
                                   and Janalie Ann Henriques

TOMIO B. NARITA (SBN 156576)
ROBIN M. BOWEN (SBN 230309)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:  (415) 352-2625
tnarita@snllp.com
rbowen@snllp.com

Attorneys for Defendants
Hunt & Henriques, Michael Scott Hunt
and Janalie Ann Henriques

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JO ANNE GRAFF, | CASE NO.: C08 00908 JF (PVT) |
| Plaintiff, | **DECLARATION OF MICHAEL S. HUNT IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEPOSITION SUBPOENA OF FRED W. SCHWINN** |
| vs. | |
| HUNT & HENRIQUES, a general partnership, MICHAEL SCOTT HUNT, individually and in his official capacity, and JANALIE ANN HENRIQUES, individually and in her official capacity, | Date:   July 29, 2008<br>Time:  10:00 a.m.<br>Ctrm:   5, Fourth Floor |
| Defendants. | Honorable Patricia V. Trumbull |

I, Michael S. Hunt, declare:

1.     I am an attorney licensed to practice law in the State of California.  I am a partner in the firm of Hunt & Henriques, a defendant in this action.  I make this declaration in support of the Defendants' Opposition to Plaintiff's Motion to Quash the Deposition Subpoena of Fred W. Schwinn.  I have personal knowledge of the facts set forth herein, and could and would testify thereto if called upon to do so.

2.     Citibank (South Dakota) N.A. retained Hunt & Henriques to collect the balance due on Plaintiff Jo Anne Graff's ("Graff") delinquent Citibank credit card account.

3.     On February 12, 2007, Hunt & Henriques sent Graff a letter requesting payment of her debt and informing her of her right to request verification.  A true and correct copy of this letter is attached hereto as **Exhibit A**.

4.     On or about February 20, 2007, Hunt & Henriques received a letter from Fred W. Schwinn.  A true and correct copy of this letter, dated February 19, 2007, is attached hereto as **Exhibit B**.

5.     On March 26, 2007, Hunt & Henriques sent a letter to Mr. Schwinn, asking him if he would accept service of process on behalf of Graff, and informing him that if he did not respond within ten days, litigation would proceed and service would be attempted on his client directly.  Our firm never received any response to this letter.  A true and correct copy of this letter is attached hereto as **Exhibit C**.

6.     Given that Mr. Schwinn did not respond, Hunt & Henriques concluded that Mr. Schwinn did not represent Graff with respect to litigation on the account.  Our firm filed suit on behalf of Citibank in the California Superior Court for the County of Santa Clara.  On May 15, 2007, Graff was served with that summons and complaint.  A true and correct copy of the proof of service is attached hereto as **Exhibit D**.

7.     Neither Graff, nor Mr. Schwinn, nor anyone else acting on her behalf made an appearance in the state court action.  On July 9, 2007, the court entered

default judgment against Graff.  A true and correct copy of the default is attached hereto as **Exhibit E**.

8.    Hunt & Henriques mailed a letter to Graff on July 13, 2007, informing her that the court had entered judgment against her and that Hunt & Henriques intended to pursue collection of the judgment.  A true and correct copy of this letter is attached hereto as **Exhibit F**.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.  Executed at San Jose, California on this 7th day of July, 2008.

By: _____
                Michael S. Hunt

Exhibit A

## HUNT & HENRIQUES
### ATTORNEYS AT LAW

MICHAEL S. HUNT

JANALIE HENRIQUES

151 BERNAL ROAD, SUITE B
SAN JOSE, CALIFORNIA 95119-1306

AREA CODE 408
TELEPHONE 362 - 2270
FACSIMILE 362 - 2299

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

February 12, 2007

RE:    CITIBANK (SOUTH DAKOTA) N.A.   Account Number: 5466160018089621
       Balance as of February 12, 2007: $6,031.79

Dear JO A GRAFF:

Our client, CITIBANK (SOUTH DAKOTA) N.A., has engaged this law firm to make demand for payment in full on your account referenced above.  Your account is in default and has been closed, and formal demand is now being made for the entire outstanding balance.  As of the date of this letter, your total debt is $6,031.79.  This amount may increase because of interest.

If you want to resolve this matter without a lawsuit, you must pay the outstanding balance stated above to satisfy your account.

Our client considers this to be a serious matter.  A legal proceeding is a matter of public record.  If a lawsuit is filed, the local court could enter a judgment against you for the entire balance of your account plus, to the extent provided in your account agreement and permitted by law, attorney's fees, court costs and interest.  If a judgment is entered against you, it may appear on your credit record for up to seven (7) years and may affect your ability to obtain credit, employment and/or housing.

**Federal law gives you 30 days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute the validity of the debt, or any part of it, within that period, we will assume that the debt is valid. If you dispute the debt, or any part of it, in writing  - by mailing a notice to this firm to that effect on or before the 30th day following the date you receive this letter - we will obtain and mail to you proof (verification) of the debt. And if, within the same period, you request in writing the name and address of the original creditor (if different from our client), we will furnish you with that information too. Upon receipt of you written dispute, all efforts to collect this debt will be suspended until we mail any required information to you. Our client will wait until sufficient time has elapsed for this firm to be able to receive a written notice of dispute from you - even if you mail it on the 30th day following the date you receive this letter - before authorizing us to file suit against you to collect this debt.**

### *Additional important disclosures continued on reverse...*

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

---

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP (1-877-382-4357) or www.ftc.gov.

This communication is from a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose.

You may contact us toll free at 1-800-680-2426.

Very truly yours,

Michael S. Hunt
Janalie Henriques
HUNT & HENRIQUES

---

X0700502

Exhibit B

# Consumer Law Center, Inc.

12 South First Street, Suite 416
San Jose, CA  95113-2404
(408) 294-6100
Fax: (408) 294-6190

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: 408-362-2299

To:            Hunt & Henriques
From:          Fred W. Schwinn
Client/Matter: Jo Anne Graff-5466-1600-1808-9621
Date:          February 19, 2007

DOCUMENTS                                    NUMBER OF PAGES*
Letter                                       2

COMMENTS:
Original will NOT follow.

*The information contained in this facsimile message is information protected by attorney client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US
IMMEDIATELY AT (408) 294-6100.

X0700502/123

# CONSUMER LAW CENTER, INC.
12 South First Street, Suite 416
San Jose, CA  95113-2404

Fred W. Schwinn
fred.schwinn@sjconsumerlaw.com

(408) 294-6100
Fax (408) 294-6190

Via Fax to: 408-362-2299

February 19, 2007

Hunt & Henriques
151 Bernal Road, Suite 8
San Jose, CA  95119-1306

In the Matter of:    Jo Anne Graff
                     210 El Carmelo Avenue
                     Palo Alto, CA  94306-2377

Your Account or File No(s).: 5466-1600-1808-9621

Dear Sir or Madam:

I have attached a copy of your most recent correspondence for your reference.  Please be advised that the consumer debtor in the matter referenced above has retained the services of the Consumer Law Center, Inc., to assist in the matter of debt relief.  The purpose of this letter is two-fold.  First, I wish to provide you with written notice in your capacity as a creditor, collection agent, or collection attorney that this consumer debtor, now our client, is in fact and in law REPRESENTED BY AN ATTORNEY.  As a result of this notice, and pursuant to Sections 1692b(6) and 1692c(a)(2) of Title 15 of the United States Code and Section 1788.14(c) of the California Civil Code, you are to immediately terminate any further direct or indirect contacts with our client.  Please note that such prohibited contacts include, but are not limited to, all forms of communication by letter, phone, fax, email or any other means.  This also includes any contact directly or indirectly with any employer, family member, friend, or other creditor of our client.

