UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JO ANNE GRAFF,<br><br>            Plaintiff,<br><br>    v.<br><br>HUNT & HENRIQUES, et al.,<br><br>            Defendants. | Case No.: C 08-0908 JF (PVT)<br><br>**ORDER RE PLAINTIFF'S MOTION TO QUASH SUBPOENA ISSUED TO PLAINTIFF'S COUNSEL AND FOR PROTECTIVE ORDER** |

On June 24, 2008, Plaintiff filed a motion to quash a subpoena issued to her counsel and for a protective order.[1] Defendants opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED.

Rule 30(a)(1) provides that a party may depose "any person." Thus, there is no express prohibition against deposing an attorney of record in a case. *See Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986). However, attorney depositions are generally allowed only where the discovery sought cannot be obtained from another source. In *Shelton*, which is generally

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

regarded as the leading case on attorney depositions, the Eighth Circuit explained:

> "We do not hold that opposing trial counsel is absolutely immune from being deposed. We recognize that circumstances may arise in which the court should order the taking of opposing counsel's deposition. But those circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton*, 805 F.2d at 1327 (citation omitted).

Defendants have not shown that the information they seek from Plaintiff's counsel meets the *Shelton* criteria. The only relevant information arguably within Plaintiff's counsel's sole personal knowledge is whether he responded to the March 26, 2007 letter. However, in her reply brief, Plaintiff has stipulated to the facts set forth the Declaration of Michael S. Hunt in Support of Defendants' Opposition to Plaintiff's Motion to Quash Deposition Subpoena of Fred W. Schwinn. Thus, there is no need for Defendants to depose counsel in order to obtain that information. They can simply use Plaintiff's stipulation to those facts.

Defendants claim they also need the deposition to determine ***why*** Plaintiff's counsel failed to respond to the March 26, 2007 letter. However, Plaintiff's counsel's reasons for not responding to the letter are irrelevant to the present action. The statutory language quoted by Defendants refers to a failure to respond "within a reasonable period of time." Here, Plaintiff has stipulated that her attorney did not respond at all. Defendants have cited no legal authority establishing that the reasonableness of counsel's *motive* for not responding is in any way relevant to this action.

Defendants also argue they need to depose Plaintiff's counsel to determine whether he intentionally failed to answer the letter in order to "fabricate" the FDCPA claim. However, the March 26, 2007 letter expressly anticipated a non-response as an appropriate option. The letter only asks for a response if counsel was authorized to accept service of process on Plaintiff's behalf. It expressly noted that if Plaintiff's counsel did not respond in 10 days, Defendants would personally serve Plaintiff directly. Thus, if Plaintiff chose not to authorize her attorney to accept service on her behalf, the letter did not call for any response at all. Absent a showing that Plaintiff *had* authorized her attorney to accept service on her behalf,[2] counsel's reason for not responding to the letter is not relevant to this action.

---

[2] This information is available via either an interrogatory or Plaintiffs' deposition.

ORDER, *page 2*

Because Defendants have failed to identify any relevant information which they can only obtain by deposing Plaintiff's counsel, the *Shelton* criteria are not met and requiring Plaintiff's trial counsel to submit to a deposition imposes an undue burden on Plaintiff. Thus, protection is warranted under Rule 26(c).

IT IS FURTHER ORDERED that, if Defendants learn through discovery that Plaintiff *had* authorized her attorney to accept service of process on her behalf, they may move for reconsideration of this order.

IT IS FURTHER ORDERED that, no later than July 25, 2008, Plaintiff shall file a notice of stipulation setting forth the stipulation referenced on page 1 of her reply brief in a form that Defendants can use in motion work and/or at trial.

IT IS FURTHER ORDERED that this order is without prejudice to Defendants serving either interrogatories or requests for admission on Plaintiff to seek any other relevant non-privileged information they intended to seek via the deposition of Plaintiff's counsel.

Dated: *7/23/08*

PATRICIA V. TRUMBULL
United States Magistrate Judge