1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   JO ANNE GRAFF

6

7

8          **IN THE UNITED STATES DISTRICT COURT**
           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                    **SAN JOSE DIVISION**

10 JO ANNE GRAFF,                          Case No.  C08-00908-JF-PVT

11                    Plaintiff,

12 v.                                       **REPLY MEMORANDUM OF POINTS
                                            AND AUTHORITIES IN SUPPORT OF
13 HUNT & HENRIQUES, a general partnership, MOTION FOR PARTIAL SUMMARY
   MICHAEL SCOTT HUNT, individually and    JUDGMENT AGAINST DEFENDANT,
14 in his official capacity, and JANALIE ANN HUNT & HENRIQUES**
   HENRIQUES, individually and in her official
15 capacity,                                Date:        August 15, 2008
                                            Time:        9:00 a.m.
16                    Defendants.           Judge:       Honorable Jeremy Fogel
                                            Courtroom:   Courtroom 3, 5th Floor
17                                          Place:       280 South First Street
                                                         San Jose, California
18

19       COMES NOW the Plaintiff, JO ANNE GRAFF, by and through her attorney Fred W.

20 Schwinn of the Consumer Law Center, Inc., and hereby submits her Reply Memorandum of Points

21 and Authorities in Support of Motion for Partial Summary Judgment filed herein.

22                    **POINTS AND AUTHORITIES**

23   **1.    Defendants Did Not Inform or Even Hint That a Non-Response Would
             Be Interpreted by Defendants as Consent for Direct Collection
24           Communications with Plaintiff.**

25 Defendants argue in their Opposition to Plaintiff's Motion for Partial Summary Judgment:

26 H&H's March 26, 2007 letter unequivocally requested a response within ten days,
   and informed Mr. Schwinn that if he did not respond, they would proceed with
27 litigation against Graff directly.  Hunt Decl. at ¶ 5, Ex. C.  When no response was
   received, Defendants acted exactly as they informed Mr. Schwinn they would.  Id.

28

---

at ¶¶ 5-6. H&H filed a lawsuit against Graff, prosecuted the lawsuit, and corresponded directly with Graff about the lawsuit. By failing to respond to H&H's letter, Mr. Schwinn impliedly consented to Defendants' direct communication with Graff. See 15 U.S.C. 1692c(a)(2) (communication with represented consumer is permissible if "the attorney consents to direct communication with the consumer.").[1]

Judge Trumbull has already held these arguments to be flawed on several grounds.[2] First, the March 26, 2007, letter did not "unequivocally request[] a response within ten days" from Plaintiff's counsel. The letter only informed Plaintiff's counsel that a non-response would simply result in direct service of process documents on Plaintiff — nothing more. Second, Defendants did not act "exactly as they informed Mr. Schwinn they would" because Defendants never informed Plaintiff's counsel that Defendants would directly dun his client with debt collection letters. Third, Defendants cannot show that they ever informed or even hinted that a non-response would be interpreted by Defendants as consent for direct collection communications with Plaintiff. The only assumption or implication which could reasonably be drawn from a non-response was that counsel was not authorized to accept service of process on his clients behalf — a valid assumption. Finally, Defendants cannot show that Plaintiff's counsel ever consented, either explicitly or implicitly, to any direct collection communications from Defendants to his client, the Plaintiff in this case.

In fact, Defendants' March 26, 2007, letter does not reference or contemplate direct collection communications from Defendants to Plaintiff. As explained by Judge Trumbull:

> [T]he March 26, 2007 letter expressly anticipated a non-response as an appropriate option. The letter only asks for a response if counsel was authorized to accept service of process on Plaintiff's behalf. It expressly noted that if Plaintiff's counsel did not respond in 10 days, Defendants would personally serve Plaintiff directly. Thus, if Plaintiff chose not to authorize her attorney to accept service on her behalf, the letter did not call for any response at all.[3]

Simply put, a non-response to Defendants' March 26, 2007, letter **was** an appropriate response and

---

[1] Defendant Hunt & Henriques's Opposition to Plaintiff's Motion for Partial Summary Judgment (hereinafter "Opposition") (Doc. 19) at 8:4-12.

[2] Order Re Plaintiff's Motion to Quash Subpoena Issued To Plaintiff's Counsel And For Protective Order (Doc. 17).

[3] Id. at 2:20-25.

a response actually contemplated by Defendants' letter.

### 2. Defendants's Argument That They Waited a "Reasonable Period of Time" to Directly Communicate with Plaintiff is Fallacious.

Whether "Defendants waited a reasonable period of time before contacting Graff directly,"[4] completely misses the relevant point and Defendants' argument that disputed questions of fact exist as to this issue,[5] is fallacious and one of Defendants' many distractions in this case. Defendants letter to Plaintiff's counsel *did not request a response* **unless** his client had authorized him to accept service of process. Because she had not granted such authority, Plaintiff's counsel was entirely justified in not responding. Therefore, Defendants cannot avail themselves of either of the two exceptions provided in the relevant statute for the July 13, 2007, collection dunning letter — counsel's failure to communicate <u>or</u> counsel's consent.[6]

### 3. Defendants' July 13, 2007, Letter Was Not Sent Under "The Express Permission of a Court of Competent Jurisdiction."

Unlike collection dunning letters, service of process and other litigation documents, which are authorized and <u>required</u> by the state court system, are exempted from the prohibition against communicating with represented consumers under "the express permission of a court of competent jurisdiction."[7] Moreover, the debt collector's state court judgment does not allow it to disregard the consumer protections in § 1692c(a)(2).[8]

---

[4] <u>Opposition</u> at 8:17.

[5] <u>Opposition</u> at 8:20-21.

[6] See 15 U.S.C. § 1692c(a)(2) ("unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer").

[7] 15 U.S.C. § 1692c(a); *Resler v. Messerli & Kramer, P.A.*, 2003 U.S. Dist. LEXIS 1741 at *11-12, 2003 WL 193498 (D. Minn. Jan. 23, 2003) (The mailing of a writ of execution directly to a represented consumer did not violate 15 U.S.C. § 1692c(a)(2) as the writ was issued directly to the consumer as required by state law and thus within the exception of § 1692c(a) for communications with the express permission of a court.).

[8] *Harvey v. United Adjusters*, 509 F. Supp. 1218 (D. Or. 1981).

It is undisputed that Defendants' July 13, 2007, collection letter was sent directly to Plaintiff. It is also undisputed that the July 13, 2007, collection letter was not "service of process" or another authorized state court document, but rather a collection dunning letter sent in an attempt to collect the consumer debt owed to Citibank (South Dakota), N.A.  Defendants did request or obtain Plaintiff's counsel's consent to directly communicate with Plaintiff, nor was the July 13, 2007, collection dunning letter authorized by a court of competent jurisdiction.

**4.      Plaintiff Was Represented by an Attorney with Regard to the Debt Being Collected by Defendants.**

Defendants argue that Plaintiff cannot prevail on her 15 U.S.C. § 1692c(a)(2) claim because,

> Graff cannot prove that she was 'represented by an attorney' with respect to the collection litigation.  Even if she could prove that she was represented by Mr. Schwinn, the record shows that he failed to respond to Defendants' correspondence within a reasonable time.[9]

As explained above, Defendants' argument that Plaintiff's counsel "failed to respond" is unpersuasive for the reasons stated by Judge Trumbull.  It is also clear from the undisputed facts that Plaintiff was and is represented by an attorney with regard to the **debt** owed to Citibank (South Dakota), N.A.  Defendants' attempt to somehow separate the debt being collected from the method of collection Defendants choose to employ is a novel theory, however, a theory that is inconsistent with the statute.  Indeed, Defendants cite no statute or caselaw which would support their position that the consumers lose the protections of 15 U.S.C. § 1692c(a)(2) when a debt collector files a lawsuit to collect the debt.  In fact, the case law on this issue favors consumers.[10]

Plaintiff was and is represented with regard to the **debt** owed to Citibank (South Dakota), N.A.  Defendants contacted Plaintiff directly by a collection letter in an attempt to collect the **debt**,

---

[9]  Opposition at 6:2-6.

