**E-Filed 8/25/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JO ANNE GRAFF,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HUNT & HENRIQUES, a general partnership, MICHAEL SCOTT HUNT, individually and in his official capacity, and JANALIE ANN HENRIQUES, individually and in her official capacity<br><br>　　　　　Defendants. | Case Number C 08-908 JF (PVT)<br><br>ORDER[1] DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>[re: docket no. 11] |

　　　　Plaintiff Jo Anne Graff ("Graff") moves for partial summary judgment against Defendants Hunt & Henriques ("H & H"), Michael Scott Hunt, and Janalie Ann Henriques (collectively, "Defendants") on her claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* For the reasons set forth below, the motion will be denied.

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 08-908 JF (PVT)
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
(JFEX3)

## I. BACKGROUND

At some point, Graff incurred consumer credit card debt to CitiBank, South Dakota (N.A.) ("CitiBank"). Compl. at ¶ 12. After Graff failed to pay the debt, her account was cancelled, and the debt was consigned to H & H for collection. *Id.* at ¶ 13. On February 12, 2007, H & H sent Graff a letter requesting payment and informing her that it intended to sue on the debt. Declaration of Michael Hunt ("Hunt Decl.") Ex. A. One week later, Graff's counsel, Fred Schwinn ("Schwinn"), sent H & H a letter stating that Graff had "retained the services of the Consumer Law Center, Inc. to assist in the matter of debt relief." *Id.* Ex. B. The letter had two stated purposes. First, it informed H & H in bold print that Graff was "REPRESENTED BY AN ATTORNEY," and that accordingly H & H was prohibited by law from contacting Graff directly. *Id.* The letter warned that if H & H did contact Graff directly, Schwinn would sue H & H for FDCPA violations. Second, the letter sought to dissuade H & H from suing Graff for the debt by pointing out that any judgment against Graff would be uncollectible. *Id.*

On March 26, 2007, H & H sent Schwinn a letter asking if he would accept service of process on Graff's behalf in a suit for collection of the debt. The letter read as follows: "Please advise within ten days if you are authorized to accept service of process on behalf of Ms. Gresham [*sic*]. If we have not heard from you within ten days of this letter, litigation will proceed and service will be attempted on your client directly." *Id.* Ex. C. Schwinn never responded to this letter. *Id.* at ¶ 5. As a result, H & H sued Graff on CitiBank's behalf in state court. Graff did not file an answer, and on July 9, 2007, default judgment was entered against her. *Id.* at ¶ 7. Shortly thereafter, on July 13, 2007, H & H mailed a letter directly to Graff informing her that it intended to collect on its judgment ("the July 13 letter"). *Id.* at ¶ 8. Graff filed the instant suit on February 12, 2008, alleging that Defendants violated the FDCPA by sending the July 13 letter, and seeking declaratory and monetary relief.

## II. LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears

1  the initial burden of informing the Court of the basis for the motion and identifying the portions
2  of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that
3  demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.
4  317, 323 (1986).
5      If the moving party meets this initial burden, the burden shifts to the non-moving party to
6  present specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e);
7  *Celotex*, 477 U.S. at 324. A genuine issue for trial exists if the non-moving party presents
8  evidence from which a reasonable jury, viewing the evidence in the light most favorable to that
9  party, could resolve the material issue in his or her favor. *Anderson*, 477 U.S. 242, 248-49;
10 *Barlow v. Ground*, 943 F. 2d 1132, 1134-36 (9th Cir. 1991). Additionally, the non-moving party
11 must point to specific probative evidence to support the allegations in the pleadings, beyond the
12 pleadings themselves, in order to defeat the motion. *Anderson*, 477 U.S. at 249; *Rivera v. Nat'l
13 R.R. Passenger Corp.*, 331 F.3d 1074, 1078 (9th Cir. 2003).

### III. DISCUSSION

15     The FDCPA prohibits creditors from contacting directly debtors whom they know to be
16 represented by counsel. 15 U.S.C. §1692c(a)(2). A creditor may contact a represented debtor
17 directly only if the creditor first contacts the debtor's attorney and (1) the attorney does not
18 respond within a reasonable period of time, or (2) the attorney consents to direct communication
19 with the debtor. *Id.* Plaintiff seeks partial summary judgment that Defendants violated the
20 FDCPA by contacting her directly by sending the July 13 letter.
21     Defendants assert that there are triable issues of material fact that preclude summary
22 judgment. They argue that even though Schwinn's letter of February 19, 2007 stated that Graff
23 was represented by counsel in connection with her debt, Schwinn never responded to H & H's
24 letter of March 26, 2007, and never appeared on Graff's behalf in the state court action on the
25 debt, thus raising a reasonable doubt as to Schwinn's actual status. Schwinn contends that the
26 letter of February 19, 2007 was unambiguous. While the Court tends to agree with Schwinn on
27 this point, it also agrees with Defendants that Graff is not entitled to summary judgment. Even
28 assuming for purposes of this motion that Defendants knew that Graff was represented by

1  counsel, a reasonable trier of fact could conclude that Schwinn failed to respond to H & H's
2  letter of March 26, 2007 within a reasonable period of time.  Graff contends that given the
3  wording of the letter it was unreasonable of Defendants to *expect* a response from Schwinn.
4  Graff asserts that Schwinn's non-response was appropriate given that he was not authorized to
5  accept service with respect to the state court action.  Defendants argue that an equally reasonable
6  interpretation of their letter of March 26, 2007 is that it requested an affirmative response as to
7  whether or not Schwinn represented Graff, and Schwinn's failure to respond either was
8  unreasonable or indicated Schwinn's implicit consent to Defendants' direct communication with
9  Graff.  The Court concludes that a reasonable trier of fact could agree with Defendants.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiff's motion for partial summary judgment is DENIED.

DATED: August 25, 2008

JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

| | |
|---|---|
| Fred W. Schwinn | fred.schwinn@sjconsumerlaw.com |
| Tomio Buck Narita | tnarita@snllp.com |
| Robin Marie Bowen | rbowen@snllp.com |

5

Case No. C 08-908 JF (PVT)
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
(JFEX3)