Second, this letter is intended to dissuade your firm from filing a lawsuit against our client and reducing the amount that is allegedly owed to a judgment.  Should you choose to file a lawsuit against our client in this matter, please be advised that I have reviewed with our client the list of California exemptions provided by the Judicial Counsel of California and I have determined that our client owns no property that could be subject to attachment or levy.  Furthermore, our client is disabled and unemployed.  Our client is therefore "judgement proof."  Should you decide to reduce the amount allegedly owed to a judgment, it will remain uncollectible.

Upon receipt of this letter, any future direct or indirect contacts with our client will result in our office filing a claim against you under the Federal Fair Debt Collection Act, the California Civil Code, and any other available and applicable state or federal laws.  If it becomes necessary to file any and all such claims, then please be advised and take due notice that our client will be seeking actual damages, statutory damages, court costs, and our reasonable attorney fees based on our hourly

rate of $ 300.00.  You are also hereby placed on notice that if unlawful and illegal conduct persists or is egregious, then our client will also seek an award of punitive damages as may be determined at the discretion of the Court.

Based on the foregoing, any further communications concerning our client and/or the subject debt must be directed to the Consumer Law Center, Inc.  Be advised that any request for information will be addressed in a reasonable time period.

Until advised otherwise, you should mark this matter as "disputed."  I anticipate your cooperation herein.

Very Truly Yours,

Fred W. Schwinn, Esq.

# HUNT & HENRIQUES
### ATTORNEYS AT LAW
161 BERNAL ROAD, SUITE B
SAN JOSE, CALIFORNIA 95119-1306

MICHAEL S. HUNT
JANALIE HENRIQUES

AREA CODE 408
TELEPHONE 362-2270
FACSIMILE 362-2299

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

February 12, 2007

RE:    CITIBANK (SOUTH DAKOTA) N.A.  Account Number: 5466160018089621
       Balance as of February 12, 2007: $6,031.79

Dear JO A GRAFF:

Our client, CITIBANK (SOUTH DAKOTA) N.A., has engaged this law firm to make demand for payment in full on your account referenced above. Your account is in default and has been closed, and formal demand is now being made for the entire outstanding balance. As of the date of this letter, your total debt is $6,031.79. This amount may increase because of interest.

If you want to resolve this matter without a lawsuit, you must pay the outstanding balance stated above to satisfy your account.

Our client considers this to be a serious matter. A legal proceeding is a matter of public record. If a lawsuit is filed, the local court could enter a judgment against you for the entire balance of your account plus, to the extent provided in your account agreement and permitted by law, attorney's fees, court costs and interest. If a judgment is entered against you, it may appear on your credit record for up to seven (7) years and may affect your ability to obtain credit, employment and/or housing.

**Federal law gives you 30 days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute the validity of the debt, or any part of it, within that period, we will assume that the debt is valid. If you dispute the debt, or any part of it, in writing - by mailing a notice to this firm to that effect on or before the 30th day following the date you receive this letter - we will obtain and mail to you proof (verification) of the debt. And if, within the same period, you request in writing the name and address of the original creditor (if different from our client), we will furnish you with that information too. Upon receipt of you written dispute, all efforts to collect this debt will be suspended until we mail any required information to you. Our client will wait until sufficient time has elapsed for this firm to be able to receive a written notice of dispute from you - even if you mail it on the 30th day following the date you receive this letter - before authorizing us to file suit against you to collect this debt.**

### *Additional important disclosures continued on reverse...*

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP (1-877-382-4357) or www.ftc.gov.

This communication is from a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose.

You may contact us toll free at 1-800-680-2426.

Very truly yours,

Michael S. Hunt
Janalie Henriques
HUNT & HENRIQUES

X0700502

Exhibit C

## HUNT & HENRIQUES
ATTORNEYS AT LAW
151 BERNAL ROAD, SUITE 8
SAN JOSE, CA 95119-1306

MICHAEL S. HUNT
JANALIE HENRIQUES

AREA CODE 408
TELEPHONE 362-2270
FACSIMILE 362-2299

March 26, 2007

Attn: Fred W. Schwinn, Esq.
      Consumer Law Center
      12 South First Street, Suite #416
      San Jose, CA 95113-2404

**RE: JO A GRAFF**
      **CITIBANK(SOUTH DAKOTA)N.A. ACCT NO: 5466160018089621**

Dear Mr. Schwinn:

Your recent correspondence has been forwarded to me for response.

Pursuant to your client's request, I am providing you with the following account documents:

1.   Account statements from: 02/28/2006 to 01/31/2007

Please advise within ten days if you are authorized to accept service of process on behalf of Ms. Gresham.  If we have not heard from you within ten days of the date of this letter, litigation will proceed and service will be attempted on your client directly.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND ALL INFORMATION OBTAINED WILL BE USED TO COLLECT THE DEBT.

Yours truly,

Michael S. Hunt
HUNT & HENRIQUES

03/24/06    $4807.48    $100.00    SITE:KC-CL  TM:CL-5000  ACID:KCB0030
PMT DUE DATE    NEW BALANCE    MIN AMT DUE                    03/01/07    00:55:43:

                                          CITI CARDS
                                          P.O. BOX 6420
JO A GRAFF                                THE LAKES, NV
210 EL CARMELO AVE                        88901-6420
PALO ALTO           CA
94306-2377000

## Citi® AAdvantage® World MasterCard® 

AAdvantage is a registered trademark of American Airlines, Inc.

Account Number
5466 1600 1808 9621

| Customer Service: | Revolving Credit Line | Available Revolving Credit Line | Cash Advance Limit | Available Cash Limit | New Balance |
|---|---|---|---|---|---|
| 888-766-CITI (2484) | $5000 | $192 | $1500 | $192 | $4807.48 |
| BOX 6000 | Statement/ | Amount Over | Past Due | Purch/Adv | Minimum |
| THE LAKES, NV | Closing Date | Revolving Credit Line | | Minimum Due | Amount Due |
| 89163-6000 | 02/28/2006 | $0.00 + | $0.00 + | $100.00 = | $100.00 |

| Sale Date | Post Date | Reference Number | Activity Since Last Statement | Amount |
|---|---|---|---|---|
| | 2/28 | | **Standard Purch**<br>MEMBERSHIP FEE FEB 06-DEC 06<br>SEE REVERSE FOR MORE RENEWAL INFORMATION<br>74    0000 | 41.60<br>0000000000 |
| | 2/28 | | CRED PROTECTOR FEE-MONTHLY 800-950-5114<br>74    0000 | 32.94<br>0000000000 |
| | 2/28 | | PURCHASES*FINANCE CHARGE*PERIODIC RATE<br>84    0000 | 64.06<br>0000000000 |

*** CITI AADVANTAGE MILES UPDATE ***
Miles Accumulated This Billing Period:          0

Remember, with a no-preset spending limit you now have more financial
flexibility.  But you MUST PAY IN FULL any charges over the revolving credit
line indicated.

Your current nominal annual percentage rate for purchases may vary  monthly
and is based on the Wall Street Journal Prime Rate plus  9.900%. However, if
you default on any Card Agreement, your rate may increase.  The new rate will
be the Prime Rate plus  up to 19.990%, based on the nature of defaults and
performance indications.  These rates apply to your account at the time this
statement was printed.