[10]  *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) (The FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation.");  *See also, Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 935 (9th Cir. 2007) ("Analyzing § 1692c(a)(2) leads to the same conclusion.  Under that provision, a debt collector who knows how to contact a debtor's attorney must target all communications to the attorney, and not to the debtor himself.  The rationale behind this rule is clear.  Unsophisticated consumers are easily bullied and misled.  Trained attorneys are not.").

1   even though Defendants knew Plaintiff was represented with regard to the **debt**. The fact that there

2   was litigation regarding the **debt** and Plaintiff allowed a default judgment against her did not change

3   the fact that Plaintiff was represented by counsel regarding the **debt**.

4        The February 19, 2007, representation letter faxed from Plaintiff's counsel to Defendants

5   specifically referenced the debt owed to Citibank (South Dakota), N.A., and informed Defendants:

> I wish to provide you with written notice in your capacity as a creditor, collection
> agent, or collection attorney that this consumer debtor, now our client, is in fact and
> in law REPRESENTED BY AN ATTORNEY. As a result of this notice, and
> pursuant to Sections 1692b(6) and 1692c(a)(2) of Title 15 of the United States Code
> and Section 1788.14(c) of the California Civil Code, you are to immediately
> terminate any further direct or indirect contacts with out client. Please note that such
> prohibited contacts include, but are not limited to, all forms of communication by
> letter, phone, fax, email or any other means.
>
>     . . .
>
> Upon receipt of this letter, any future direct or indirect contacts with our client will
> result in our office filing a claim against you under the Federal Fair Debt Collection
> Act, the California Civil Code, and any other available and applicable state of federal
> laws.
>
>     . . .
>
> **Based on the foregoing, any further communications concerning our client
> and/or the subject debt must be directed to the Consumer Law Center, Inc.** Be
> advised that any request for information will be address in a reasonable time period.[11]

16  Plaintiff's counsel also attached a copy of Defendants' February 12, 2007, collection letter to his

17  February 19, 2007, attorney representation letter so that Defendants would know exactly which debt

18  was being referenced.[12]

19      **5.    Plaintiff's Claims Are Not Based on the Service of State Court Documents.**

20      Defendants' attempt to conflate the collection dunning letter with state court litigation

21  documents is unsupported. None of Plaintiff's claims in this case are based on state court litigation

22  documents that were properly served directly on Plaintiff. Several authorized state court litigation

23  documents were directly served on Plaintiff, including a <u>Summons</u>, <u>Complaint</u>, <u>Statement of</u>

---

[11]  <u>Declaration of Fred W. Schwinn in Support of Motion for Partial Summary Judgment</u> (Doc. 11); Exhibit "2" (emphasis added).

[12]  See <u>Declaration of Michael S. Hunt in Support of Hunt & Henriques' Opposition to Plaintiff's Motion for Partial Summary Judgment</u> (Doc. 19); Exhibit "B."

1   Location/Venue, Civil Lawsuit Notice, ADR Information Sheet, Request for Entry of Default and

2   Clerk's Judgment, Abstract of Judgment, and a Notice of Levy under Writ of Execution.[13]   These

3   were all documents which the state court *required* Defendants to serve on Plaintiff in order to perfect

4   their state court judgment.  Because these documents were required by the state court in order to

5   obtain a judgment on the debt being collected, Defendants were acting within the limited consent

6   granted 15 U.S.C. § 1692c(c).  However, the July 13, 2007, collection dunning letter which was sent

7   directly to Plaintiff by Defendants was **not** service of a required notice or court document in the

8   collection litigation.  This was a written communication attempting to collect a consumer debt, sent

9   directly to a consumer who was known to be represented by an attorney with regard to the debt

10  being collected.  As such, the collection letter was not within the realm of limited consent granted

11  by the statute.  The July 13, 2007, collection dunning letter was prohibited contact with Plaintiff

12  because she was represented by counsel, as clearly explained in the February 19, 2007,

13  representation letter from her attorney.

14                                                  **<u>CONCLUSION</u>**

15          For the reasons set forth herein, Plaintiff respectfully requests the Court grant summary

16  judgment on this issue.

17                                                          CONSUMER LAW CENTER, INC.

18

19                                                          By: /s/ Fred W. Schwinn
                                                                 Fred W. Schwinn, Esq.
20                                                               Attorney for Plaintiff
                                                                 JO ANNE GRAFF

21

22

23

24

25

26

---

27      [13]  <u>Supplemental Declaration of Jo Anne Graff in Support of Motion for Partial Summary

28  Judgment</u> ¶¶ 4, 5, 6 and 7.

Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
JO ANNE GRAFF

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| JO ANNE GRAFF, <br><br>            Plaintiff, <br><br> v. <br><br> HUNT & HENRIQUES, a general partnership, MICHAEL SCOTT HUNT, individually and in his official capacity, and JANALIE ANN HENRIQUES, individually and in her official capacity, <br><br>            Defendant. | Case No.  C08-00908-JF-PVT <br><br> **SUPPLEMENTAL DECLARATION OF JO ANNE GRAFF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> [Fed. R. Civ. P. 56 ] <br><br> Date:         August 15, 2008 <br> Time:         9:00 a.m. <br> Judge:       Honorable Jeremy Fogel <br> Courtroom:  Courtroom 3, 5th Floor <br> Place:        280 South First Street <br>                      San Jose, California |

I, Jo Anne Graff, declare under penalty of perjury, under the laws of the United States, 28 U.S.C. § 1746, that the following statements are true:

           1.       I am the Plaintiff in the above captioned case.

           2.       I have personal knowledge of the following facts, and if called as a witness, I could and would competently testify thereto.

           3.       I am a natural person residing in Santa Clara County, California.

           4.       On or about May 15, 2007, Defendants served me via a process server with a Summons, Complaint, Statement of Location/Venue, Civil Lawsuit Notice, and ADR Information Sheet for a state court collection case captioned *Citibank (South Dakota), N.A., v. Graff*, Santa Clara Case No. 1-07-CV-084095 (hereinafter the "state court collection case"). Along with the service

-1-

1  packet, Defendants served me with a collection Notice with the Court documents.  A true and

2  accurate copy of the state court documents and collection notice are attached hereto, marked Exhibit

3  "5," and by this reference is incorporated herein.

4         5.      On or about June 22, 2007, Defendants served me with <u>Request for Entry of</u>

5  <u>Default and Clerk's Judgment</u> in the state court collection case.  A true and accurate copy of the

6  <u>Request for Entry of Default and Clerk's Judgment</u> is attached hereto, marked Exhibit "6," and by

7  this reference is incorporated herein.

8         6.      On or about August 6, 2007, the Santa Clara County Recorder's office served

9  me with an <u>Abstract of Judgment</u> that was filed by Defendants.  A true and accurate copy of the

10  <u>Abstract of Judgment</u> is attached hereto, marked Exhibit "7," and by this reference is incorporated

11  herein.

12         7.      On or about February 6, 2008, Defendants served me via a process server with

13  a <u>Notice of Levy under Writ of Execution</u> in the state court collection case.  A true and accurate

14  copy of the <u>Notice of Levy under Writ of Execution</u> is attached hereto, marked Exhibit "8," and by

15  this reference is incorporated herein.

16        Executed at San Jose, California on July 28, 2008.

18  Jo Anne Graff

-2-

# Exhibit "5"

X0700502

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JO A GRAFF

DOES 1 TO 5

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

CITIBANK (SOUTH DAKOTA) N.A.