The Excess Collision Loss/Damage Insurance coverage on your Citi(R) World
MasterCard(R) will change to MasterRental(R) Insurance effective 4/1/06. Please
see enclosed insert or website below for details.
http://www.citibank.com/us/cards/gen-content/en.htm

| Account Summary | Previous Balance | (+) Purchases & Advances | (-) Payments & Credits | (+) FINANCE CHARGE | (=) New Balance |
|---|---|---|---|---|---|
| PURCHASES | $4,668.88 | $74.54 | $0.00 | $64.06 | $4,807.48 |
| ADVANCES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL | $4,668.88 | $74.54 | $0.00 | $64.06 | $4,807.48 |

Days This Billing Period: 29

| Rate Summary | Balance Subject to Finance Charge | Periodic Rate | Nominal APR | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|
| PURCHASES | | | | |
| Standard Purch | $4,701.16 | 0.04699%(D) | 17.150% | 17.150% |
| ADVANCES | | | | |
| Standard Adv | $0.00 | 0.05477%(D) | 19.990% | 19.990% |

04/24/06    $4870.38    $101.00    SITE:KC-CL    TM:CL-5000    ACID:KCB0030
                                                    03/01/07    00:55:43:

PMT DUE DATE    NEW BALANCE    MIN AMT DUE

CITI CARDS
P.O. BOX 6420
THE LAKES, NV
88901-6420

JO A GRAFF
210 EL CARMELO AVE
PALO ALTO          CA
94306-2377000

# Citi® A*Advantage® World MasterCard®

Citi

AAdvantage is a registered trademark of American Airlines, Inc.

Account Number
5466 1600 1808 9621

Customer Service:
888-766-CITI (2484)

BOX 6000
THE LAKES, NV
89163-6000

| | Revolving Credit Line | Available Revolving Credit Line | Cash Advance Limit | Available Cash Limit | New Balance |
|---|---|---|---|---|---|
| | $5000 | $129 | $1500 | $129 | $4870.38 |
| Statement/ Closing Date 03/30/2006 | Amount Over Revolving Credit Line $0.00 + | Past Due $0.00 + | Purch/Adv Minimum Due $101.00 = | Minimum Amount Due $101.00 |

| Sale Date | Post Date | Reference Number | Activity Since Last Statement | Amount |
|---|---|---|---|---|
| | 3/16 | K0004006 | Payments, Credits & Adjustments<br>PAYMENT THANK YOU<br>70  F0000          0000 | -105.00<br>27000004995 |
| 3/18 | 3/18 | 22Z5D66S | Standard Purch<br>ITV DIRECT - SEA VEGG  800-215-0063  MA<br>61  A5969US          2222 | 99.80<br>85306446078 |
| | 3/30 | | PURCHASES*FINANCE CHARGE*PERIODIC RATE<br>84  0000 | 68.10<br>0000000000 |

*** CITI AADVANTAGE MILES UPDATE ***
Miles Accumulated This Billing Period:        100
                    Earned Miles:        100
Miles Reported To American Airlines:        100

Remember, with a no-preset spending limit you now have more financial
flexibility.  But you MUST PAY IN FULL any charges over the revolving credit
line indicated.

FREE SERVICES FOR CITI(R)/AAdvantage(R) CARDMEMBERS.  Manage your
Citi(R)/AAdvantage(R) Card account online securely, anytime-whether you want to
check your balance, see if a payment was received or pay your bill online.
Register now at citicards.com

| Account Summary | Previous Balance | (+) Purchases & Advances | (-) Payments & Credits | (+) FINANCE CHARGE | (=) New Balance |
|---|---|---|---|---|---|
| PURCHASES | $4,807.48 | $99.80 | $105.00 | $68.10 | $4,870.38 |
| ADVANCES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL | $4,807.48 | $99.80 | $105.00 | $68.10 | $4,870.38 |

Days This Billing Period: 30

| Rate Summary | Balance Subject to Finance Charge | Periodic Rate | Nominal APR | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|
| PURCHASES<br>Standard Purch | $4,831.08 | 0.04699%(D) | 17.150% | 17.150% |
| ADVANCES<br>Standard Adv | $0.00 | 0.05477%(D) | 19.990% | 19.990% |

05/23/06  $4817.76  $100.00      SITE:KC-CL   TM:CL-5000   ACID:KCB0030
PMT DUE DATE   NEW BALANCE   MIN AMT DUE              03/01/07     00:55:43:

                                    CITI CARDS
                                    P.O. BOX 6420
JO A GRAFF                          THE LAKES, NV
210 EL CARMELO AVE                  88901-6420
PALO ALTO           CA
94306-2377000

# Citi® AAdvantage® World MasterCard®
AAdvantage is a registered trademark of American Airlines, Inc.



**Account Number**
5466 1600 1808 9621

| Customer Service: | Revolving Credit Line | Available Revolving Credit Line | Cash Advance Limit | Available Cash Limit | New Balance |
|---|---|---|---|---|---|
| 888-766-CITI (2484) | $5000 | $182 | $1500 | $182 | $4817.76 |
| BOX 6000 | Statement/ Closing Date | Amount Over Revolving Credit Line | Past Due | Purch/Adv Minimum Due | Minimum Amount Due |
| THE LAKES, NV | | | | | |
| 89163-6000 | 04/28/2006 | $0.00 + | $0.00 + | $100.00 = | $100.00 |

| Sale Date | Post Date | Reference Number | Activity Since Last Statement | | Amount |
|---|---|---|---|---|---|
| | | | **Payments, Credits & Adjustments** | | |
| | 4/22 | K0004003 | PAYMENT THANK YOU | | -120.00 |
| | | | 70  F0000          0000 | 27000004995 | |
| | 4/28 | | **Standard Purch** | | 67.38 |
| | | | PURCHASES*FINANCE CHARGE*PERIODIC RATE | | 0000000000 |
| | | | 84     0000 | | |

*** CITI AADVANTAGE MILES UPDATE ***
Miles Accumulated This Billing Period:        0

Remember, with a no-preset spending limit you now have more financial
flexibility.  But you MUST PAY IN FULL any charges over the revolving credit
line indicated.

Life happens. But bills like this don't have to.  Safeguard this account with
Credit Protector!  It gives you some financial breathing room when life
changing events interrupt your income or stress your budget. To enroll, call
1-888-863-8407.

| Account Summary | Previous Balance | (+) Purchases & Advances | (-) Payments & Credits | (+) FINANCE CHARGE | (=) New Balance |
|---|---|---|---|---|---|
| PURCHASES | $4,870.38 | $0.00 | $120.00 | $67.38 | $4,817.76 |
| ADVANCES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL | $4,870.38 | $0.00 | $120.00 | $67.38 | $4,817.76 |

Days This Billing Period: 29

| Rate Summary | Balance Subject to Finance Charge | Periodic Rate | Nominal APR | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|
| PURCHASES Standard Purch | $4,874.02 | 0.04767%(D) | 17.400% | 17.400% |
| ADVANCES Standard Adv | $0.00 | 0.05477%(D) | 19.990% | 19.990% |

```
        06/23/06    $4809.78    $160.02      SITE:KC-CL   TM:CL-5000   ACID:KCB0030
        PAYMENT DUE DATE  NEW BALANCE  NEW AMT DUE                     03/01/07     00:55:43:
```

```
                                    CITI CARDS
                                    P.O. BOX 6420
        JO A GRAFF                  THE LAKES, NV
        210 EL CARMELO AVE          88901-6420
        PALO ALTO              CA
        94306-2377000
```

# Citi® A'Advantage® World MasterCard®

AAdvantage is a registered trademark of American Airlines, Inc.