ENDORSED

2007 APR 17 A 11: 51

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY:
DEPUTY CLERK
Shanon Cullen

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: SUPERIOR COURT OF CALIFORNIA, COUNTY OF | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es)* SANTA CLARA | *(Número del caso:)* CV 084095 |

191 N. FIRST STREET

San Jose, CA 95113

**LIMITED CIVIL**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
HUNT & HENRIQUES, Attorneys at Law Michael S. Hunt, #99804  Janalie Henriques #111589
151 Bernal Rd. Suite 8, San Jose, CA 95119    Telephone (408) 362-2270

| DATE: | Kiri Torre | Clerk, by | , Deputy |
|---|---|---|---|
| *(Fecha)* APR 17 2007 | Chief Executive Officer/Clerk *(Secretario)* | Shanon Cullen | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citacion use el formulario Proof of Service of Summons, (form POS-010).)*

| [SEAL] | NOTICE TO THE PERSON SERVED: You are served |
|---|---|
| | 1. [X] as an individual defendant. |
| | 2. [ ] as the person sued under the fictitious name of (specify): |
| | 3. [ ] on behalf of (specify): |
| | under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor) |
| | [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee) |
| | [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person) |
| | [ ] other (specify): |
| | 4. [ ] by personal delivery on (date): |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev January 1, 2004

**SUMMONS**

Code of Civil Procedure
§§ 412.20, 465

**100021**

PLD-C-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:<br>HUNT & HENRIQUES, Attorneys at Law<br>Michael S. Hunt, ESQ.   #99804<br>Janalie Henriques, ESQ. #111589<br>151 Bernal Rd. STE 8,      San Jose, CA 95119-1306<br>TELEPHONE NO: (408) 362-2270  FAX NO. *(OPTIONAL)*: (408) 362-2299<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:   PLAINTIFF | FOR COURT USE ONLY<br><br>ENDORSED<br>2007 APR 17 A 11: 50<br>KIRI TORRE, CLERK OF THE SUPERIOR COURT<br>COUNTY OF SANTA CLARA, CALIFORNIA<br>BY<br>DEPUTY CLERK<br>Shanon Cullen |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. FIRST STREET
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: DOWNTOWN SUPERIOR COURT - CIVIL LIMITED

PLAINTIFF: CITIBANK (SOUTH DAKOTA) N.A.

DEFENDANT: JO A GRAFF

[ X ] DOES 1 TO _5_

| CONTRACT | |
|---|---|
| [ X ] COMPLAINT      [ ] AMENDED COMPLAINT *(Number)*: | |
| [ ] CROSS-COMPLAINT [ ] AMENDED CROSS-COMPLAINT *(Number)*: | |

| Jurisdiction *(check all that apply)*:<br>[ X ] ACTION IS A LIMITED CIVIL CASE       6,031.79<br> Amount demanded [X] does not exceed $10,000<br>                [ ] exceeds $10,000, but does not exceed $25,000<br>[ ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>    [ ] from limited to unlimited<br>    [ ] from unlimited to limited | CASE NUMBER:<br><br>107CV084095 |

1. PLAINTIFF* *(names)*: CITIBANK (SOUTH DAKOTA) N.A.

   alleges causes of action against DEFENDANT* *(names)*:
   JO A GRAFF
2. This pleading, including attachments and exhibits, consists of the following number of pages: _4_
3. a. Each plaintiff named above is a competent adult
   [ X ] **except** plaintiff *(name)*: CITIBANK (SOUTH DAKOTA) N.A.
       [ ] a corporation qualified to do business in California
       [ ] an unincorporated entity *(describe)*:
       [ X ] other *(specify)*: A NATIONAL BANKING ASSOCIATION ORGANIZED AND EXISTING
           UNDER AND BY VIRTUE OF THE LAWS OF THE UNITED STATES OF AMERICA
   b. [ ] Plaintiff *(name)*:
       [ ] has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify)*:

       [ ] has complied with all licensing requirements as a licensed *(specify)*:
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Complaint - Attachment 3c.

4. a. Each defendant named above is a natural person
   [ ] **except** defendant *(name)*:                      [ ] **except** defendant *(name)*:
       [ ] a business organization, form unknown          [ ] a business organization, form unknown
       [ ] a corporation                                  [ ] a corporation
       [ ] an unincorporated entity *(describe)*:         [ ] an unincorporated entity *(describe)*:

       [ ] a public entity *(describe)*:                  [ ] a public entity *(describe)*:

       [ ] other *(specify)*:                             [ ] other *(specify)*:

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

**COMPLAINT - Contract**

Code of Civ. Proc., § 425.12

100022

PLD-C-001(2)

| SHORT TITLE:<br>CITIBANK (SOUTH DAKOTA) N.A. v.<br>JO A GRAFF | CASE NUMBER: |
|---|---|

<u>FIRST</u>          **CAUSE OF ACTION** - Common Counts
   (number)

ATTACHMENT TO  [ X ] Complaint    [    ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*:
     CITIBANK (SOUTH DAKOTA) N.A.
     alleges that defendant *(name)*:
     JO A GRAFF
     became indebted to  [ X ] plaintiff    [    ] other *(name)*:

    a. [ X ] within the last four years
        (1) [ X ] on an open book account for money due.
        (2) [ X ] because an account was stated in writing by and between plaintiff and defendant in which it
             was agreed that defendant was indebted to plaintiff.

    b. [ X ] within the last  [    ] two years  [ X ] four years
        (1) [    ] for money had and received by defendant for the use and benefit of plaintiff. for work, labor,
        (2) [    ] services and materials rendered at the special instance and request of defendant and for which
             defendant promised to pay plaintiff
             [    ] the sum of $
             [    ] the reasonable value.
        (3) [    ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
             promised to pay plaintiff
             [    ] the sum of $
             [    ] the reasonable value.
        (4) [ X ] for money lent by plaintiff to defendant at defendant's request.
        (5) [ X ] for money paid, laid out, and expended to or for defendant at defendant's special instance and
             request.
        (6) [ X ] other *(specify)*: UNJUST ENRICHMENT

CC-2. $ 6,031.79          , which is the reasonable value, is due and unpaid despite plaintiff's demand,
     plus prejudgment interest  [    ] according to proof  [    ] at the rate of _____ percent per year
     from *(date)*:

CC-3. [ X ] Plaintiff is entitled to attorney fees by an agreement or a statute
        [    ] of $
        [ X ] according to proof.

CC.4. [    ] Other:

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev January 1, 2007]    **CAUSE OF ACTION** - Common Counts    CCP 425.12

100023

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
DOWNTOWN SUPERIOR COURT - CIVIL LIMITED

**STATEMENT OF LOCATION/VENUE**

CASE NAME: **CITIBANK (SOUTH DAKOTA) N.A.**
          **V. JO A GRAFF**
CASE NUMBER:

Please check <u>ONE</u> of the following statements to indicate the basis for your filing of the complaint in this Judicial District and fill in the address.

_____ 1.    Cause of Action arose in this Judicial District.
              Address of the cause of action is:

              _____
              Street              City              Zip Code

_____ 2.    Property located in this judicial district.  The
              address of this property is:

              _____
              Street              City              Zip Code

_____ 3.    Tort occurred in this judicial district.  The
              address of the tort is:

              _____
              Street (if known)   City              Zip Code
              (or nearest major intersection)

_____ 4.    Contract entered into or to be performed in this
              judicial district.  The address where contract
              entered into or to be performed is:

              _____
              Street (if known)   City              Zip Code

_XXX_ 5.      Defendant resides in this judicial district. The
              address of the defendant is:
              210 El Carmelo Ave, Palo Alto, CA 94306-2377
              _____
              Street              City              Zip Code

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:  _April 10, 2007_    _____
                            Signature of Plaintiff's Attorney
                            HUNT & HENRIQUES

1                                    **100024**

COMPLAINT

# CIVIL LAWSUIT NOTICE

**ATTACHMENT A**

CASE NUMBER: _07CV00_4095_

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

## READ THIS ENTIRE FORM

_PLAINTIFFS_ (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

_DEFENDANTS_ (the person(s) being sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the Complaint, in the clerk's office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;

2. You must send a copy of your written response to the plaintiff; and

3. You must attend the first Case Management Conference.

   **Warning: If you do not do these three things, you may automatically lose this case.**

---

_RULES AND FORMS:_  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 49 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

_CASE MANAGEMENT CONFERENCE (CMC):_  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.  You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is:  Neal A Cabrinha    **DEPT:** 10

The first CMC is scheduled as follows: (Completed by Clerk of Court)
Date: _DEC 0 4 2007_   Time: _3:45 PM_  Dept.: _10_

The next CMC is scheduled as follows: (Completed by party if the first CMC was continued or has passed)
Date: _____ Time: _____ Dept.: _____

---

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_ If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2156) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

CV-5003 REV 5/06

**100026**

# *NOTICE*

It is not too late to resolve this matter. Please call us immediately to discuss settlement options. Our office hours are M-Th 8:30 am to 8:30 pm and Friday 8:00am to 5:00pm. Please call us toll free at (800) 496-5048.