Account Number
5466 1600 1808 9621

| Customer Service:<br>888-766-CITI (2484)<br>BOX 6000<br>THE LAKES, NV<br>89163-6000 | Revolving<br>Credit Line<br>$5000 | Available Revolving<br>Credit Line<br>$190<br>Amount Over<br>Revolving Credit Line<br>$0.00 | Cash Advance Limit<br>$1500 | Available Cash Limit<br>$190 | New Balance<br>$4809.78 |
|---|---|---|---|---|---|
| | Statement/<br>Closing Date<br>05/31/2006 | | Past Due<br>$0.00 + | Purch/Adv<br>Minimum Due<br>$160.02 = | Minimum<br>Amount Due<br>$160.02 |

| Sale Date | Post Date | Reference Number | Activity Since Last Statement | Amount |
|---|---|---|---|---|
| | 5/24 | K0004003 | **Payments, Credits & Adjustments**<br>PAYMENT THANK YOU<br>70  F0000          0000 | -120.00<br>27000004995 |
| | 5/31 | | **Standard Purch**<br>LATE FEE - APR PAYMENT PAST DUE<br>66   0000 | 35.00<br>0000000000 |
| | 5/31 | | PURCHASES*FINANCE CHARGE*PERIODIC RATE<br>84   0000 | 77.02<br>0000000000 |

```
*** CITI AADVANTAGE MILES UPDATE ***
Miles Accumulated This Billing Period:          0
```

Remember, with a no-preset spending limit you now have more financial
flexibility. But you MUST PAY IN FULL any charges over the revolving credit
line indicated.

Our records show home phone 650-320-9402 and business phone 408-730-3815.
Please update coupon if incorrect.

Happy 25th Anniversary to the AAdvantage(R) Program!  American Airlines
launched the world's 1st frequent flyer program in 1981. Several HUGE
promotions and events are planned to celebrate this milestone - so don't miss
out! Details at www.aa.com/25

Want to receive your billing statement in Spanish?  Prefiere recibir su estado
de cuenta en Español?  Llámenos al 1-800-947-9100, o elija su idioma de
preferencia en www.tarjetasciti.com, modificando su Perfil Personal en la
sección Administrar mi Cuenta.

| Account Summary | Previous<br>Balance | (+) Purchases<br>& Advances | (-) Payments<br>& Credits | (+) FINANCE<br>CHARGE | (=) New<br>Balance |
|---|---|---|---|---|---|
| PURCHASES | $4,817.76 | $35.00 | $120.00 | $77.02 | $4,809.78 |
| ADVANCES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL | $4,817.76 | $35.00 | $120.00 | $77.02 | $4,809.78 |

Days This Billing Period: 33

| Rate Summary | Balance Subject to<br>Finance Charge | Periodic<br>Rate | Nominal<br>APR | ANNUAL<br>PERCENTAGE RATE |
|---|---|---|---|---|
| PURCHASES<br>Standard Purch | $4,826.08 | 0.04836%(D) | 17.650% | 17.650% |
| ADVANCES<br>Standard Adv | $0.00 | 0.05477%(D) | 19.990% | 19.990% |

```
        07/24/06    $4754.79    $115.08    SITE:KC-CL   TM:CL-5000   ACID:KCB0030
        PMT DUE DATE  NEW BALANCE  MIN AMT DUE                        03/01/07   00:55:43:
```

```
                                CITI CARDS
                                P.O. BOX 6420
    JO A GRAFF                   THE LAKES, NV
    210 EL CARMELO AVE           88901-6420
    PALO ALTO          CA
    94306-2377000
```

# Citi® AAdvantage® World MasterCard®

AAdvantage is a registered trademark of American Airlines, Inc.

**Account Number**
5466 1600 1808 9621

| Customer Service: | Revolving Credit Line | Available Revolving Credit Line | Cash Advance Limit | Available Cash Limit | New Balance |
|---|---|---|---|---|---|
| 888-766-CITI (2484) | $5000 | $245 | $1500 | $245 | $4754.79 |
| BOX 6000 | Statement/ | Amount Over | Past Due | Purch/Adv | Minimum |
| THE LAKES, NV | Closing Date | Revolving Credit Line | | Minimum Due | Amount Due |
| 89163-6000 | 06/29/2006 | $0.00 | $0.00 + | $115.08 = | $115.08 |

| Sale Date | Post Date | Reference Number | Activity Since Last Statement | Amount |
|---|---|---|---|---|
| | | | **Payments, Credits & Adjustments** | |
| | 6/20 | K0006004 | PAYMENT THANK YOU | -170.00 |
| | | | 70  F0000          0000 | 27000004995 |
| 6/01 | 6/01 | GSNZPHJF | GLOBAL LIGHT NETWORK    SAN ANTONIO    TX | -40.00 |
| | | | 71  7372US         2222 | 55503626153 |
| | 6/20 | | REFUND LATE FEE | -35.00 |
| | | | 78  0000 | 0000000000 |
| | | | **Standard Purch** | |
| 5/31 | 6/01 | 9961PHJF | GLOBAL LIGHT NETWORK    SAN ANTONIO    TX | 32.00 |
| | | | 61  A7372US        2222 | 55503626152 |
| 5/31 | 6/01 | 0861PHJF | GLOBAL LIGHT NETWORK    SAN ANTONIO    TX | 89.93 |
| | | | 61  A7372US        2222 | 55503626152 |
| | 6/29 | | PURCHASES*FINANCE CHARGE*PERIODIC RATE | 68.08 |
| | | | 84  0000 | 0000000000 |

```
*** CITI AADVANTAGE MILES UPDATE ***
Miles Accumulated This Billing Period:        82
                Earned Miles:                 82
Miles Reported To American Airlines:          82
```

```
Remember, with a no-preset spending limit you now have more financial
flexibility.  But you MUST PAY IN FULL any charges over the revolving credit
line indicated.
```

```
Life happens. But bills like this don't have to.  Get Credit Protector for
those times when life-changing events like job loss, disability, moving, or
going to college interrupt your income or strain your budget. To enroll call,
1-888-395-9159.
```

| Account Summary | Previous Balance | (+) Purchases & Advances | (-) Payments & Credits | (+) FINANCE CHARGE | (=) New Balance |
|---|---|---|---|---|---|
| PURCHASES | $4,809.78 | $121.93 | $245.00 | $68.08 | $4,754.79 |
| ADVANCES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL | $4,809.78 | $121.93 | $245.00 | $68.08 | $4,754.79 |

Days This Billing Period: 29

| Rate Summary | Balance Subject to Finance Charge | Periodic Rate | Nominal APR | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|
| PURCHASES | | | | |
| Standard Purch | $4,854.13 | 0.04836%(D) | 17.650% | 17.650% |
| ADVANCES | | | | |
| Standard Adv | $0.00 | 0.05477%(D) | 19.990% | 19.990% |

08/24/06    $4947.26    $274.83    SITE:KC-CL    TM:CL-5000    ACID:KCB0030
PAY DUE DATE    NEW BALANCE    MIN AMT DUE                    03/01/07    00:55:43:

CITI CARDS
P.O. BOX 6420
JO A GRAFF                                    THE LAKES, NV
210 EL CARMELO AVE                              88901-6420
PALO ALTO            CA
94306-2377000