We look forward to speaking with you.

Note: This firm is a debt collector and any information obtained may be used for the purpose of collecting the debt.

Very truly yours,


Law Offices of
Hunt & Henriques
151 Bernal Rd. #8
San Jose, CA 95119
(408)362-2270

# Exhibit "6"

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| HUNT & HENRIQUES, Attorneys at Law<br>Michael S. Hunt, #99804    Janalie Henriques, #111589<br>151 Bernal Rd. STE 8,    San Jose, CA 95119-1306<br>TELEPHONE NO.: (408) 362-2270  FAX NO. *(Optional)*: (408) 362-2299<br>E-MAIL ADDRESS *(Optional)*: info@hunthenriques.com<br>ATTORNEY FOR *(Name)*: PLAINTIFF | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. FIRST STREET
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: DOWNTOWN SUPERIOR COURT - CIVIL LIMITED

PLAINTIFF/PETITIONER: CITIBANK (SOUTH DAKOTA) N.A.

DEFENDANT/RESPONDENT: JO A GRAFF

| REQUEST FOR<br>(Application) | [ X ] ENTRY OF DEFAULT [ X     ] CLERK'S JUDGMENT<br>[   ] COURT JUDGMENT | CASE NUMBER:<br>107CV084095 |
|---|---|---|

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date)*: April 17, 2007
   b. by *(name)*: CITIBANK (SOUTH DAKOTA) N.A.
   c. [ X ] Enter default of defendant *(names)*: JO A GRAFF

   d. [   ] I request a court judgment under Code of Civil Procedure sections 585(b),585(c),989, etc., against defendant *(names)*:


   *(Testimony required. Apply to the clerk for a hearing date,unless the court will enter a judgment on an affidavit under Code Civ. Proc. § 585(d).)*
   e. [ X ] Enter clerk's judgment
      (1) [   ] for restitution of the premises only and issue a writ of execution on the judgment.Code of Civil Procedure section 1174(c) does not apply.  (Code Civ. Proc., § 1169.)
        [   ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ X ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [   ] for default previously entered on *(date)*:

2. Judgment to be entered.

| | Amount | Credits Acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint . . . . . . . . . . . . | $6,031.79 | $0.00 | $6,031.79 |
| b. Statement of damages * | | | |
|   (1) Special . . . . . . . . . . . . . . . . . . | $ | $ | $ |
|   (2) General . . . . . . . . . . . . . . . . . | $ | $ | $ |
| c. Interest . . . . . . . . . . . . . . . . . . . . . | $0.00 | $0.00 | $0.00 |
| d. Costs *(see reverse)* . . . . . . . . . . . . | $220.00 | $ | $220.00 |
| e. Attorney fees . . . . . . . . . . . . . . . . . | $0.00 | $ | $0.00 |
| f. TOTALS . . . . . . . . . . . . . . . . . . . . . | $6,251.79 | $0.00 | $6,251.79 |

  g. **Daily damages** were demanded in complaint at the rate of: $        per day beginning *(date)*:
  (* *Personal injury or wrongful death actions; Code Civ. Proc., § 425.11)*

3. [   ] *(Check if filed in an unlawful detainer case)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4)*.
Date: June 22, 2007

Michael S. Hunt
     (TYPE OR PRINT NAME)

▶ /S/Michael S. Hunt
     (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT<br>USE ONLY | (1) [   ] Default entered as requested on *(date)*:<br>(2) [   ] Default NOT entered as requested *(state reason)*:<br>       Clerk, by _____, Deputy |
|---|---|

X0700502                                                                 Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure,
§§ 585-587, 1169
www.courtinfo.ca.gov

100028

| PLAINTIFF/PETITIONER:CITIBANK (SOUTH DAKOTA) N.A. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:JO A GRAFF | 107CV084095 |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.)** A legal document assistant or unlawful detainer assistant [ ] did [ ] did **not**  for compensation give advice or assistance with this form.
*(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state)*:

   a. Assistant's name:                               b. Telephone No.:

   c. Street address, city, and zip code:              d. County of registration:

                                                          e. Registration No.:

                                                          f. Expires on (date):

5. [ X ] **Declaration under code of civil procedure section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a))*
     This action

   a. [ ] is [ X ] is not  on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).

   b. [ ] is [ X ] is not  on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).

   c. [ X ] is [ ] is not  on an obligation for goods, services, loans, or extensions of credit subject to Code Civ.Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587)** A copy of this *Request for Entry of Default* was

   a. [ ] **not** mailed to the following defendants whose addresses are **unknown** to plaintiff or plaintiff's attorney *(names)*:

   b. [ X ] mailed first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

      (1) Mailed on *(date)*:              (2) To *(specify names and addresses shown on the envelopes)*:

    June 22, 2007        JO A GRAFF
                            210 El Carmelo Ave
                            Palo Alto, CA 94306-2377

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4,5 and 6 are true and correct.
Date: June 22, 2007

| Michael S. Hunt | ► **/S/Michael S. Hunt** |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

7. **Memorandum of costs** *(required if judgment requested)* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

   a. Clerk's filing fees . . . . . . . . . . . . . . . . . .  $ 180.00

   b. Process server's fees . . . . . . . . . . . . . . .  $ 40.00

   c. Other *(specify)*:_____ . .  $

   d. NOT FOUND OR NO SERVICE RETURN  $

   e. TOTAL . . . . . . . . . . . . . . . . . . . . . . . .  $ 220.00

   f. [ ] Costs and disbursements are waived.

   g. I am the attorney, agent, or party who claims these costs.To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: June 22, 2007

| Michael S. Hunt | ► **/S/Michael S. Hunt** |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

8. [ X ] **Declaration of nonmilitary status** *(required for a judgment)* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: June 22, 2007

| Michael S. Hunt | ► **/S/Michael S. Hunt** |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

**100029**

HUNT & HENRIQUES
Attorneys at Law
151 Bernal Rd. Ste#8
San Jose, CA 95119

PERSONAL AND CONFIDENTIAL

94306+2377

U.S. POSTAGE
$00.41

SAN JOSE, CA 95119
JUN 22 2007 00410 041558
FP0593588 JMC01 028285596

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

100030

# HUNT & HENRIQUES
### ATTORNEYS AT LAW

MICHAEL S. HUNT
JANALIE HENRIQUES

151 BERNAL ROAD, SUITE 8
SAN JOSE, CALIFORNIA 95119-1306

AREA CODE 408
TELEPHONE 362-2270
FACSIMILE 362-2299

July 13, 2007

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

Re:    CITIBANK (SOUTH DAKOTA) N.A. v.
       JO A GRAFF
       Case # 107CV084095
       Date of Judgment: July 9, 2007
       Amount of Judgment: $6,251.79

Dear JO A GRAFF,

The court has entered judgment against you and in favor of our client in the amount of $6,251.79. The judgment will remain valid for 10 years from the date it was entered and it can be renewed for an additional period of time. Judgments accrue interest at the rate of 10% per annum. The judgment is a public record and may be reported to the credit reporting companies and may be included on your credit report until the judgment expires.

We are in the process of recording an abstract of judgment which may create a lien on transactions involving real property such as your purchase, refinance or sale of real property. The abstract also remains valid for 10 years.

Now that judgment has been entered, our client has instructed us to attempt to collect the judgment. Wage garnishments and bank levies are legal remedies that we may attempt to use to collect the balance due under the judgment. If we use these remedies, additional costs will be incurred. We may request that the court add the costs to your judgment.

Our client is still willing to settle the debt. Please call us or email us to find out about settlement options. You can telephone us toll free at: 1 (800) 496-5048. Our email address is: Settlements@HuntHenriques.com. We look forward to hearing from you.

This firm is a debt collector and any information obtained may be used for the purpose of collecting the debt.