# Citi® AAdvantage® World MasterCard®
AAdvantage is a registered trademark of American Airlines, Inc.

**Account Number**
5466 1600 1808 9621

| Customer Service: | Revolving Credit Line | Available Revolving Credit Line | Cash Advance Limit | Available Cash Limit | New Balance |
|---|---|---|---|---|---|
| 888-766-CITI (2484) | $5000 | $52 | $1500 | $52 | $4947.26 |
| BOX 6000 | Statement/ Closing Date | Amount Over Revolving Credit Line | Past Due | Purch/Adv Minimum Due | Minimum Amount Due |
| THE LAKES, NV 89163-6000 | 07/31/2006 | $0.00 | $115.08 + | $159.75 = | $274.83 |

| Sale Date | Post Date | Reference Number | Activity Since Last Statement | Amount |
|---|---|---|---|---|
| | 7/31 | | Standard Purch LATE FEE - JUN PAYMENT PAST DUE 66   0000 | 35.00 0000000000 |
| 7/18 | 7/18 | T5NZZ600 | COMCAST CABLE COMM    800-COMCAST   CA 61  A4899US        2222 | 81.72 55432866199 |
| | 7/31 | | PURCHASES*FINANCE CHARGE*PERIODIC RATE 84   0000 | 75.75 0000000000 |

```
        *** CITI AADVANTAGE MILES UPDATE ***
        Miles Accumulated This Billing Period:        82
                      Earned Miles:                    82
        Miles Reported To American Airlines:           82
```

Remember, with a no-preset spending limit you now have more financial
flexibility. But you MUST PAY IN FULL any charges over the revolving credit
line indicated.

The Annual Percentage Rate on your account may increase due to one of the
following reasons stated in your Card Agreement with us: if you fail to make a
payment to us when due, you exceed your credit line or you make a payment to
us that is not honored by your bank.

Please see enclosed privacy notice for important information.

Want to receive your billing statement in Spanish? Para recibir su estado de
cuenta en Castellano, por favor llame al 1-800-947-9100, o visite
www.tarjetasciti.com y elija su idioma modificando su Perfil Personal en
"Administrar mi Cuenta."

| Account Summary | Previous Balance | (+) Purchases & Advances | (-) Payments & Credits | (+) FINANCE CHARGE | (=) New Balance |
|---|---|---|---|---|---|
| PURCHASES | $4,754.79 | $116.72 | $0.00 | $75.75 | $4,947.26 |
| ADVANCES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL | $4,754.79 | $116.72 | $0.00 | $75.75 | $4,947.26 |

Days This Billing Period: 32

| Rate Summary | Balance Subject to Finance Charge | Periodic Rate | Nominal APR | **ANNUAL PERCENTAGE RATE** |
|---|---|---|---|---|
| PURCHASES Standard Purch | $4,826.98 | 0.04904%(D) | 17.900% | 17.900% |
| ADVANCES Standard Adv | $0.00 | 0.05477%(D) | 19.990% | 19.990% |

09/25/06    $5119.05    $616.67        SITE:KC-CL   TM:CL-5000   ACID:KCB0030
PMT DUE DATE   NEW BALANCE   MIN AMT DUE                          03/01/07     00:55:43:

                              CITI CARDS
                              P.O. BOX 6420
JO A GRAFF                    THE LAKES, NV
210 EL CARMELO AVE            88901-6420
PALO ALTO              CA
94306-2377000

# Citi® AAdvantage® World MasterCard®



AAdvantage is a registered trademark of American Airlines, Inc.

Account Number
5466 1600 1808 9621

| Customer Service: | Revolving Credit Line | Available Revolving Credit Line | Cash Advance Limit | Available Cash Limit | New Balance |
|---|---|---|---|---|---|
| 1-800-388-2200 | $5000 | $0 | $1500 | $0 | $5119.05 |
| BOX 6000 | Statement/ Closing Date | Amount Over Revolving Credit Line | Past Due | Purch/Adv Minimum Due | Minimum Amount Due |
| THE LAKES, NV 89163-6000 | 08/30/2006 | $119.05 | $274.83 + | $341.84 = | $616.67 |

| Sale Date | Post Date | Reference Number | Activity Since Last Statement | Amount |
|---|---|---|---|---|
| | | | Standard Purch | |
| | 8/30 | 66    0000 | LATE FEE - JUL PAYMENT PAST DUE | 39.00 |
| | | | | 0000000000 |
| | 8/30 | 84    0000 | PURCHASES*FINANCE CHARGE*PERIODIC RATE | 132.79 |
| | | | | 0000000000 |

*** CITI AADVANTAGE MILES UPDATE ***
Miles Accumulated This Billing Period:          0

Remember, with a no-preset spending limit you now have more financial
flexibility.  But you MUST PAY IN FULL any charges over the revolving credit
line indicated.

Your late fee was based on your account balance as of the payment due date
(08/24/06), which was $4,947.26.

The Annual Percentage Rate on your account has been increased due to one of the
following reasons stated in your Card Agreement with us: you failed to make a
payment to us when due, you exceed your credit line or you made a payment to
us that was not honored by your bank.

The pur/adv min due displayed above includes any transactions that exceed your
revolving credit line.

| Account Summary | Previous Balance | (+) Purchases & Advances | (-) Payments & Credits | (+) FINANCE CHARGE | (=) New Balance |
|---|---|---|---|---|---|
| PURCHASES | $4,947.26 | $39.00 | $0.00 | $132.79 | $5,119.05 |
| ADVANCES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL | $4,947.26 | $39.00 | $0.00 | $132.79 | $5,119.05 |

Days This Billing Period: 30

| Rate Summary | Balance Subject to Finance Charge | Periodic Rate | Nominal APR | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|
| PURCHASES | | | | |
| Standard Purch | $5,011.15 | 0.08833%(D) | 32.240% | 32.240% |
| ADVANCES | | | | |
| Standard Adv | $0.00 | 0.08833%(D) | 32.240% | 32.240% |

```
          10/24/06    $5295.45    $845.07        SITE:KC-CL   TM:CL-5000   ACID:KCB0030
          PMT DUE DATE  NEW BALANCE  MIN AMT DUE                03/01/07                00:55:43:
```

```
                                    CITI CARDS
                                    P.O. BOX 6420
      JO A GRAFF                    THE LAKES, NV
      210 EL CARMELO AVE              88901-6420
      PALO ALTO            CA
      94306-2377000
```

# Citi® AAdvantage® World MasterCard®

AAdvantage is a registered trademark of American Airlines, Inc.

**Citi**

Account Number
5466 1600 1808 9621

| Customer Service: | Revolving Credit Line | Available Revolving Credit Line | Cash Advance Limit | Available Cash Limit | New Balance |
|---|---|---|---|---|---|
| 1-800-866-9900 | $5000 | $0 | $1500 | $0 | $5295.45 |
| BOX 6000 | Statement/ Closing Date | Amount Over Revolving Credit Line | Past Due | Purch/Adv Minimum Due | Minimum Amount Due |
| THE LAKES, NV 89163-6000 | 09/29/2006 | $295.45 | $616.67 + | $228.40 = | $845.07 |

| Sale Date | Post Date | Reference Number | Activity Since Last Statement | Amount |
|---|---|---|---|---|
|  |  |  | **Standard Purch** |  |
|  | 9/29 |  | LATE FEE - AUG PAYMENT PAST DUE | 39.00 |
|  |  | 66      0000 |  | 0000000000 |
|  | 9/29 |  | PURCHASES*FINANCE CHARGE*PERIODIC RATE | 137.40 |
|  |  | 84      0000 |  | 0000000000 |

```
*** CITI AADVANTAGE MILES UPDATE ***
Miles Accumulated This Billing Period:          0
```

Remember, with a no-preset spending limit you now have more financial flexibility. But you MUST PAY IN FULL any charges over the revolving credit line indicated.