Very truly yours,

Michael S. Hunt
Janalie Henriques
HUNT & HENRIQUES
Attorneys at Law
X0700502

100031

HUNT & HENRIQUES
ATTORNEYS AT LAW
151 Bernal Road, Suite 8
San Jose, California 95119-1306

ADDRESS SERVICE REQUESTED

JO A GRAFF
210 El Carmelo Ave
Palo Alto, CA 94306-2377

94306322377 C053

U.S. POSTAGE
$00.41

SAN JOSE, CA 95119
JUL 13 2007 00410 0427221
FP0593588 JMC01 02F655606

100032

# Exhibit "7"

RECORDING REQUESTED BY AND MAIL TO:
(Name and mailing address, including city, state, and ZIP code, of requesting party)

**HUNT & HENRIQUES**
ATTORNEYS AT LAW
151 BERNAL ROAD, SUITE 8
SAN JOSE, CALIFORNIA 95119-1306

DOCUMENT: 19536999

Pages: 3

Fees ..        17.00
Taxes.
Copies.
AMT PAID        17.00

REGINA ALCOMENDRAS
SANTA CLARA COUNTY RECORDER
Recorded at the request of
Attorney

RDE # 011
8/03/2007
10:53 AM

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# DOCUMENT TITLE

☒ ABSTRACT OF JUDGMENT
☐ ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT
☐ OTHER *(specify):* _____

76R855 CI-229 (New ' 96)          RECORDER'S COVER SHEET          Govt. Code §2736' :

**100033**

**EJ-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, State Bar number, and telephone number)*:

Recording requested by and return to:     (408)362-2270
Michael S. Hunt, ESQ.        #99804
Janalie Henriques, ESQ.      #111589
151 Bernal Rd. Ste#8
San Jose, CA 95119

[ X ] ATTORNEY [ X ] JUDGMENT [   ] ASSIGNEE OF
        FOR         CREDITOR          RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
  STREET ADDRESS: 191 N. FIRST STREET
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Jose, CA 95113
  BRANCH NAME: DOWNTOWN SUPERIOR COURT - CIVIL LIMITED

PLAINTIFF: CITIBANK (SOUTH DAKOTA) N.A.

DEFENDANT: JO A GRAFF

| ABSTRACT OF JUDGMENT-CIVIL  [  ] Amended |
| AND SMALL CLAIMS |

FOR RECORDER'S USE ONLY

X0700502    5466160018089621

CASE NUMBER:
107CV084095

FOR COURT USE ONLY

1. The [ X ] judgment creditor [   ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's

   [          Name and last known address          ]

     JO A GRAFF
     210 El Carmelo Ave
     Palo Alto, CA 94306-2377

   [                                                ]

   b. Driver's license No. and state:                [X ] Unknown
   c. Social Security No.: 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               [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served
      or mailed to *(name and address)*:
      JO A GRAFF
      210 El Carmelo Ave, Palo Alto, CA 94306-2377,
2. [   ] Information on additional judgment        4. [   ] Information on additional judgment
        debtors is shown on page 2.                        creditors is shown on page 2.
3. Judgment creditor *(name and address)*:          5. [   ] Original abstract recorded in this county:
   CITIBANK (SOUTH DAKOTA) N.A.                          (1) Date:
   C/O H&H, 151 Bernal Rd #8, San Jose, CA 95119        (2) Instrument No.:
Date: July 13, 2007

MICHAEL S. HUNT/JANALIE HENRIQUES              ▶ [signature]
            (TYPE OR PRINT NAME)                      (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:   10. [   ] An [   ] execution [   ] attachment lien
   $6,251.79                                                  is endorsed on the judgment as follows:
7. All judgment creditors and debtors are listed on this abstract.     a. Amount: $
8. a. Judgment entered on *(date)*: July 9, 2007                       b. In favor of *(name and address)*:
   b. Renewal entered on *(date)*:
9. [   ] This judgment is an installment judgment.         11. A stay of enforcement has
                                                              a. [ X ] not been ordered by the court.
[SEAL]    Kiri Torre                                          b. [   ] been ordered by the court effective until
          Chief Executive Officer/Clerk                    12. a. [ X ] I certify that this is a true and correct abstract of
                                                                  the judgment entered in this action.
          This abstract issued on *(date)*:                   b. [   ] A certified copy of the judgment is attached.

            JUL 19 2007                          Clerk, by _P.McLaughlin_____, Deputy

Form Adopted for Mandatory Use              ABSTRACT OF JUDGMENT-CIVIL          Page 1 of 2
Judicial Council of California                  AND SMALL CLAIMS              Code of Civil Procedure, §§ 488.480,
EJ-001 [Rev. January 1, 2006]                                                       674, 700.190

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address:)*    14. Judgment creditor *(name and address:)*

15. [  ] Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.              Name and last known address            17.              Name and last known address
[                                           ]            [                                           ]

[                                           ]            [                                           ]

Driver's license No. & state:        [   ] Unknown    Driver's license No. & state:        [   ] Unknown
Social Security No.:                  [   ] Unknown    Social Security No.:                  [   ] Unknown
Summons was personally served at or mailed to *(address)*:    Summons was personally served at or mailed to *(address)*:

18.              Name and last known address            19.              Name and last known address
[                                           ]            [                                           ]

[                                           ]            [                                           ]

Driver's license No. & state:        [   ] Unknown    Driver's license No. & state:        [   ] Unknown
Social Security No.:                  [   ] Unknown    Social Security No.:                  [   ] Unknown
Summons was personally served at or mailed to *(address)*:    Summons was personally served at or mailed to *(address)*:

20.              Name and last known address            21.              Name and last known address
[                                           ]            [                                           ]

[                                           ]            [                                           ]

Driver's license No. & state:        [   ] Unknown    Driver's license No. & state:        [   ] Unknown
Social Security No.:                  [   ] Unknown    Social Security No.:                  [   ] Unknown
Summons was personally served at or mailed to *(address)*:    Summons was personally served at or mailed to *(address)*:

22. [   ] Continued on attachment 22.

**ABSTRACT OF JUDGMENT–CIVIL
AND SMALL CLAIMS**

100035

**Office of the County Recorder**
County Government Center, East Wing
70 West Hedding Street
San Jose, California 95110

## County of Santa Clara

## California

### NOTICE OF INVOLUNTARY LIEN

Pursuant to Government Code Section 27297.5 you are hereby notified that a document (copy enclosed), which **may be a lien** against your real property, has been recorded in the Office of the County Recorder of Santa Clara County, California.

If you wish to obtain further information about this matter it will be necessary that you contact the person(s) or organization identified in the document as the "plaintiff" or other claimant of the lien. You may also wish to consult your attorney.

### DO NOT CALL THE COUNTY RECORDER'S OFFICE

The Recorder has no information on this matter other than that which is transmitted herewith and cannot release this lien. Only the plaintiff or claimant can take this lien off your property by executing and recording a "satisfaction of judgment" or other "release of lien".

3972 REV 10/84                    An Equal Opportunity Employer

100036



U.S. POSTAGE
00.41
SAN JOSE
CA
H METER 715408

SAN JOSE
AUG05'07
CA

Joe A Shutt
210 El Camelo Avenue
Palo-alto, CA 94306-2399

**County of Santa Clara**

County Recorder
County Government Center, East Wing
70 West Hedding Street
San Jose, California 95110

9430632377 C053

**100037**

# Exhibit "8"

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | | TELEPHONE NO.: | FOR RECORDER'S USE ONLY |
|---|---|---|---|
| [ X ] Recording requested by and return to:<br>HUNT & HENRIQUES, Attorneys at Law<br>Michael S. Hunt, Esq.    #99804<br>Janalie Henriques, Esq.   #111589<br>151 Bernal Road, Suite 8<br>San Jose, CA 95119 | | (408) 362-2270 | |
| ATTORNEY FOR *(Name):* PLAINTIFF | | | |

NAME OF COURT: SUPERIOR COURT, COUNTY OF SANTA CLARA

STREET ADDRESS: 191 N. FIRST STREET

MAILING ADDRESS:

CITY AND ZIP CODE: San Jose, CA 95113

BRANCH NAME: DOWNTOWN SUPERIOR COURT - CIVIL LIMITED

PLAINTIFF:  CITIBANK (SOUTH DAKOTA) N.A.