Your late fee was based on your account balance as of the payment due date (09/25/06), which was $5,119.05.

The pur/adv min due displayed above includes any transactions that exceed your revolving credit line.

Your account is seriously past due and your credit privileges have been suspended. Please call the toll-free number shown above to learn about our special payment options. Call Monday - Friday, 7 am - 9 pm, or Saturday, 8 am - 5 pm, Central Time.

| Account Summary | Previous Balance | (+) Purchases & Advances | (-) Payments & Credits | (+) FINANCE CHARGE | (=) New Balance |
|---|---|---|---|---|---|
| PURCHASES | $5,119.05 | $39.00 | $0.00 | $137.40 | $5,295.45 |
| ADVANCES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL | $5,119.05 | $39.00 | $0.00 | $137.40 | $5,295.45 |

Days This Billing Period: 30

| Rate Summary | Balance Subject to Finance Charge | Periodic Rate | Nominal APR | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|
| PURCHASES |  |  |  |  |
| Standard Purch | $5,185.16 | 0.08833%(D) | 32.240% | 32.240% |
| ADVANCES |  |  |  |  |
| Standard Adv | $0.00 | 0.08833%(D) | 32.240% | 32.240% |

11/24/06    $5486.20    $5486.20    SITE:KC-CL    TM:CL-5000    ACID:KCB0030
PMT DUE DATE      NEW BALANCE      MIN AMT DUE                    03/01/07    00:55:43:

CITI CARDS
P.O. BOX 6420
THE LAKES, NV
88901-6420

JO A GRAFF
210 EL CARMELO AVE
PALO ALTO                CA
94306-2377000

# Citi® AAdvantage® World MasterCard®
AAdvantage is a Registered trademark of American Airlines, Inc.

Account Number
5466 1600 1808 9621

| Customer Service:<br>1-800-866-9900 | Revolving<br>Credit Line<br>$5000 | Available Revolving<br>Credit Line<br>$0 | Cash Advance Limit<br>$1500 | Available Cash Limit<br>$0 | New Balance<br>$5486.20 |
|---|---|---|---|---|---|
| BOX 6000<br>THE LAKES, NV<br>89163-6000 | Statement/<br>Closing Date<br>10/31/2006 | Amount Over<br>Revolving Credit Line<br>$486.20 | Past Due<br>$845.07 | Purch/Adv<br>Minimum Due<br>$244.75 | Minimum<br>Amount Due<br>$5486.20 |

| Sale Date | Post Date | Reference Number | Activity Since Last Statement | Amount |
|---|---|---|---|---|
| | 10/31 | | Standard Purch<br>LATE FEE - SEP PAYMENT PAST DUE<br>66    0000 | 39.00<br>0000000000 |
| | 10/31 | | PURCHASES*FINANCE CHARGE*PERIODIC RATE<br>84    0000 | 151.75<br>0000000000 |

Your late fee was based on your account balance as of the payment due date
(10/24/06), which was $5,295.45.

The pur/adv min due displayed above includes any transactions that exceed your
revolving credit line.

Help is available!  Please call the toll-free number shown above to learn about
our special payment options.  Call Monday - Friday, 7 am to 9 pm, or Saturday,
8 am to 5 pm, Central Time.  Please give us the opportunity to assist you.

| Account Summary | Previous<br>Balance | (+) Purchases<br>& Advances | (-) Payments<br>& Credits | (+) FINANCE<br>CHARGE | (=) New<br>Balance |
|---|---|---|---|---|---|
| PURCHASES | $5,295.45 | $39.00 | $0.00 | $151.75 | $5,486.20 |
| ADVANCES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL | $5,295.45 | $39.00 | $0.00 | $151.75 | $5,486.20 |

Days This Billing Period: 32

| Rate Summary | Balance Subject to<br>Finance Charge | Periodic<br>Rate | Nominal<br>APR | ANNUAL<br>PERCENTAGE RATE |
|---|---|---|---|---|
| PURCHASES<br>  Standard Purch | $5,368.60 | 0.08833%(D) | 32.240% | 32.240% |
| ADVANCES<br>  Standard Adv | $0.00 | 0.08833%(D) | 32.240% | 32.240% |

```
        12/25/06    $5672.46    $5672.46       SITE:KC-CL    TM:CL-5000   ACID:KCB0030
                                                             03/01/07     00:55:43:
       [PMT DUE DATE]  [NEW BALANCE]  [MIN AMT DUE]
```

```
                                        CITI CARDS
                                        P.O. BOX 6420
    JO A GRAFF                          THE LAKES, NV
    210 EL CARMELO AVE                   88901-6420
    PALO ALTO                  CA
    94306-2377000
```

# Citi® AAdvantage® World MasterCard®



AAdvantage is a registered trademark of American Airlines, Inc.

**Account Number**
5466 1600 1808 9621

| Customer Service: | Revolving Credit Line | Available Revolving Credit Line | Cash Advance Limit | Available Cash Limit | New Balance |
|---|---|---|---|---|---|
| 1-800-568-5000 | $5000 | $0 | $1500 | $0 | $5672.46 |
| BOX 6000 | Statement/ Closing Date | Amount Over Revolving Credit Line | Past Due | Purch/Adv Minimum Due | Minimum Amount Due |
| THE LAKES, NV 89163-6000 | 11/30/2006 | $672.46 | $1089.82 | $242.26 | $5672.46 |

| Sale Date | Post Date | Reference Number | Activity Since Last Statement | Amount |
|---|---|---|---|---|
| | 11/30 | 66    0000 | Standard Purch<br>LATE FEE - OCT PAYMENT PAST DUE | 39.00<br>0000000000 |
| | 11/30 | 84    0000 | PURCHASES*FINANCE CHARGE*PERIODIC RATE | 147.26<br>0000000000 |

Your late fee was based on your account balance as of the payment due date
(11/24/06), which was $5,486.20.

The pur/adv min due displayed above includes any transactions that exceed your
revolving credit line.

Help is available!  Please call the toll-free number shown above to learn about
our special payment options.  Call Monday - Friday, 7 am to 9 pm, or Saturday,
8 am to 5 pm, Central Time.  Please give us the opportunity to assist you.