DEFENDANT:  JO A GRAFF

5466160018089621 X0700502

**NOTICE OF LEVY**
under Writ of   [ X ] Execution (Money Judgement)   [  ] Sale

LEVYING OFFICER *(Name and Address):*
SANTA CLARA COUNTY SHERIFF
55 W. Younger Street
San Jose, Ca 95110

TO THE PERSON NOTIFIED *(name):*      JO A GRAFF

LEVYING OFFICER FILE NO.: 08- 164519

COURT CASE NO.: 107CV084095

1. The judgment creditor seeks to levy upon property in which the judgment debtor has an interest and apply it to the satisfaction of a judgment as follows:

    a. judgment debtor *(name):*   JO A GRAFF (SS# ████-5931)
    b. the property to be levied upon is described
        [    ] in the accompanying writ of possession or writ of sale.
        [ X ] as follows:

    ANY AND ALL ACCOUNTS AND SAFETY DEPOSIT BOX(ES) AT WELLS FARGO BANK, 505 CALIFORNIA
    AVE, PALO ALTO, CA 94304, IN WHICH THE JUDGMENT DEBTOR(S) HAS AN INTEREST
    INCLUDING, BUT NOT LIMITED TO ACCOUNT #0038215398.

2. The amount necessary to satisfy the judgment creditor's judgment is *(specify total amount due under the writ less partial*

    *satisfactions plus daily interest from the date of the writ until the date of levy):*
    $6266.79 + $30.00 (Shrf Fee) + $10.00 (Asmnt Fee) + $1.71 (Daily Int.)

3. You are notified as
    a. [ X ] a judgment debtor.
    b. [   ] a person other than the judgment debtor *(state capacity in which person is notified):*
        THIRD PARTY IN POSSESSION OF JUDGMENT DEBTOR'S PROPERTY.
        *(Read Information for Judgment Debtor or Information for Person Other Than Judgment Debtor on reverse.)*

Notice of Levy was
[ X ] mailed on *(date):* 2/5/08
[   ] delivered on *(date):*
[   ] posted on *(date):*
[   ] filed on *(date):*
[   ] recorded on *(date):*

Signed by:

M. SANTOS
ALAMEDA COUNTY
#537

[   ] Levying officer    [ X ] Registered process server

*(Continued on reverse)*

Form Approved by the
Judicial Council of California
EJ-150 [Rev. January 1, 1985]

**NOTICE OF LEVY**
(Enforcement of Judgment)

100038

CCP 699.540

| SHORT TITLE: CITIBANK (SOUTH DAKOTA) N.A. V. JO A GRAFF | LEVYING OFFICER FILE NO.: | COURT CASE NO.: 107CV084095 |
|---|---|---|

## - INFORMATION FOR JUDGMENT DEBTOR -

1. The levying officer is required to take custody of the property described in item 1 in your possession or under your control.

2. You may claim any available exemption for your property. A list of exemptions is attached. **If you wish to claim an exemption for personal property, you must do so within 10 days after this notice was delivered to you or 15 days after this notice was mailed to you by filing a claim of exemption and one copy with the levying officer as provided in section 703.520 of the Code of Civil Procedure. If you do not claim an exemption, you may lose it and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a claim of exemption can be filed on time.**

3. You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying writ of sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.

4. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.

5. If your property is levied upon under a writ of execution or to satisfy damages and costs under a writ of possession or sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of sale will be given to you. Notice of sale of real property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.

6. All sales at an execution sale are final; there is no right of redemption.

## - INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR -

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien which lasts two years from the date of issuance of the writ of execution. You must execute and deliver any documents needed to transfer the property.

2. You must complete the accompanying Memorandum of Garnishee.

3. If you claim ownership or the right to possession of real or personal property levied upon or if you claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property pursuant to sections 720.010-720.800 of the Code of Civil Procedure.

4. **Make checks payable to the levying officer.**

100039

# EXEMPTIONS FROM THE ENFORCEMENT OF JUDGMENTS

**EJ-155**

The following is a list of assets that may be exempt from levy on a judgment.

Exemptions are found in the United States Code (USC) and in the California codes, primarily the Code of Civil Procedure (CCP).

Because of periodic changes in the law, the list may not include all exemptions that apply in your case. The exemptions may not apply in full or under all circumstances. Some are not available after a certain period of time. You or your attorney should read the statutes.

If you believe the assets that are being levied on are exempt, file a claim of exemption form, which you can get from the levying officer.

---

**AMOUNT OF EXEMPTIONS.** A list of the amounts of exemptions from a judgment under CCP § 703.150 starting on April 1, 2004, is available from the clerk of the court and on the California Courts Web site at *www.courtinfo.ca.gov.* Except as otherwise provided, the dollar amounts of the exemptions will be adjusted thereafter at three-year intervals on April 1, and the adjusted amounts will become effective immediately on that date.

---

| Type of Property | Code and Section | Type of Property | Code and Section |
|---|---|---|---|
| Accounts (See Deposit Accounts) | | Benefit Payments (cont.) | |
| Appliances | CCP § 704.020 | Relocation Benefits | CCP § 704.180 |
| Art and Heirlooms | CCP § 704.040 | Retirement Benefits | |
| Automobiles | CCP § 704.010 | and Contributions: | |
| BART District Benefits | CCP § 704.110 | Private | CCP § 704.115 |
| | Pub Util C § 28896 | Public | CCP § 704.110 |
| Benefit Payments: | | Segregated Benefit Funds | Ins C § 10498.5 |
| BART District Benefits | CCP § 704.110 | Social Security Benefits | 42 USC § 407 |
| | Pub Util C § 28896 | Strike Benefits | CCP § 704.120 |
| Charity | CCP § 704.170 | Transit District Retirement | |
| Civil Service Retirement | | Benefits (Alameda and | |
| Benefits (Federal) | 5 USC § 8346 | Contra Costa Counties) | CCP § 704.110 |
| County Employees | | | Pub Util C § 25337 |
| Retirement Benefits | CCP § 704.110 | Unemployment Benefits | |
| | Govt C § 31452 | and Contributions | CCP § 704.120 |
| Disability Insurance Benefits | CCP § 704.130 | Veterans Benefits | 38 USC § 3101 |
| Fire Service Retirement | | Veterans Medal of Honor | |
| Benefits | CCP § 704.110 | Benefits | 38 USC § 562 |
| | Govt C § 32210 | Welfare Payments | CCP § 704.170 |
| Fraternal Organization | | | Welf & I C § 17409 |
| Funds Benefits | CCP § 704.130 | Workers Compensation | CCP § 704.160 |
| Health Insurance Benefits | CCP § 704.130 | Boats | CCP § 704.060 |
| Irrigation System | | | CCP § 704.710 |
| Retirement Benefits | CCP § 704.110 | Books | CCP § 704.060 |
| Judges Survivors Benefits | | Building Materials (Residential) | CCP § 704.030 |
| (Federal) | 28 USC § 376(n) | Business | |
| Legislators Retirement | | Licenses | CCP § 695.060 |
| Benefits | CCP § 704.110 | | CCP § 699.720(a)(1) |
| | Govt C § 9359.3 | Tools of Trade | CCP § 704.060 |
| Life Insurance Benefits | | Cars and Trucks (including | |
| Group | CCP § 704.100 | proceeds) | CCP § 704.010 |
| Individual | CCP § 704.100 | Cash | CCP § 704.070 |
| Lighthouse Keepers | | Cemeteries: | |
| Widows Benefits | 33 USC § 775 | Land Proceeds | Health & SC § 7925 |
| Longshore & Harbor Workers | | Plots | CCP § 704.200 |
| Compensation or Benefits | 33 USC § 916 | Charity | CCP § 704.170 |
| Military Benefits | | Claims, Actions and Awards | |
| Retirement | 10 USC § 1440 | Personal Injury | CCP § 704.140 |
| Survivors | 10 USC § 1450 | Worker's Compensation | CCP § 704.160 |
| Municipal Utility District | | Wrongful Death | CCP § 704.150 |
| Retirement Benefits | CCP § 704.110 | Clothing | CCP § 704.020 |
| | Pub Util C § 12337 | Condemnation Proceeds | CCP § 704.720(b) |
| Peace Officers Retirement | | County Employees Retirement | |
| Benefits | CCP § 704.110 | Benefits | CCP § 704.110 |
| | Govt C § 31913 | | Govt C § 31452 |
| Pension Plans | | Damages (See Personal Injury | |
| (and Death Benefits) | | and Wrongful Death) | |
| Private | CCP § 704.115 | Deposit Accounts | |
| Public | CCP § 704.110 | Escrow or Trust Funds | Fin C § 17410 |
| Public Assistance | CCP § 704.170 | Social Security Direct | |
| | Welf & I C § 17409 | Deposits | CCP § 704.080 |