Our records show home phone 650-320-9402 and business phone 408-730-3815.
Please update coupon if incorrect.

| Account Summary | Previous Balance | (+) Purchases & Advances | (-) Payments & Credits | (+) FINANCE CHARGE | (=) New Balance |
|---|---|---|---|---|---|
| PURCHASES | $5,486.20 | $39.00 | $0.00 | $147.26 | $5,672.46 |
| ADVANCES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL | $5,486.20 | $39.00 | $0.00 | $147.26 | $5,672.46 |

Days This Billing Period: 30

| Rate Summary | Balance Subject to Finance Charge | Periodic Rate | Nominal APR | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|
| PURCHASES<br>Standard Purch | $5,557.05 | 0.08833%(D) | 32.240% | 32.240% |
| ADVANCES<br>Standard Adv | $0.00 | 0.08833%(D) | 32.240% | 32.240% |

01/23/07    $5858.58    $5858.58    SITE:KC-CL    TM:CL-5000    ACID:KCB0030
PAST DUE DATE      NEW BALANCE      MIN AMT DUE                  03/01/07    00:55:43:

                                    CITI CARDS
                                    P.O. BOX 6420
JO A GRAFF                          THE LAKES, NV
210 EL CARMELO AVE                  88901-6420
PALO ALTO                  CA
94306-2377000

## Citi® AAdvantage® World MasterCard®
AAdvantage is a registered trademark of American Airlines, Inc.



Account Number
5466 1600 1808 9621

| Customer Service: | Revolving Credit Line | Available Revolving Credit Line | Cash Advance Limit | Available Cash Limit | New Balance |
|---|---|---|---|---|---|
| 1-800-756-4000 | $5000 | $0 | $1500 | $0 | $5858.58 |
| BOX 6000 | Statement/ Closing Date | Amount Over Revolving Credit Line | Past Due | Purch/Adv Minimum Due | Minimum Amount Due |
| THE LAKES, NV 89163-6000 | 12/29/2006 | $858.58 | $1332.08 | $244.12 | $5858.58 |

| Sale Date | Post Date | Reference Number | Activity Since Last Statement | Amount |
|---|---|---|---|---|
| | | | Standard Purch | |
| | 12/29 | 66    0000 | LATE FEE - NOV PAYMENT PAST DUE | 39.00 0000000000 |
| | 12/29 | 84    0000 | PURCHASES*FINANCE CHARGE*PERIODIC RATE | 147.12 0000000000 |

Your late fee was based on your account balance as of the payment due date
(12/25/06), which was $5,672.46.

The pur/adv min due displayed above includes any transactions that exceed your
revolving credit line.

Help is available! Please call the toll-free number shown above to learn about
our special payment options. Call Monday - Friday, 7 am to 9 pm, or Saturday,
8 am to 5 pm, Central Time. Please give us the opportunity to assist you.

| Account Summary | Previous Balance | (+) Purchases & Advances | (-) Payments & Credits | (+) FINANCE CHARGE | (=) New Balance |
|---|---|---|---|---|---|
| PURCHASES | $5,672.46 | $39.00 | $0.00 | $147.12 | $5,858.58 |
| ADVANCES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL | $5,672.46 | $39.00 | $0.00 | $147.12 | $5,858.58 |

Days This Billing Period: 29

| Rate Summary | Balance Subject to Finance Charge | Periodic Rate | Nominal APR | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|
| PURCHASES Standard Purch | $5,743.17 | 0.08833%(D) | 32.240% | 32.240% |
| ADVANCES Standard Adv | $0.00 | 0.08833%(D) | 32.240% | 32.240% |

| 02/22/07 | $6031.79 | $6031.79 | SITE:KC-CL | TM:CL-5000 | ACID:KCB0030 |
| PMT DUE DATE | NEW BALANCE | MIN AMT DUE | | 03/01/07 | 00:55:43: |

CITI CARDS
P.O. BOX 6420
THE LAKES, NV
88901-6420

JO A GRAFF
210 EL CARMELO AVE
PALO ALTO        CA
94306-2377000

# Citi® A'Advantage® World MasterCard®
AAdvantage is a registered trademark of American Airlines, Inc.

Account Number
5466 1600 1808 9621

| Customer Service: | Revolving Credit Line | Available Revolving Credit Line | Cash Advance Limit | Available Cash Limit | New Balance |
|---|---|---|---|---|---|
| 1-800-925-8871 | $5000 | $0 | $1500 | $0 | $6031.79 |
| BOX 6000 | Statement/ Closing Date | Amount Over Revolving Credit Line | Past Due | Purch/Adv Minimum Due | Minimum Amount Due |
| THE LAKES, NV 89163-6000 | 01/31/2007 | $1031.79 | $1576.20 | $233.21 | $6031.79 |

| Sale Date | Post Date | Reference Number | Activity Since Last Statement | Amount |
|---|---|---|---|---|
| | 1/31 | | **Standard Purch** PURCHASES*FINANCE CHARGE*PERIODIC RATE 84  0000 | 173.21 0000000000 |

Help is available!  Please call the toll-free number shown above to learn about
our special payment options.  Call Monday - Friday, 7 am to 9 pm, or Saturday,
8 am to 5 pm, Central Time.  Please give us the opportunity to assist you.

| Account Summary | Previous Balance | (+) Purchases & Advances | (-) Payments & Credits | (+) FINANCE CHARGE | (=) New Balance |
|---|---|---|---|---|---|
| PURCHASES | $5,858.58 | $0.00 | $0.00 | $173.21 | $6,031.79 |
| ADVANCES | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL | $5,858.58 | $0.00 | $0.00 | $173.21 | $6,031.79 |

Days This Billing Period: 33

| Rate Summary | Balance Subject to Finance Charge | Periodic Rate | Nominal APR | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|
| PURCHASES | | | | |
| Standard Purch | $5,942.14 | 0.08833%(D) | 32.240% | 32.240% |
| ADVANCES | | | | |
| Standard Adv | $0.00 | 0.08833%(D) | 32.240% | 32.240% |

Exhibit D



POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
HUNT & HENRIQUES, Attorneys at Law
Michael S. Hunt, Esq.    #99804
Janalie Henriques, Esq.    #111589
151 Bernal Road, Suite 8
San Jose, CA 95119

TELEPHONE NO.: (408) 362-2270

FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): CITIBANK (SOUTH DAKOTA) N.A.

FOR COURT USE ONLY

**ENDORSED**

2007 MAY 21 P 2:39

KIRI ISAGRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY:_____
DEPUTY CLERK
W. VAUGHAN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    SANTA CLARA
STREET ADDRESS    191 N. FIRST STREET
MAILING ADDRESS
CITY AND ZIP CODE    San Jose, CA 95113
BRANCH NAME    DOWNTOWN SUPERIOR COURT - CIVIL LIMITED

PETITIONER/PLAINTIFF: CITIBANK (SOUTH DAKOTA) N.A.

RESPONDENT/DEFENDANT: JO A GRAFF

CASE NUMBER
107CV084095

PROOF OF SERVICE OF SUMMONS

Ref. No. or File No.
X0700502

(Separate *proof of service* is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet (served *in complex cases only*)
   e. [ ] cross complaint
   f. [X] other (specify documents):   NOTICE TO LITIGANTS, ADR INFORMATION SHEET

3. a. Party served (specify name of party as shown on documents served): JO A GRAFF

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substitute service was made) (specify name and relationship to the party named in item 3a):

4. Address where the party was served: 210 El Carmelo Ave  Palo Alto, CA 94306-2377

5. I served the party (check proper box)
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date):    5/15/2007    (2) at (time): 6:27 am
   b. [ ] by substituted service. On (date):    at (time):    I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):    from (city):    or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

Page 1 of 2

Code of Civil Procedure, § 417.10

| PETITIONER/PLAINTIFF: CITIBANK (SOUTH DAKOTA) N.A. | X0700502 | CASE NUMBER |
|---|---|---|
| RESPONDENT/DEFENDANT: JO A GRAFF | | 107CV084095 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on (date):                    (2) from (city):

(3) ☐ with two copies of the Notice and Acknowledgment of Receipt (form 982(a)(4)) and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt (form 982(a)(4).) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** (specify means of service and authorizing code section):

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☒ as an individual defendant.

b. ☐ as the person sued under the fictitious name of (specify):

c. ☐ as occupant.

d. ☐ On behalf of (specify):

under the following Code of Civil Procedure section:

☐ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)  ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)  ☐ 416.90 (authorized person)
☐ 416.50 (public entity)        ☐ 415.46 (occupant)
                                ☐ other:

7. **Person who served papers**

a. Name: E. Rios

b. Address: Pacific Legal Services, Inc., P.O. Box 5549, San Jose CA 95150

c. Telephone number: (408)266-3148

d. The fee for service was: $   40.00

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☒ registered California process server:

(i) ☐ owner ☐ employee ☒ independent contractor

(ii) Registration No.:  984

(iii) County: Santa Clara

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 5/15/2007

E. Rios                                    ▶ /S/ E. Rios

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)         (SIGNATURE)

Exhibit E



JUD-100

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):*
HUNT & HENRIQUES, Attorneys at Law
Michael S. Hunt, #99804    Janalie Henriques, #111589
151 Bernal Rd. STE 8,    San Jose, CA 95119-1306
TELEPHONE NO: (408) 362-2270    FAX NO. *(Optional):* (408) 362-2299
E-MAIL ADDRESS *(Optional):* info@hunthenriques.com
ATTORNEY FOR *(Name):*    PLAINTIFF

FOR COURT USE ONLY

(ENDORSED)
FILED

JUL -9 07

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA

BY_____ DEPUTY

Clark Sakai

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
STREET ADDRESS: 191 N. FIRST STREET
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: DOWNTOWN SUPERIOR COURT - CIVIL LIMITED

PLAINTIFF/PETITIONER: CITIBANK (SOUTH DAKOTA) N.A.

DEFENDANT/RESPONDENT: JO A GRAFF

| JUDGMENT | | |
|---|---|---|
| [ X ] By Clerk | [ X ] By Default | [ ] After Court Trial |
| [ ] By Court | [ ] On Stipulation | [ ] Defendant Did Not Appear at Trial |

CASE NUMBER:
107CV084095

## JUDGMENT

1. [ X ] **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. [ X ] Clerk's Judgment (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. [ ] Court Judgment (Code Civ. Proc., § 585(b)). The court considered
      (1) [ ] plaintiff's testimony and other evidence.
      (2) [ ] plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. [ ] **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. [ ] the signed written stipulation was filed in the case.
   c. [ ] the stipulation was stated in open court [ ] the stipulation was stated on the record.

3. [ ] **AFTER COURT TRIAL** The jury was waived. The court considered the evidence.
   a. The case was tried on (date and time):
      before (name of judicial officer):
   b. Appearances by:
      [ ] Plaintiff (name each):          [ ] Plaintiff's attorney (name each):
         (1)                                 (1)
         (2)                                 (2)
      Continued on Attachment 3b.

      [ ] Defendant (name each):          [ ] Defendant's attorney (name each):
         (1)                                 (1)
         (2)                                 (2)
      [ ] Continued on Attachment 3b.

   c. Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. A statement of decision (Code Civ. Proc., § 632) [ ] was not [ ] was requested.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
JUD-100 [New January 1, 2002]

JUDGMENT

X0700502

Code of Civil Procedure, §§ 585, 664.6

| PLAINTIFF:CITIBANK (SOUTH DAKOTA) N.A. | CASE NUMBER: |
|---|---|
| DEFENDANT:JO A GRAFF | 107CV084095 |

**JUDGMENT IS ENTERED AS FOLLOWS BY: [ ] THE COURT   [ X ] THE CLERK**

4. [   ]  **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties. Judgment is**

   a. [ X ] for plaintiff *(name each)*:

      CITIBANK (SOUTH DAKOTA) N.A.

      and against defendant *(names)*:

      JO A GRAFF

      [ ] Continued on Attachment 5a.

   b. [ ] for defendant *(name each)*:

   c. [ ] for cross-complainant *(name each)*:

      and against cross-defendant *(name each)*:

      [ ] Continued on Attachment 5c.

   d. [ ] for cross-defendant *(name each)*:

6. **Amount.**

   a. [ X ] Defendant named in item 5a above must pay plaintiff on the complaint:

| | | |
|---|---|---|
| (1) [ X ] Damages | $6,031.79 | |
| (2) [ X ] Prejudgment interest at the annual rate of 0.00    % | $0.00 | |
| (3) [ X ] Attorney fees | $0.00 | |
| (4) [ X ] Costs | $220.00 | |
| (5) [ ] Other *specify:* | $ | |
| (6)      TOTAL | $6,251.79 | $ |

   c. [ ] Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | | |
|---|---|---|
| (1) [ ] Damages | | $ |
| (2) [ ] Prejudgment interest at the annual rate of          % | | $ |
| (3) [ ] Attorney fees | | $ |
| (4) [ ] Costs | | $ |
| (5) [ ] Other *specify:* | | $ |
| (6)      TOTAL | | $ |

   b. [ ] Plaintiff to receive nothing from defendant named in item 5b.

      [ ] Defendant named in item 5b to recover costs $

        [ ] and attorney fees $

   d. [ ] Cross-complainant to receive nothing from cross-defendant named in item 5d.

      [ ] Cross-defendant named in item 5d to recover costs $

        [ ] and attorney fees $

7. [ ] Other *(specify)*:

    Kiri Torre
    Chief Executive Officer/Clerk

        Clark Sakai

Date: _____ [ ] _____
                        JUDICIAL OFFICER

Date:   JUL - 9 2007    [ ] Clerk, by_____ , Deputy

| [SEAL] | **CLERK'S CERTIFICATE** *(Optional)* |
|---|---|
| | I certify that this is a true copy of the original judgment on file in the court. |
| | Date: |
| | Clerk, by_____ , Deputy |

JUL - 9 07

Page 2 of 2

JUD-100 (New January 1, 2002)              **JUDGMENT**

X0700502

ExhibitF

H U N T  &  H E N R I Q U E S
ATTORNEYS AT LAW
151 BERNAL ROAD, SUITE 8
SAN JOSE, CALIFORNIA 95119-1306

MICHAEL S. HUNT
JANALIE HENRIQUES

AREA CODE 408
TELEPHONE 362 - 2270
FACSIMILE 3 62 - 2299

July 13, 2007


JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377


Re:    CITIBANK (SOUTH DAKOTA) N.A. v.
       JO A GRAFF
       Case # 107CV084095
       Date of Judgment: July 9, 2007
       Amount of Judgment: $6,251.79


Dear JO A GRAFF,


The court has entered judgment against you and in favor of our client in the amount of $6,251.79.  The judgment will remain valid for 10 years from the date it was entered and it can be renewed for an additional period of time.  Judgments accrue interest at the rate of 10% per annum. The judgment is a public record and may be reported to the credit reporting companies and may be included on  your credit  report until the judgment expires.

We are in the process of recording an abstract of judgment which may create a lien on transactions  involving real property such as your purchase, refinance or sale of real property.  The abstract also remains valid for 10 years.

Now that judgment has been entered, our client has instructed us to attempt to collect the judgment.  Wage garnishments and bank levies are legal remedies that we may attempt to use to collect the balance due under the judgment.  If we use these remedies, additional costs will be incurred. We may request that the court add the costs to your judgment.

Our client is still willing to settle the debt.  Please call us or email us to find out about settlement options.  You can telephone us toll free at:  1 (800) 496-5048.  Our email address is: Settlements@HuntHenriques.com.  We look forward to hearing from you.

This firm is a debt collector and any information obtained may be used for the purpose of collecting the debt.

Very truly yours,

Michael S. Hunt
Janalie Henriques
HUNT & HENRIQUES
Attorneys at Law
X0700502