---

Form Approved for Optional Use
Judicial Council of California
EJ-155 (Revised January 1, 2005)

**EXEMPTIONS FROM THE ENFORCEMENT OF JUDGMENTS**

Page 1 of 2

Code of Civil Procedure,
§§ 481.030(d), 703.810
www.courtinfo.ca.gov

www.accesslaw.com

**100040**

## EXEMPTIONS FROM THE ENFORCEMENT OF JUDGMENTS

(Continued)

| Type of Property | Code and Section |
|---|---|
| Direct Deposit Account: | |
| Social Security | CCP § 704.080 |
| | CCP § 704.130 |
| Disability Insurance Benefits | CCP § 704.740 |
| Dwelling House | CCP § 704.070 |
| Earnings | CCP § 706.050 |
| | 15 USC § 1673(a) |
| Educational Grant | Ed C § 21116 |
| Employment Bonds | Lab C § 404 |
| Financial Assistance: | |
| Charity | CCP § 704.170 |
| Public Assistance | CCP § 704.170 |
| | Welf & I C § 17409 |
| Student Aid | CCP § 704.190 |
| Welfare (See Public Assistance) | |
| Fire Service Retirement | CCP § 704.110 |
| | Govt C § 32210 |
| Fraternal Organizations | CCP § 704.130 |
| Funds and Benefits | CCP § 704.170 |
| Fuel for Residence | CCP § 704.020 |
| Furniture | CCP § 704.020 |
| General Assignment for | |
| Benefit of Creditors | CCP § 1801 |
| Health Aids | CCP § 704.050 |
| Health Insurance Benefits | CCP § 704.130 |
| Home: | |
| Building Materials | CCP § 704.030 |
| Dwelling House | CCP § 704.740 |
| Homestead | CCP § 704.720 |
| | CCP § 704.730 |
| Housetrailer | CCP § 704.710 |
| Mobilehome | CCP § 704.710 |
| Homestead | CCP § 704.720 |
| | CCP § 704.730 |
| Household Furnishings | CCP § 704.020 |
| Insurance: | |
| Disability Insurance | CCP § 704.130 |
| Fraternal Benefit Society | CCP § 704.110 |
| Group Life | CCP § 704.100 |
| Health Insurance Benefits | CCP § 704.130 |
| Individual | CCP § 704.100 |
| Insurance Proceeds— | |
| Motor Vehicle | CCP § 704.010 |
| Irrigation System | CCP § 704.040 |
| Retirement Benefits | CCP § 704.110 |
| Jewelry | |
| Judges Survivors Benefits | |
| (Federal) | 28 USC § 376(n) |
| Legislators Retirement | |
| Benefits | CCP § 704.110 |
| | Govt C § 9359.3 |
| | CCP § 695.060 |
| Licenses | CCP § 720(a)(1) |
| Lighthouse Keepers Widows | |
| Benefits | 33 USC § 775 |
| Longshore and Harbor Workers | |
| Compensation or Benefits | 33 USC § 916 |
| Military Benefits | |
| Retirement | 10 USC § 1440 |
| Survivors | 10 USC § 1450 |
| Military Personnel—Property | 50 USC § 523(b) |
| Motor Vehicle (Including | |
| Proceeds) | CCP § 704.010 |
| | CCP § 704.060 |

| Type of Property | Code and Section |
|---|---|
| Municipal Utility District | |
| Retirement Benefits | CCP § 704.110 |
| | Pub Util C § 12337 |
| Peace Officers Retirement | |
| Benefits | CCP § 704.110 |
| | Govt C § 31913 |
| Pension Plans: | |
| Private | CCP § 704.115 |
| Public | CCP § 704.110 |
| Personal Effects | CCP § 704.020 |
| Personal Injury Actions | |
| or Damages | CCP § 704.140 |
| Prisoner's Funds | CCP § 704.090 |
| Property Not Subject to | |
| Enforcement of Money | |
| Judgments | CCP § 704.210 |
| Prosthetic and Orthopedic | |
| Devices | CCP § 704.050 |
| Provisions (for Residence) | CCP § 704.020 |
| Public Assistance | CCP § 704.170 |
| | Welf & I C § 17409 |
| Public Employees: | |
| Death Benefits | CCP § 704.110 |
| Pension | CCP § 704.110 |
| Retirement Benefits | CCP § 704.110 |
| Vacation Credits | CCP § 704.113 |
| Railroad Retirement Benefits | 45 USC § 228l |
| Railroad Unemployment | |
| Insurance | 45 USC § 352(e) |
| Relocation Benefits | CCP § 704.180 |
| Retirement Benefits and | |
| Contributions: | |
| Private | CCP § 704.115 |
| Public | CCP § 704.110 |
| | Ins C § 10498.5 |
| Segregated Benefit Funds | Ins C § 10498.6 |
| Servicemembers Property | 50 USC § 523(b) |
| Social Security | 42 USC § 407 |
| Social Security Direct Deposit | |
| Account | CCP § 704.080 |
| Strike Benefits | CCP § 704.120 |
| Student Aid | CCP § 704.190 |
| Tools of Trade | CCP § 704.060 |
| Transit District Retirement | |
| Benefits (Alameda and Contra | |
| Costa Counties) | CCP § 704.110 |
| | Pub Util C § 25337 |
| Travelers Check Sales Proceeds | Fin C § 1875 |
| Unemployment Benefits and | |
| Contributions | CCP § 704.120 |
| | CCP § 704.060 |
| Uniforms | |
| Vacation Credits (Public | |
| Employees) | CCP § 704.113 |
| Veterans Benefits | 38 USC § 3101 |
| Veterans Medal of Honor | |
| Benefits | 38 USC § 562 |
| Wages | CCP § 704.070 |
| | CCP § 706.050 |
| | CCP § 706.051 |
| Welfare Payments | CCP § 704.170 |
| | Welf & I C § 17409 |
| Workers Compensation | |
| Claims or Awards | CCP § 704.160 |
| Wrongful Death Actions or | |
| Damages | CCP § 704.150 |

EJ-155 [Revised January 1, 2005]

EXEMPTIONS FROM THE ENFORCEMENT OF JUDGMENTS

100041

## CURRENT DOLLAR AMOUNTS OF EXEMPTIONS FROM ENFORCEMENT OF JUDGMENT
### Code of Civil Procedure sections 703.140(b) and 704.010, et seq.

### STATE LAW EXEMPTIONS

The following list of the current dollar amounts of exemptions from enforcement of judgment under title 9, division 2, chapter 4, article 3 (commencing with section 704.010) of the Code of Civil Procedure is required by Code of Civil Procedure section 703.150(d).

These amounts are effective on April 1, 2004. They will be adjusted at each three-year interval ending on April 1 thereafter. The amount of the adjustment will be based on the change in the annual California Consumer Price Index for All Urban Consumers for the most recent three-year period ending on December 31 preceding.

| Code Civ. Proc. section | Type of Property | Amount of Exemption |
|---|---|---|
| 704.010 | Motor vehicle (any combination of aggregate equity, proceeds of execution sale, and proceeds of insurance or other indemnification for loss, damage or destruction) | $ 2,300 |
| 704.030 | Material to be applied to repair or maintenance of residence | $ 2,425 |
| 704.040 | Jewelry, heirlooms, art | $ 6,075 |
| 704.060 | Personal property used in debtor's or debtor's spouse's trade, business, or profession (amount of exemption for commercial motor vehicle not to exceed $4,850) | $ 6,075 |
| 704.060 | Personal property used in debtor's and spouse's common trade, business, or profession (amount of exemption for commercial motor vehicle not to exceed $9,700) | $12,150 |
| 704.080 | Deposit account with direct payment of social security or public benefits (exemption without claim, section 704.080(b))[1] | |
| | · Public benefits, one depositor is designated payee | $ 1,225 |
| | · Social security benefits, one depositor is designated payee | $ 2,425 |
| | · Public benefits, two or more depositors are designated payees[2] | $ 1,825 |
| | · Social security benefits, two or more depositors are designated payees[2] | $ 3,650 |
| 704.090 | Inmate trust account | $ 1,225 |
| | Inmate trust account (restitution fine or order) | $ 300[3] |
| 704.100 | Aggregate loan value of unmatured life insurance policies | $ 9,700 |

[1] The amount of deposit account that exceeds exemption amounts is also exempt to the extent it consists of payments of public benefits or social security benefits. (CCP, § 704.080(c).)

[2] If only one joint payee is a beneficiary of the payment, the exemption is in the amount available to a single designated payee. (CCP, § 704.080(b)(3) and (4).)

[3] This amount is not subject to adjustments under CCP, § 703.150

Administrative Office of the Courts
[New April 1, 2004]

CURRENT DOLLAR AMOUNTS OF EXEMPTIONS
FROM ENFORCEMENT OF JUDGMENT

Code of Civil Procedure, §§
703.140, 703.150,
704.010, et seq.

Page 1 of 2

100042

**CURRENT DOLLAR AMOUNTS OF EXEMPTIONS FROM ENFORCEMENT OF JUDGMENT**
**Code of Civil Procedure sections 703.140(b) and 704.010, et seq.**

### BANKRUPTCY IN LIEU EXEMPTIONS

The following list of the current dollar amounts of exemptions from enforcement of judgment that may be elected in a case under title 11 of the United States Code (bankruptcy) in lieu of the exemptions available under title 9, division 2, chapter 4 (commencing with section 703.010) of the Code of Civil Procedure, is required by Code of Civil Procedure section 703.150(d).

These amounts are effective on April 1, 2004. They will be adjusted thereafter at three-year intervals ending on April 1. The amount of the adjustment will be based on the change in the annual California Consumer Price Index for All Urban Consumers for the most recent three-year period ending on December 31 preceding.

| Code Civ. Proc., § 703.140(b) | Type of Property | Amount of Exemption |
|---|---|---|
| (1) | The debtor's aggregate interest in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as residence, or in a burial plot for the debtor or a dependent of the debtor | $ 18,675 |
| (2) | The debtor's interest in one motor vehicle | $ 2,975 |
| (3) | The debtor's interest in household furnishings, household goods, wearing apparel, appliances, books, animals, crops or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor (value is of any particular item) | $ 475 |
| (4) | The debtor's aggregate interest in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor | $ 1,225 |
| (5) | The debtor's aggregate interest, plus any unused amount of the exemption provided under paragraph (1), in any property | $ 1,000 |
| (6) | The debtor's aggregate interest in any implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor | $ 1,875 |
| (8) | The debtor's aggregate interest in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent | $ 9,975 |
| (11)(D) | The debtor's right to receive, or property traceable to, a payment on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent | $ 18,675 |

Administrative Office of the Courts
[New April 1, 2004]

CURRENT DOLLAR AMOUNTS OF EXEMPTIONS
FROM ENFORCEMENT OF JUDGMENT

**100043**

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| HUNT & HENRIQUES, Attorneys at Law<br>Michael S. Hunt, #99804    Janalie Henriques, #111589<br>151 Bernal Rd. STE 8<br>San Jose, CA 95119-1306<br>TELEPHONE NO: (408) 362-2270  FAX NO. *(Optional)*: (408) 362-2299<br>E-MAIL ADDRESS*(Optional)*: info@hunthenriques.com<br>ATTORNEY FOR *(Name)*: PLAINTIFF | |

[ X ] ATTORNEY FOR [ X ] JUDGMENT CREDITOR  [  ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, Ca 95113
BRANCH NAME: DOWNTOWN SUPERIOR COURT - CIVIL LIMITED

PLAINTIFF: CITIBANK (SOUTH DAKOTA) N.A.

DEFENDANT: Jo A Graff

| **WRIT OF** | [ X ] **EXECUTION** (Money Judgment)<br>[  ] **POSSESSION OF** [  ] **Personal Property**<br>[  ] **Real Property**<br>[  ] **SALE** | CASE NUMBER:<br>107CV084095 |
|---|---|---|

1. To the Sheriff or Marshal of the County of: SANTA CLARA

   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. *(Name)*: CITIBANK (SOUTH DAKOTA) N.A.
   is the [ X ] judgment creditor [  ] assignee of record   whose address is shown on this form above the court's name.

4. Judgment debtor *(name and last known address)*:

   Jo A Graff
   210 El Carmelo Ave
   Palo Alto, Ca 94306-2377

   [  ] additional judgment debtors next page
5. Judgment entered on *(date)*: 7-9-2007
6. [  ] **Judgment renewed on** *(dates)*:

7. **Notice of sale** under this writ
   a. [ X ] has not been requested.
   b. [  ] has been requested *(see next page).*
8. [  ] Joint debtor information on next page.

9. [  ] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [  ] This writ is issued on a sister-state judgment.
11. Total judgment . . . . . . . . . . . . . . . $     6,251.79
12. Costs after judgment (per filed order or memo CCP 685.090) . . . . . . . . . . . $     0.00
13. Subtotal *(add 11 and 12)* . . . . . . . . $     6,251.79
14. Credits . . . . . . . . . . . . . . . . . . $     0.00
15. Subtotal *(subtract 14 from 13)* . . . . . $     6,251.79
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees) . $     0.00
17. Fee for issuance of writ . . . . . . . . . $     15.00
18. Total *(add 15, 16, and 17)* . . . . . . . $     6,266.79
19. Levying officer:
    (a) Add daily interest from date of writ *(at the legal rate on 15)* (not on GC 6103.5 fees) of . . . . . . . . . . . . $     1.71
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68511.3, CCP 699.520(i)) . . . . . . . . . . . . . . . $     0.00
20. [  ] The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on attachment 20.

[SEAL]

Issued on *(date)*: DEC 2 6 2007

Kiri Torre

Clerk, by _____, Deputy   A. FLORES

**NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.**

Page 1 of 2

Form Approved for Optional Use   X0700502
Judicial Council of California
EJ-130 [Rev. January 1, 2006]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010,
Government Code, § 6103.5

**100044**

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

- Items continued from page 1-

21. [ ] **Additional judgment debtor** *(name and last known address)*:

22. [ ] **Notice of sale** has been requested by *(name and address)*:

23. [ ] **Joint debtor** was declared bound by the judgment (CCP 989-994)
    a. on *(date)*:                                        a. on *(date)*:
    b. name and address of joint debtor:              b. name and address of joint debtor:

    c. [ ] additional costs against certain joint debtors *(itemize)*:

24. [ ] *(Writ of Possession or Writ of Sale)* **Judgment** was entered for the following:
    a. [ ] Possession of real property: The complaint was filed on *(date)*:
      *(Check (1) or (2))*:
          (1) [ ] The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
                 The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
          (2) [ ] The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
            (a) $                 was the daily rental value on the date the complaint was filed.
            (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following
                dates *(specify)*:
    b. [ ] Possession of personal property
        [ ] If delivery cannot be had, then for the value *(itemize in 9e)* specified in the judgment or supplemental order.
    c. [ ] Sale of personal property
    d. [ ] Sale of real property
    e. Description of property:

---

**- NOTICE TO PERSON SERVED -**

**WRIT OF EXECUTION OR SALE.** Your rights and duties are indicated on the accompanying *Notice of Levy* (Form EJ-150).
**WRIT OF POSSESSION OF PERSONAL PROPERTY.** If the levying officer is not able to take custody of the property, the levying officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.
**WRIT OF POSSESSION OF REAL PROPERTY.** If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, Personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.
▸ *A Claim of Right to Possession form accompanies this writ (unless the Summons was served in compliance with CCP 415.46).*

---

**100045**

Pacific
P.O. Box 5549
San Jose, CA 95150

OAKLAND CA 946
06 FEB 2008 PM 8 L



USA FIRST CLASS FOREVER

94306+2377

JO A GRAFF
210 El Carmelo Ave
Palo Alto CA 94306-2377

100046